1  FEDERAL ENERGY REGULATORY COMMISSION
   NORMAN C. BAY
2  Director, Office of Enforcement
   WESLEY J. HEATH
3  Wesley.Heath@ferc.gov
   TODD L. BRECHER
4  Todd.Brecher@ferc.gov
   EMILY C. SCRUGGS
5  Emily.Scruggs@ferc.gov
   M. CRISTINA MELENDEZ
6  Cristina.Melendez@ferc.gov
   Office of Enforcement
7  888 1st Street, N.E.
   Washington, DC 20426
8  Telephone:    (202) 502-8100

9  Attorneys for FEDERAL ENERGY
   REGULATORY COMMISSION
10

11                    IN THE UNITED STATES DISTRICT COURT

12                 FOR THE EASTERN DISTRICT OF CALIFORNIA

13
   FEDERAL ENERGY REGULATORY          )   CASE NO.: 2:13-cv-02093-TLN-DAD
14 COMMISSION,                        )
                                      )   **(1) PETITIONER'S REQUEST FOR**
15              Petitioner,           )       **JUDICIAL NOTICE IN**
                                      )       **SUPPORT OF PETITIONER'S**
16      v.                            )       **OPPOSITION TO**
                                      )       **RESPONDENTS' MOTION: (A)**
17 BARCLAYS BANK PLC; DANIEL BRIN;    )       **TO DISMISS FOR IMPROPER**
   SCOTT CONNELLY; KAREN LEVINE; and  )       **VENUE OR, IN THE**
18 RYAN SMITH,                        )       **ALTERNATIVE, TO TRANSFER**
                                      )       **TO THE SOUTHERN DISTRICT**
19              Respondents.          )       **OF NEW YORK; AND (B) TO**
                                      )       **DISMISS FOR FAILURE TO**
20                                    )       **STATE A CLAIM UPON WHICH**
                                      )       **RELIEF CAN BE GRATNED;**
21                                    )
                                      )   **(2) DECLARATION OF WESLEY J.**
22                                    )       **HEATH IN SUPPORT**
                                      )       **THEREOF; and**
23                                    )
                                      )   **(3) [PROPOSED] ORDER**
24                                    )       **GRANTING REQUEST FOR**
                                      )       **JUDICIAL NOTICE**
25                                    )       **(lodged under separate cover).**
                                      )
26                                    )   Hearing Date:    April 24, 2014
                                      )   Time:            2:00 p.m.
27                                    )   Presiding:       Hon. Troy L. Nunley
                                      )   Courtroom:       2, 15th Floor
28 _____  )

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Evid. 201, Petitioner Federal Energy Regulatory Commission ("FERC" or "Commission") hereby respectfully requests that the Court take judicial notice of Exhibits A through O attached to the Declaration of Wesley J. Heath and submitted in support of Petitioner's Opposition to Respondents' Motion (A) to Dismiss for Improper Venue or, in the Alternative, to Transfer to the Southern District of New York; and (B) to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted ("Petitioner's Opposition").

The Commission respectfully requests that the Court take judicial notice of the following documents pursuant to Fed. R. Evid. 201:

1.      Exhibit A:  A true and correct copy of a screenshot of http://www.ferc.gov/docs-filing/eqr/data/spreadsheet.asp accessed on February 12, 2014.  The Electric Quarterly Reports ("EQR") filed by Barclays Bank PLC ("Barclays") during the 2006-08 timeframe can be accessed on this page of the Commission's website in Microsoft Excel spreadsheet format.  Electricity sales by Barclays are listed in megawatt-hours ("MWh") and are organized by buyer and specific location of point of delivery (including North Path 15 ("NP"), a delivery hub located in this District).  According to these filings, Barclays sold electricity to Pacific Gas & Electric Co. ("PG&E"), Sacramento Municipal Utility District, Turlock Irrigation District, and Modesto Irrigation District among other entities.  These spreadsheets are extremely voluminous, and to avoid burdening the Court, the Commission has not included these spreadsheets in its filing.  If the Court desires the Commission to file these spreadsheets, it will do so.

2.      Exhibit B:  A true and correct copy of Respondent Barclays' Application for Market Based Rate Authority ("MBR") from the Commission. This document was publicly filed and is available on the Commission's public filing system.

3.      Exhibit C:  A true and correct copy of Respondent Barclays' Electric Rate Schedule submitted with its Application for MBR.  This document was publicly filed and is available on the Commission's public filing system.

4.      Exhibit D:  A true and correct copy of the Commission's approval of Respondent Barclays' Application for MBR issued in June 2004.  This document was publicly issued and is available on the Commission's public filing system.

5.      Exhibit E:  A true and correct copy of pages 228-29 of the investigative testimony of Scott Connelly taken on July 20, 2009.  The Commission will be filing a full copy of the transcript for this day of investigative testimony with the Court.

6.      Exhibit F:  A true and correct copy of page 105 of the investigative testimony of Daniel Brin taken on September 21, 2010.  The Commission will be filing a full copy of the transcript for this day of investigative testimony with the Court.

7.      Exhibit G:  A true and correct copy of an attachment to Barclays' Answer to the Order to Show Cause filed with the Commission on December 14, 2012.  The attachment is a redacted version of Barclays' August 29, 2011 Submission to FERC staff in response to FERC Office of Enforcement's June 10, 2011 preliminary findings letter in the investigation.

8.      Exhibit H:  A true and correct copy of the July 1, 2010 Testimony of Commodity Futures Trading Commission ("CFTC") Chairman Gary Gensler Before the Financial Crisis Inquiry Commission.  This document is available on the CFTC's website at http://www.cftc.gov/PressRoom/SpeechesTestimony/opagensler-48.

9.      Exhibit I:  A true and correct copy of a letter from Stephen Obie, Acting Director of the CFTC's Division of Enforcement to Norman Bay, Director of FERC's Office of Enforcement, dated July 16, 2010.

10.      Exhibit J:  A true and correct copy of the Notice of Alleged Violation ("NAV") issued in the investigation by FERC's Office of the Secretary on April 5, 2012.

11.      Exhibit K:  A true and correct copy of Respondents Barclays and Connelly's August 26, 2013 letter notice of termination of the tolling agreements entered into on June 22, 2011.

12.      Exhibit L:  A true and correct copy of Respondent Brin's August 27, 2013 letter notice of termination of the tolling agreement entered into on June 22, 2011.

13.     Exhibit M:  A true and correct copy of Respondent Levine and Smith's August 27, 2013 letter notice of termination of the tolling agreements entered into on June 21, 2011.

14.     Exhibit N:   A true and correct copy of the Report-Recommendation and Order entered by Magistrate Judge Christian F. Hummel of the United States District Court for the Northern District of New York on January 25, 2013 in a subpoena enforcement action against Respondent Smith. *FERC v. Smith*, No. 12-MC-74, ECF. No. 23 (N.D.N.Y. 2012).

15.     Exhibit O:   A true and correct copy of the Commission's withdrawal of the subpoena enforcement action against Respondent Smith, filed on July 23, 2013. *Id.*, ECF No. 37.

DATED:  February 14, 2014               FEDERAL ENERGY REGULATORY
                                        COMMISSION

                                        NORMAN C. BAY
                                        Director, Office of Enforcement

                                        LARRY PARKINSON
                                        Director, Division of Investigations

                                        DAVID APPLEBAUM
                                        Deputy Director, Division of Investigations

                                 By:    */s/  Wesley J. Heath*
                                        _____

                                        WESLEY J. HEATH
                                        TODD L. BRECHER
                                        EMILY C. SCRUGGS
                                        M. CRISTINA MELENDEZ
                                        Office of Enforcement
                                        Federal Energy Regulatory Commission
                                        888 1st Street, N.E.
                                        Washington, DC 20426
                                        Telephone:  202-502-8100
                                        Wesley.Heath@ferc.gov
                                        Todd.Brecher@ferc.gov
                                        Emily.Scruggs@ferc.gov
                                        Cristina.Melendez@ferc.gov

                                        Attorneys for Petitioner

I.      **JUDICIAL NOTICE OF EXHIBITS A THROUGH O IS PROPER**

Fed. R. Evid. 201(b) provides for judicial notice of "a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  "The court may take judicial notice at any stage of the proceeding."  *Id.* at 201(d). The Court should take judicial notice when a proper request is made.  *Id.* at 201(c)(2).

A. **Judicial Notice of Documents Publicly Filed with or Issued by Governmental Institutions is Proper as Matters of Public Record**

The Court should take judicial notice of Exhibits A, B, C, D, G, H, J, N, and O as "matters of public record" either filed with or issued by governmental institutions.  *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Gemtel Corp v. Cmty. Redevelopment Agency of L.A.*, 23 F.3d 1542, 1544 n.1 (9th Cir 1994); *Barapind v. Reno*, 72 F. Supp.2d 1132, 1141 (E.D. Cal. 1999) (on motion to dismiss "[m]atters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies"). Exhibit A is a screenshot of public regulatory filing database in which Barclays made filings with the Commission pursuant to FERC regulations.  The facts contained in those filings are matters of public record.  Exhibits B and C were also regulatory filings made by Barclays with the Commission.  As Barclays filed these documents pursuant to obligations to its regulator, Respondents cannot now reasonably question their accuracy.  Exhibits B and C were submitted by Barclays pursuant to its request for MBR.  Providing false information in connection with an MBR application is a violation of the Commission's regulations.  18 C.F.R § 35.41(b) (2013). Exhibit D is the Commission's approval of Barclays' MBR application, a matter of public record not subject to reasonable dispute.

Exhibit G is an attachment to Barclays' Answer to the Order to Show Cause submitted to the Commission in the administrative proceeding.  The Commission submits this document for judicial notice of the fact that Barclays made the statements contained in the document, not for the truth of Barclays' statements.  The content of many of Barclays' statements constitute

1  advocacy that the Commission rejected as unsupported by the record.  *E.g.*, Order Assessing Civil

2  Penalties ("Assessment Order"), Pet. Ex. 2 at PP 30-32.

3         Exhibit H is the publicly issued testimony of the CFTC Chairman before the Financial

4  Crisis Inquiry Committee.  The fact that the CFTC Chairman made these statements in a matter of

5  public record explaining the CFTC's position is not subject to reasonable dispute.  Exhibit J is the

6  NAV issued by the Office of the Secretary of the Commission in the investigation.  The fact that

7  this document was issued is also not subject to reasonable dispute.    In fact, Respondents also

8  seek judicial notice of this document.[1]

9         Exhibit N is a public Report-Recommendation and Order from Magistrate Judge Hummel

10  of the United States District Court for the Northern District of New York in a subpoena

11  enforcement action against Respondent Smith.  Exhibit O is a public filing by the Commission

12  withdrawing its subpoena enforcement action against Respondent Smith after the issuance of the

13  Assessment Order.  Both documents are matters of public record subject to judicial notice.

14  **B.  The Court Should Take Judicial Notice of Documents Constituting Sources**
**Whose Accuracy Cannot Reasonably be Questioned**

15

16         The Court should take judicial notice of Exhibits E, F, I, K, L, and M as sources from

17  which facts can be readily determined and whose accuracy cannot reasonably be questioned

18  pursuant to Fed. R. Evid. 201.   Exhibits E and F constitute investigative testimony from

19  Respondents Connelly and Brin.  Respondents cannot reasonably dispute the contents of their

20  own statements or that their statements were made.   Moreover, the Court may consider

21  Respondents' investigative testimony in resolving this motion to dismiss not only because the

22  transcripts are part of the administrative record in this case, but also because the Petition, through

23  the adopted and incorporated Assessment Order, specifically referenced Respondents' deposition

24  testimony.  *E.g.*, Assessment Order at PP 63 n.203, 99 n.295, 109 n.322, 136 n.383; Pet. ¶

25  35.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (in resolving a motion to dismiss,

26

27  [1] *See* Defendants' Request for Judicial Notice in Support of Defendants' Motion: (A) To Dismiss
for Improper Venue or in the Alternative to Transfer to the Southern District of New York; and (B) To
Dismiss for Failure to State a Claim upon which Relief Can be Granted ("Respondents' RJN"), ECF No.

28  45, at 4.

court did not err in considering a deposition transcript the authenticity of which "[n]either side questions" and which was "expressly mentioned in the amended complaint"), *overruled on other grounds*, *Galbraith*, 307 F.3d at 1127.

Exhibit I is a letter from the Acting Director of the CFTC to the Director of FERC Enforcement.  The contents of this letter and fact that it was sent are beyond reasonable dispute.  *See Stengel v. Medtronic Inc.*, 676 F.3d 1159, 1167 (9th Cir. 2012) (court may take judicial notice of records whose accuracy cannot reasonably be questioned and deciding to take judicial notice of a fact contained in FDA records), *rev'd on other grounds en banc*, 704 F.3d 1224 (9th Cir. 2013).

Exhibits K, L, and M are letter notices of termination of tolling agreements provided by Respondents.  The date when and fact that these letters were sent are beyond reasonable dispute and hence are judicially noticeable.  *See id.*  The Commission does not request judicial notice of the arguments contained in these letters as they are incorrect for the reasons stated in Petitioners' Opposition.  Respondents have similarly requested judicial notice of the tolling agreements.  *See* Respondents' RJN at 4.

## II.    CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court take judicial notice of Exhibits A through O attached to the declaration of Wesley J. Heath in support of Petitioners' Opposition.

1   DATED:  February 14, 2014                    FEDERAL ENERGY REGULATORY
                                                COMMISSION
2
                                                NORMAN C. BAY
3                                               Director, Office of Enforcement

4                                               LARRY PARKINSON
                                                Director, Division of Investigations
5
                                                DAVID APPLEBAUM
6                                               Deputy Director, Division of Investigations

7                                     By:       /s/  Wesley J. Heath
                                                _____
8                                               WESLEY J. HEATH
                                                TODD L. BRECHER
9                                               EMILY C. SCRUGGS
                                                M. CRISTINA MELENDEZ
10                                              Office of Enforcement
                                                Federal Energy Regulatory Commission
11                                              888 1st Street, N.E.
                                                Washington, DC 20426
12                                              Telephone:  202-502-8100
                                                Wesley.Heath@ferc.gov
13                                              Todd.Brecher@ferc.gov
                                                Emily.Scruggs@ferc.gov
14                                              Cristina.Melendez@ferc.gov

15                                              Attorneys for Petitioner

16

17

18

19

20

21

22

23

24

25

26

27

28

PETITIONER'S REQUEST FOR JUDICIAL NOTICE IN          7
OPPOSITION TO RESPONDENTS' MOTION TO
DISMISS OR TRANSFER

## DECLARATION OF WESLEY J. HEATH

1.      I am an attorney for the Commission and a member in good standing of the bars of the District of Columbia and State of New York.  I have served as lead counsel in the Commission's investigation of Respondents' trading in the western U.S. and am familiar with the files and records in this matter.   I make this declaration in support of Petitioner's Opposition and based upon my personal knowledge of the matters herein and upon review of the files and records in this matter.  If called to testify, I would testify competently to the following facts.

2.      Attached as Exhibit A is a true and correct copy of a screenshot of http://www.ferc.gov/docs-filing/eqr/data/spreadsheet.asp accessed on February 12, 2014.  The EQRs filed by Barclays during the 2006-08 timeframe can be accessed on this page of the Commission's website in Microsoft Excel spreadsheet format.  Electricity sales by Barclays are listed in MWh and are organized by buyer and specific location of point of delivery (including NP).  Based on searches of these filings, it is my understanding that, during this timeframe, Barclays sold electricity to PG&E, Sacramento Municipal Utility District, Turlock Irrigation District, and Modesto Irrigation District among other entities.

3.      Attached as Exhibit B is a true and correct copy of Respondent Barclays' Application for MBR from the Commission. This document was publicly filed and is available on the Commission's public filing system.

4.      Attached as Exhibit C is a true and correct copy of Respondent Barclays' Electric Rate Schedule submitted with its Application for MBR.  This document was publicly filed and is available on the Commission's public filing system.

5.      Attached as Exhibit D is a true and correct copy of the Commission's approval of Respondent Barclays' Application for MBR issued in June 2004.  This document was publicly filed and is available on the Commission's public filing system.

6.      Attached as Exhibit E is a true and correct copy of pages 228-29 of the investigative testimony of Scott Connelly taken on July 20, 2009.

7.      Attached as Exhibit F is a true and correct copy of page 105 of the investigative testimony of Daniel Brin taken on September 21, 2010.

8.      Attached as Exhibit G is a true and correct copy of an attachment to Barclays' Answer to the Order to Show Cause filed with the Commission on December 14, 2012.  The attachment is a redacted version of Barclays' August 29, 2011 Submission to FERC staff in response to FERC Office of Enforcement's June 10, 2011 preliminary findings letter in the investigation.  Redactions were done by Barclays before publicly filing the document with the Commission on December 14, 2012.

9.      Attached as Exhibit H is a true and correct copy of the July 1, 2010 Testimony of CFTC Chairman Gary Gensler Before the Financial Crisis Inquiry Commission.  This document is available on the CFTC's website at http://www.cftc.gov/PressRoom/SpeechesTestimony/opagensler-48.

10.     Attached as Exhibit I is a true and correct copy of a letter from Stephen Obie, Acting Director of the CFTC's Division of Enforcement to Norman Bay, Director of FERC's Office of Enforcement, dated July 16, 2010.

11.     Attached as Exhibit J is a true and correct copy of the NAV issued in this matter by FERC's Office of the Secretary on April 5, 2012.  This is also Exhibit F to Respondents' Request for Judicial Notice.

12.     Attached as Exhibit K is a true and correct copy of Respondents Barclays and Connelly's August 26, 2013 letter notice of termination of the tolling agreements entered into on June 22, 2011.

13.     Attached as Exhibit L is a true and correct copy of Respondent Brin's August 27, 2013 letter notice of termination of the tolling agreement entered into on June 22, 2011.

14.     Attached as Exhibit M is a true and correct copy of Respondent Levine and Smith's August 27, 2013 letter notice of termination of the tolling agreements entered into on June 21, 2011.

15.     Attached as Exhibit N is a true and correct copy of the Report-Recommendation and Order entered by Magistrate Judge Christian F. Hummel of the United States District Court for the Northern District of New York on January 25, 2013 in a subpoena enforcement action against Respondent Smith.  *FERC v. Smith*, No. 12-MC-74, ECF. No. 23 (N.D.N.Y. 2012).

1    16.    Attached as Exhibit O is a true and correct copy of the Commission's withdrawal

2   of the subpoena enforcement action against Respondent Smith, filed on July 23, 2013.  *Id.*, ECF

3   No. 37.

4    I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct.  Executed this 14th day of February, 2013 at Washington, District of

6   Columbia.

7                                                  */s/   Wesley J. Heath*
                                            _____

8                                                  Wesley J. Heath