UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK PLC; DANIEL BRIN; SCOTT CONNELLY; KAREN LEVINE; and RYAN SMITH,<br><br>Defendants. | No.  2:13-cv-2093-TLN-DAD<br><br>**REQUEST FOR ORAL ARGUMENT** |

The matter is before the Court on Barclays Bank PLC's, Daniel Brin's, Scott Connelly's, Karen Levine's, and Ryan Smith's (collectively,"Defendants") Motion to Dismiss, or in the alternative, Motion to Transfer (ECF No. 44) Plaintiff Federal Energy Regulatory Commission's ("FERC") Petition to Affirm Civil Penalties (ECF No. 1).  The Court requests oral argument on the matter.  The Court notes:

**1.** With respect to venue under the Federal Power Act section 317, Defendants assert Barclays did not deliver or receive electricity within the Eastern District of California, because Barclay's physical day-ahead positions had to be liquidated prior to their actual delivery or receipt.  (ECF No. 44 at 13-14.)  Plaintiff characterizes the offense conduct as involving the

physical transfer of electricity.  Plaintiff asserts that Barclays sold electricity during the course of the alleged offense conduct to utilities in the Eastern District of California. Plaintiff asserts that Defendants engaged in acts or transactions constituting the violation at North Path 15, the trading hub located in this District.  Plaintiff argues that the sale of electricity located within this District, regardless of where the traders were located, is an act or transaction making venue proper under the FPA section 317.  (ECF No. 65 at 36-38.)

**2.**  Plaintiff asserts that Barclays applied to FERC in 2004 for authorization to engage in power-marketing, FERC accepted the application in June, 2004, and this authorization encompassed the transactions now at issue in this case.  Plaintiff asserts Barclays' entry into the market pursuant to its FERC-approved rate schedule subjects Defendants to FERC's jurisdiction in this matter.  (ECF No. 65 at 7-8.)

**3.**  The parties dispute the relevance of *Hunter v. FERC*, 711 F.3d 155 (D.C. Cir. 2013). For example, Plaintiff draws attention to the fact that *Hunter* involved a trader's manipulation of contracts traded on NYMEX, an exchange exclusively regulated by the Commodities Futures Trading Commission; here, the allegation is that manipulation took place in a FERC-jurisdictional physical market.  (ECF No. 65 at 13.)

**4.** The parties dispute whether finding FERC lacks jurisdiction to assess penalties for the alleged manipulation would leave a regulatory gap in the wholesale power market.  The Court notes that pursuant to the Dodd-Frank Act Section 720(a), FERC and the CFTC entered into a memorandum of understanding in January, 2014, to resolve conflicts in their overlapping jurisdiction.[1]  The Court will hear argument regarding how the CFTC and FERC approached potential overlaps in jurisdiction, prior to the January, 2014 memorandum of understanding.

The Court may hear argument on other issues raised in the parties' filings.  The hearing date is set for February 12, 2015 at 2:00 PM in Courtroom 2.  If that date is not available for the parties, the parties are invited to confer and propose a different date to the Court.

---

[1] FERC & CFTC Memorandum of Understanding (Jan. 2, 2014), accessed 1/19/2015.
http://www.cftc.gov/ucm/groups/public/@newsroom/documents/file/cftcfercjmou2014.pdf

1  Dated:  January 20, 2015

Troy L. Nunley
United States District Judge