1  MARK E. MCKEEN (SBN 130950)
   markmckeen@paulhastings.com
2  PAUL HASTINGS LLP
   55 Second Street, Twenty-Fourth Floor
3  San Francisco, CA  94105
   Telephone:      (415) 856-7000
4  Facsimile:      (415) 856-7100

5  MICHAEL L. SPAFFORD (Admitted *Pro Hac Vice*)
   michaelspafford@paulhastings.com
6  VICTORIA L.T. EARLS (Admitted *Pro Hac Vice*)
   victoriaearls@paulhastings.com
7  J. BUB WINDLE (Admitted *Pro Hac Vice*)
   bubwindle@paulhastings.com
8  PAUL HASTINGS LLP
   875 15th Street, N.W.
9  Washington, D.C. 20005
   Telephone:      (202) 551-1700
10 Facsimile:      (202) 551-1705

11 *Counsel for Defendant Ryan Smith*

12              UNITED STATES DISTRICT COURT

13          FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15 | FEDERAL ENERGY REGULATORY | CASE NO. 2:13-cv-02093-TLN-DAD |
   | COMMISSION, | |
16 | | **RYAN SMITH'S ANSWER TO** |
   | Plaintiff, | **COMPLAINT** |
17 | | |
   | -v.- | Courtroom:        2 |
18 | | Presiding:        Hon. Troy L. Nunley |
   | BARCLAYS BANK PLC, DANIEL BRIN, | Complaint Filed:  October 9, 2013 |
19 | SCOTT CONNELLY, KAREN LEVINE, and | |
   | RYAN SMITH, | **JURY TRIAL DEMANDED** |
20 | | |
   | Defendants. | |
21

22

23

24

25

26

27

28

1    Ryan Smith, by and through his undersigned counsel, pursuant to Rules 3, 7, 8, 9, and 12

2    of the Federal Rules of Civil Procedure, answers herein the Federal Energy Regulatory

3    Commission's ("FERC's" or "Plaintiff's") Petition For An Order Affirming the Federal Energy

4    Regulatory Commission's Order Assessing Civil Penalties Against Barclays Bank PLC, Daniel

5    Brin, Scott Connelly, Karen Levine, and Ryan Smith (the "Complaint").

6    As to each and every allegation not specifically admitted, Mr. Smith denies each and

7    every allegation, and Mr. Smith denies that FERC is entitled to any relief.  Any specific factual

8    allegation admitted is admitted only as to the specific facts alleged, and not as to any conclusions,

9    characterizations, inferences, implications, or speculations that are contained in the allegation or

10   the Complaint as a whole.  As with any action, Plaintiff's allegations are only allegations and

11   must be proven at trial in accordance with the Federal Rules of Civil Procedure, the Federal Rules

12   of Evidence, and the United States Constitution.  This response is incorporated, to the extent

13   appropriate, into each numbered paragraph of this Answer.

14   To the extent the paragraphs of the Complaint are grouped under headings or are

15   accompanied by introductory or other unnumbered paragraphs, or purport to attach other

16   documents, Mr. Smith responds generally that such headings, unnumbered paragraphs, and

17   attachments do not constitute allegations, and therefore do not require an admission or denial.  To

18   the extent that a response is deemed necessary, Mr. Smith denies each and every allegation

19   contained in each heading, unnumbered paragraph, or attachment in the Complaint.

20   Answering the numbered paragraphs of the Complaint, Mr. Smith states as follows:

21   1.    Mr. Smith denies each and every allegation in Paragraph 1.

22   2.    Mr. Smith denies each and every allegation in Paragraph 2.

23   3.    Mr. Smith denies each and every allegation in Paragraph 3, except Mr. Smith

24   admits that this action, filed pursuant to FPA Section 31(d)(3), 16 U.S.C. § 823b(d)(3), arose

25   from Mr. Smith's election under FPA Section 31(d)(3) to adjudicate Plaintiff's claims in federal

26   district court.  Mr. Smith states further that pursuant to FPA Section 31(d)(3) he is entitled to a

27   trial of the law and facts in accordance with the Federal Rules of Civil Procedure, the Federal

28   Rules of Evidence, and the United States Constitution.  Mr. Smith states that he no longer worked

1    at Barclays after March 2007.

2            4.      Mr. Smith denies each and every allegation in Paragraph 4, and specifically denies

3    any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

4    or effect of the July 16, 2013 Order Assessing Civil Penalties ("OACP"), except Mr. Smith

5    admits that Plaintiff issued the OACP, which Plaintiff attaches to the Complaint and to which Mr.

6    Smith more fully responds at Paragraph 44 below.

7            5.      Mr. Smith denies each and every allegation in Paragraph 5, and specifically denies

8    any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

9    or effect of the OACP, except Mr. Smith admits that, after he elected the procedures set forth in

10   FPA Section 31(d)(3), 16 U.S.C. § 823b(d)(3), and did not pay any civil penalty, Plaintiff filed

11   this action pursuant to FPA Section 31(d)(3) and demanded a jury trial.  The remainder of

12   Paragraph 5 sets forth legal conclusions, not allegations of fact, to which no response is required.

13   To the extent a response is deemed necessary, Mr. Smith denies each and every allegation in

14   Paragraph 5 not expressly admitted.

15           6.      Mr. Smith denies each and every allegation in Paragraph 6, and specifically denies

16   any characterizations, inferences or conclusions Plaintiff seeks to draw regarding the substance or

17   effect of the OACP, except Mr. Smith admits that, after he elected the procedures set forth in FPA

18   Section 31(d)(3), 16 U.S.C. § 823b(d)(3), and did not pay any civil penalty, Plaintiff filed this

19   action pursuant to FPA Section 31(d)(3) and demanded a jury trial.  The remainder of Paragraph 6

20   sets forth legal conclusions, not allegations of fact, to which no response is required.  To the

21   extent a response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 6

22   not expressly admitted.

23           7.      Mr. Smith admits the allegations in Paragraph 7.

24           8.      Mr. Smith denies each and every allegation in Paragraph 8, except Mr. Smith

25   admits that Barclays Bank PLC ("Barclays") is a financial services provider headquartered in

26   London, England, that during some period of time Barclays operated a west power desk in New

27   York, New York (the "West Power desk"), headed by Mr. Scott Connelly for some period of

28   time, and that during some period of time the West Power desk traded a number of products

1  relating to electricity.

2      9.      Mr. Smith denies each and every allegation in Paragraph 9 as he lacks sufficient

3  information or knowledge to form a belief as to the truth of the allegations in Paragraph 9, except

4  Mr. Smith admits that during some period of time Mr. Daniel Brin was employed by Barclays on

5  Barclays' West Power desk and reported to Mr. Connelly.

6      10.     Mr. Smith denies each and every allegation in Paragraph 10 as he lacks sufficient

7  information or knowledge to form a belief as to the truth of the allegations in Paragraph 10,

8  except Mr. Smith admits that during some period of time Mr. Connelly was employed by

9  Barclays on Barclays' West Power desk and was Mr. Smith's supervisor.

10     11.     Mr. Smith denies each and every allegation in Paragraph 11 as he lacks sufficient

11  information or knowledge to form a belief as to the truth of the allegations in Paragraph 11,

12  except Mr. Smith admits that Ms. Levine currently resides in Canada, and that during some

13  period of time she was employed by Barclays on Barclays' West Power desk and reported to Mr.

14  Connelly.

15     12.     Mr. Smith denies each and every allegation in Paragraph 12 as he lacks sufficient

16  information or knowledge to form a belief as to the truth of the allegations in Paragraph 12,

17  except Mr. Smith admits that he currently resides in Schenectady, New York, and that he worked

18  on Barclays' West Power desk from April 2006 to March 2007 and reported to Mr. Connelly

19  during some period of this time.  Mr. Smith states that he no longer worked at Barclays after

20  March 2007.

21     13.     Paragraph 13 sets forth legal conclusions, not allegations of fact, to which no

22  response is required.  To the extent a response is deemed necessary, Mr. Smith denies each and

23  every allegation in Paragraph 13.

24     14.     Paragraph 14 sets forth legal conclusions, not allegations of fact, to which no

25  response is required.  To the extent a response is deemed necessary, Mr. Smith denies each and

26  every allegation in Paragraph 14.

27     15.     Paragraph 15 sets forth legal conclusions, not allegations of fact, to which no

28  response is required.  To the extent a response is deemed necessary, Mr. Smith denies each and

1 | every allegation in Paragraph 15.

2 |       16.    Mr. Smith denies each and every allegation in Paragraph 16.  To the extent that

3 | Plaintiff references the October 31, 2012 Enforcement Staff Report and Recommendation ("Staff

4 | Report"), Mr. Smith states that it is a one-sided advocacy piece that is immaterial to this

5 | independent civil action, contains legal conclusions, is prejudicial, is redundant, and should be

6 | stricken from these pleadings pursuant to Rules 8, 10, and 12(f) of the Federal Rules of Civil

7 | Procedure.  To the extent a response to the Staff Report is deemed necessary, Mr. Smith denies

8 | the Staff Report in its entirety, denies each and every allegation in the Staff Report, and denies

9 | any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

10 | or effect of the Staff Report.  Mr. Smith states further that pursuant to FPA Section 31(d)(3) he is

11 | entitled to a trial of the law and facts in accordance with the Federal Rules of Civil Procedure, the

12 | Federal Rules of Evidence, and the United States Constitution.

13 |       17.    Mr. Smith denies each and every allegation in Paragraph 17, except Mr. Smith

14 | admits that market participants purchased and sold certain electricity products related to reference

15 | points in the Western United States, including among others MIDC, PV, NP-15, and SP-15, and

16 | refers to the specifications of those products for their complete and correct terms.

17 |       18.    Mr. Smith denies each and every allegation in Paragraph 18, except Mr. Smith

18 | admits that market participants purchased and sold certain electricity products related to reference

19 | points in the Western United States, including among others MIDC, PV, NP-15, and SP-15, and

20 | refers to the specifications of those products for their complete and correct terms.

21 |       19.    Mr. Smith denies each and every allegation in Paragraph 19, except Mr. Smith

22 | admits that certain electricity products were labeled "peak" or "off-peak," depending on the time

23 | of day and date of the product, and refers to the specifications of those products for their complete

24 | and correct terms.

25 |       20.    Mr. Smith admits the allegations in Paragraph 20.

26 |       21.    Mr. Smith denies each and every allegation in Paragraph 21, except Mr. Smith

27 | admits that certain electricity products were labeled as "fixed price" or "index," and refers to the

28 | specifications of those products for their complete and correct terms.

RYAN SMITH'S ANSWER TO COMPLAINT

1    22.   Mr. Smith denies each and every allegation in Paragraph 22 as he lacks sufficient

2  information or knowledge to form a belief as to the truth of the allegations in Paragraph 22,

3  except Mr. Smith admits that the Intercontinental Exchange ("ICE") operated an electronic

4  trading exchange, and that ICE published a daily index.  Mr. Smith further admits that, at times,

5  Barclays' West Power desk traded products on ICE.

6    23.   Mr. Smith denies each and every allegation in Paragraph 23 as he lacks sufficient

7  information or knowledge to form a belief as to the truth of the allegations in Paragraph 23,

8  except Mr. Smith admits that ICE published a separate daily index price for peak and off-peak

9  electricity related to numerous reference points.

10    24.   Mr. Smith denies each and every allegation in Paragraph 24, except Mr. Smith

11  admits that ICE operated an electronic trading exchange on which market participants purchased

12  and sold various day-ahead products related to electricity, and refers to the specifications of those

13  products for their complete and correct terms.

14    25.   Mr. Smith denies each and every allegation in Paragraph 25, except Mr. Smith

15  admits that ICE operated an electronic trading exchange on which market participants purchased

16  and sold various day-ahead products related to electricity, and refers to the specifications of those

17  products for their complete and correct terms.

18    26.   Mr. Smith denies each and every allegation in Paragraph 26, except Mr. Smith

19  admits that products relating to electricity were purchased and sold on ICE, and refers to the

20  specifications of those products for their complete and correct terms.

21    27.   Mr. Smith denies each and every allegation in Paragraph 27, except Mr. Smith

22  admits that certain electricity products sometimes were referred to as "fixed price," and refers to

23  the specifications of those products for their complete and correct terms.

24    28.   Mr. Smith denies each and every allegation in Paragraph 28 as he lacks sufficient

25  information or knowledge to form a belief as to the truth of the allegations in Paragraph 28,

26  except Mr. Smith admits that certain traders were sometimes referred to as "cash traders," and

27  other traders, who traded longer-dated positions, were sometimes referred to as "term traders."

28    29.   Mr. Smith denies each and every allegation in Paragraph 29, except Mr. Smith

1    admits that a spread position could be established through a variety of means.

2         30.    Mr. Smith denies each and every allegation in Paragraph 30 as he lacks sufficient

3    information or knowledge to form a belief as to the truth of the allegations in Paragraph 30,

4    except Mr. Smith admits that traders sometimes referred to one leg in a spread as "premium" and

5    often described spreads, which can be constructed in a variety of ways, as "long" or "short."

6         31.    Mr. Smith denies each and every allegation in Paragraph 31 as he lacks sufficient

7    information or knowledge to form a belief as to the truth of the allegations in Paragraph 31.

8         32.    Mr. Smith denies each and every allegation in Paragraph 32 as he lacks sufficient

9    information or knowledge to form a belief as to the truth of the allegations in Paragraph 32.

10        33.    Mr. Smith denies each and every allegation in Paragraph 33 as he lacks sufficient

11   information or knowledge to form a belief as to the truth of the allegations in Paragraph 33.

12        34.    Mr. Smith denies the allegations in Paragraph 34 insofar as they pertain to him,

13   and he lacks sufficient information or knowledge to form a belief as to the truth of the remaining

14   allegations in Paragraph 34 and, on that basis, denies them.

15        35.    Mr. Smith denies each and every allegation in Paragraph 35 as he lacks sufficient

16   information or knowledge to form a belief as to the truth of the allegations in Paragraph 35,

17   except Mr. Smith admits that he was deposed by FERC Enforcement Staff.  Mr. Smith further

18   states that any investigation done prior to the Complaint was one-sided and does not bear on this

19   action.

20        36.    Mr. Smith denies each and every allegation in Paragraph 36, and states that what

21   Plaintiff may have done prior to the Complaint does not bear on what it must prove at trial.

22   Moreover, certain allegations in Paragraph 36 constitute immaterial and redundant legal

23   conclusions to which no response is required and should be stricken from the Complaint pursuant

24   to Rules 8 and 12(f) of the Federal Rules of Civil Procedure.

25        37.    Mr. Smith denies each and every allegation in Paragraph 37, and states that what

26   Plaintiff may have done prior to the Complaint does not bear on what it must prove at trial.

27   Moreover, certain allegations in Paragraph 37 constitute immaterial and redundant legal

28   conclusions to which no response is required and should be stricken from the Complaint pursuant

1    to Rules 8 and 12(f) of the Federal Rules of Civil Procedure.

2         38.    Mr. Smith denies each and every allegation in Paragraph 38, and states that what

3    Plaintiff may have done prior to the Complaint does not bear on what it must prove at trial.

4    Moreover, certain allegations in Paragraph 38 constitute immaterial and redundant legal

5    conclusions to which no response is required and should be stricken from the Complaint pursuant

6    to Rules 8 and 12(f) of the Federal Rules of Civil Procedure.

7         39.    Mr. Smith denies each and every allegation in Paragraph 39, and states that what

8    Plaintiff may have done prior to the Complaint does not bear on what it must prove at trial.

9    Moreover, certain allegations in Paragraph 39 constitute immaterial and redundant legal

10   conclusions to which no response is required and should be stricken from the Complaint pursuant

11   to Rules 8 and 12(f) of the Federal Rules of Civil Procedure.

12        40.    Mr. Smith denies each and every allegation in Paragraph 40.  Mr. Smith states

13   further that what Plaintiff may have done prior to the Complaint does not bear on what it must

14   prove at trial.  To the extent that Plaintiff attempts to adopt and incorporate the Staff Report, in

15   Paragraph 40 or in any other paragraph of the Complaint, Mr. Smith states that the Staff Report is

16   a one-sided advocacy piece that is immaterial to this independent action, contains Enforcement

17   Staff's legal conclusions, is prejudicial, is redundant, and should be stricken from these pleadings

18   pursuant to Rules 8, 10, and 12(f) of the Federal Rules of Civil Procedure.  To the extent a

19   response to the Staff Report is deemed necessary, in Paragraph 40 or in any other paragraph of

20   the Complaint, Mr. Smith denies the Staff Report in its entirety, denies each and every allegation

21   in the Staff Report, and denies any characterizations, inferences, or conclusions Plaintiff seeks to

22   draw regarding the substance or effect of the Staff Report.  Mr. Smith states further that pursuant

23   to FPA Section 31(d)(3) he is entitled to a trial of the law and facts in accordance with the Federal

24   Rules of Civil Procedure, the Federal Rules of Evidence, and the United States Constitution.

25        41.    Mr. Smith denies each and every allegation in Paragraph 41, except Mr. Smith

26   admits that Plaintiff issued the October 31, 2012 Order to Show Cause and Notice of Proposed

27   Penalty, which does not bear on what Plaintiff must prove in this action.

28        42.    Mr. Smith denies each and every allegation in Paragraph 42, except Mr. Smith

admits that, on November 29, 2012, he elected the procedures set forth in, and then satisfied the prerequisites of, FPA Section 31(d)(3), 16 U.S.C. § 823b(d)(3), and Plaintiff conducted no "agency hearing" before it purportedly assessed a penalty as to Mr. Smith.

43.    Mr. Smith denies each and every allegation in Paragraph 43 as he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 43, except he admits the allegations in Paragraph 43 insofar as they pertain to him.

44.    Mr. Smith denies each and every allegation in Paragraph 44, and specifically denies any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or effect of the OACP, except Mr. Smith admits that, after he elected to have Plaintiff's claims adjudicated in federal district court pursuant to FPA Section 31(d)(3), 16 U.S.C. § 823b(d)(3), Plaintiff issued the OACP; the OACP purportedly imposed certain penalties as to Mr. Smith; Mr. Smith did not pay any penalty; and Plaintiff filed its action in this Court pursuant to FPA Section 31(d)(3).   To the extent the OACP purportedly is incorporated by reference in certain paragraphs in the Complaint, Mr. Smith states that the OACP contains legal conclusions and argumentative characterizations that do not require responses and should be stricken from these pleadings pursuant to Rules 8, 10, and 12(f) of the Federal Rules of Civil Procedure.   To the extent a response is deemed to be required, Mr. Smith refers to the responses to the paragraphs below that reference the OACP.   To the extent any portions of the OACP are deemed to require a response and that response is not otherwise provided in this Answer, Mr. Smith denies each and every allegation in connection with the OACP.

45.    Mr. Smith denies each and every allegation in Paragraph 45, and specifically denies that Plaintiff is entitled to any relief sought, except Mr. Smith admits that, after he elected to have Plaintiff's claims adjudicated in federal district court, Plaintiff issued the OACP, which purportedly imposed certain penalties that Mr. Smith did not pay.   Mr. Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

46.    Mr. Smith denies each and every allegation in Paragraph 46 and states that the

1    allegations in Paragraph 46 constitute legal conclusions to which no response is required.  Mr.

2    Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

3    to draw regarding the substance or effect of the OACP, and refers to and incorporates by

4    reference Paragraph 44 of this Answer.

5            47.    Mr. Smith denies each and every allegation in Paragraph 47, except Mr. Smith

6    admits that various Barclays employees comprised the West Power desk and at various times

7    traded various electricity products related to the Western United States and Canada.

8            48.    Mr. Smith denies each and every allegation in Paragraph 48, except Mr. Smith

9    admits that the West Power desk sat among other Barclays traders and employees on Barclays'

10   Commodities Group trading floor.

11           49.    Mr. Smith denies each and every allegation in Paragraph 49, except Mr. Smith

12   admits that Mr. Connelly was a desk head for the West Power desk and that Mr. Smith reported to

13   him and others during his employment in Barclays' New York City offices.

14           50.    Mr. Smith denies each and every allegation in Paragraph 50, except Mr. Smith

15   admits that Mr. Smith, Mr. Brin, and Ms. Levine worked on the West Power desk and reported to

16   Mr. Connelly and others during the time of Mr. Smith's employment in Barclays' New York City

17   offices.

18           51.    Mr. Smith denies each and every allegation in Paragraph 51 as he lacks sufficient

19   information or knowledge to form a belief as to the truth of the allegations in Paragraph 51,

20   except Mr. Smith admits that, prior to his employment at Barclays, he previously worked at

21   Mirant Corporation, with Mr. Connelly, Mr. Brin, and Ms. Levine.

22           52.    Mr. Smith denies any characterization of Mr. Connelly's involvement in recruiting

23   him as "instrumental," but admits that Mr. Connelly had a role in recruiting Mr. Smith to

24   Barclays.  Mr. Smith lacks sufficient information or knowledge to form a belief as to the truth of

25   the remaining allegations in Paragraph 52, and, on that basis, denies them.

26           53.    Mr. Smith denies each and every allegation in Paragraph 53, except Mr. Smith

27   admits that Barclays traded various electricity products related to reference points in the Western

28   United States, including MIDC, NP-15, SP-15, and PV.  Mr. Smith states further that he denies

1 any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance
2 or effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

3     54. Paragraph 54 sets forth legal conclusions, not allegations of fact, to which no
4 response is required and which Plaintiff bears the burden of proving at trial. To the extent a
5 response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 54. Mr.
6 Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks
7 to draw regarding the substance or effect of the OACP, and refers to and incorporates by
8 reference Paragraph 44 of this Answer.

9     55. Paragraph 55 sets forth legal conclusions, not allegations of fact, to which no
10 response is required and which Plaintiff bears the burden of proving at trial. To the extent a
11 response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 55. Mr.
12 Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks
13 to draw regarding the substance or effect of the OACP, and refers to and incorporates by
14 reference Paragraph 44 of this Answer.

15     56. Mr. Smith denies each and every allegation in Paragraph 56, except Mr. Smith
16 admits that Barclays did not own electricity generation and did not serve customer load during the
17 relevant period, and that Barclays traders on the West Power desk liquidated any open day-ahead
18 positions, which was sometimes referred to as "flattening."

19     57. Mr. Smith denies each and every allegation in Paragraph 57. Mr. Smith states
20 further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw
21 regarding the substance or effect of the OACP, and refers to and incorporates by reference
22 Paragraph 44 of this Answer.

23     58. Mr. Smith denies each and every allegation in Paragraph 58.

24     59. Mr. Smith denies each and every allegation in Paragraph 59. Mr. Smith states
25 further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw
26 regarding the substance or effect of the OACP, and refers to and incorporates by reference
27 Paragraph 44 of this Answer.

28     60. Mr. Smith denies each and every allegation in Paragraph 60. Mr. Smith states

1  further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

2  regarding the substance or effect of the OACP, and refers to and incorporates by reference

3  Paragraph 44 of this Answer.

4         61.    Mr. Smith denies each and every allegation in Paragraph 61.

5         62.    Mr. Smith denies each and every allegation in Paragraph 62.  Mr. Smith denies any

6  characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or

7  effect of the Staff Report, and refers to and incorporates by reference Paragraph 40 of this

8  Answer.  Mr. Smith states further that he denies any characterizations, inferences, or conclusions

9  Plaintiff seeks to draw regarding the substance or effect of the OACP, and refers to and

10 incorporates by reference Paragraph 44 of this Answer.

11        63.    Mr. Smith denies each and every allegation in Paragraph 63.

12        64.    Mr. Smith denies each and every allegation in Paragraph 64, except Mr. Smith

13 admits that, at times, he communicated with other Barclays traders regarding the efficient

14 liquidation of Barclays' open day-ahead positions.  Mr. Smith states further that he denies any

15 characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or

16 effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

17        65.    Mr. Smith denies each and every allegation in Paragraph 65, except Mr. Smith

18 admits that, at times, he communicated with other Barclays traders regarding the efficient

19 liquidation of Barclays' open day-ahead positions.

20        66.    Mr. Smith denies each and every allegation in Paragraph 66, except Mr. Smith

21 admits that, at times, he communicated with other Barclays traders regarding the efficient

22 liquidation of Barclays' open day-ahead positions, and that, on some occasions, Mr. Brin

23 informed Mr. Smith of Mr. Connelly's open day-ahead positions.

24        67.    Mr. Smith denies each and every allegation in Paragraph 67.  Mr. Smith denies any

25 characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or

26 effect of the Staff Report, and refers to and incorporates by reference Paragraph 40 of this

27 Answer.  Mr. Smith states further that he denies any characterizations, inferences, or conclusions

28 Plaintiff seeks to draw regarding the substance or effect of the OACP, and refers to and

1  incorporates by reference Paragraph 44 of this Answer.

2        68.    Mr. Smith denies each and every allegation in Paragraph 68.

3        69.    Paragraph 69 sets forth legal conclusions, not allegations of fact, to which no

4  response is required and which Plaintiff bears the burden of proving at trial.  To the extent a

5  response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 69.  Mr.

6  Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

7  to draw regarding the substance or effect of the OACP, and refers to and incorporates by

8  reference Paragraph 44 of this Answer.

9        70.    Mr. Smith denies each and every allegation in Paragraph 70.  Mr. Smith denies any

10  characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or

11  effect of the Staff Report, and refers to and incorporates by reference Paragraph 40 of this

12  Answer.  Mr. Smith states further that he denies any characterizations, inferences, or conclusions

13  Plaintiff seeks to draw regarding the substance or effect of the OACP, and refers to and

14  incorporates by reference Paragraph 44 of this Answer.

15        71.    Mr. Smith denies each and every allegation in Paragraph 71.  Mr. Smith states

16  further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

17  regarding the substance or effect of the OACP, and refers to and incorporates by reference

18  Paragraph 44 of this Answer.

19        72.    Mr. Smith denies each and every allegation in Paragraph 72.

20        73.    Mr. Smith denies each and every allegation in Paragraph 73.  Mr. Smith states

21  further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

22  regarding the substance or effect of the OACP, and refers to and incorporates by reference

23  Paragraph 44 of this Answer.

24        74.    Mr. Smith denies each and every allegation in Paragraph 74.

25        75.    Mr. Smith denies each and every allegation in Paragraph 75 as he lacks sufficient

26  information or knowledge to form a belief as to the truth of the allegations in Paragraph 75.  Mr.

27  Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

28  to draw regarding the substance or effect of the OACP, and refers to and incorporates by

1    reference Paragraph 44 of this Answer.

2          76.    Mr. Smith denies each and every allegation in Paragraph 76 as he lacks sufficient

3    information or knowledge to form a belief as to the truth of the allegations in Paragraph 76.

4          77.    Mr. Smith denies each and every allegation in Paragraph 77 as he lacks sufficient

5    information or knowledge to form a belief as to the truth of the allegations in Paragraph 77.  Mr.

6    Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

7    to draw regarding the substance or effect of the OACP, and refers to and incorporates by

8    reference Paragraph 44 of this Answer.

9          78.    Mr. Smith denies the allegations in Paragraph 78 insofar as they pertain to him,

10   and he lacks sufficient information or knowledge to form a belief as to the truth of the remaining

11   allegations in Paragraph 78 and, on that basis, denies them.

12         79.    Mr. Smith denies each and every allegation in Paragraph 79.  Mr. Smith states

13   further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

14   regarding the substance or effect of the OACP, and refers to and incorporates by reference

15   Paragraph 44 of this Answer.

16         80.    Mr. Smith denies each and every allegation in Paragraph 80.

17         81.    Mr. Smith denies each and every allegation in Paragraph 81.

18         82.    Mr. Smith denies each and every allegation in Paragraph 82.

19         83.    Mr. Smith denies each and every allegation in Paragraph 83.

20         84.    Mr. Smith denies each and every allegation in Paragraph 84.

21         85.    Mr. Smith denies each and every allegation in Paragraph 85.  Mr. Smith states

22   further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

23   regarding the substance or effect of the OACP, and refers to and incorporates by reference

24   Paragraph 44 of this Answer.

25         86.    Mr. Smith denies each and every allegation in Paragraph 86.

26         87.    Mr. Smith denies each and every allegation in Paragraph 87 as he lacks sufficient

27   information or knowledge to form a belief as to the truth of the allegations in Paragraph 87.

28         88.    Mr. Smith denies each and every allegation in Paragraph 88 as he lacks sufficient

1   information or knowledge to form a belief as to the truth of the allegations in Paragraph 88.  Mr.

2   Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

3   to draw regarding the substance or effect of the OACP, and refers to and incorporates by

4   reference Paragraph 44 of this Answer.

5          89.     Mr. Smith denies each and every allegation in Paragraph 89 as he lacks sufficient

6   information or knowledge to form a belief as to the truth of the allegations in Paragraph 89.   Mr.

7   Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

8   to draw regarding the substance or effect of the OACP, and refers to and incorporates by

9   reference Paragraph 44 of this Answer.

10         90.     Mr. Smith denies each and every allegation in Paragraph 90.

11         91.     Mr. Smith denies each and every allegation in Paragraph 91.

12         92.     Mr. Smith denies each and every allegation in Paragraph 92.

13         93.     Mr. Smith denies each and every allegation in Paragraph 93.

14         94.     Mr. Smith denies each and every allegation in Paragraph 94 as he no longer

15  worked at Barclays after March of 2007 and lacks sufficient information or knowledge to form a

16  belief as to the truth of the allegations in Paragraph 94.   Mr. Smith states further that he denies

17  any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

18  or effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

19         95.     Mr. Smith denies each and every allegation in Paragraph 95 as he no longer

20  worked at Barclays after March of 2007 and lacks sufficient information or knowledge to form a

21  belief as to the truth of the allegations in Paragraph 95.   Mr. Smith states further that he denies

22  any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

23  or effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

24         96.     Mr. Smith denies each and every allegation in Paragraph 96 as he no longer

25  worked at Barclays after March of 2007 and lacks sufficient information or knowledge to form a

26  belief as to the truth of the allegations in Paragraph 96.   Mr. Smith states further that he denies

27  any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

28  or effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

1    97.    Mr. Smith denies each and every allegation in Paragraph 97 as he no longer

2    worked at Barclays after March of 2007 and lacks sufficient information or knowledge to form a

3    belief as to the truth of the allegations in Paragraph 97.   Mr. Smith states further that he denies

4    any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

5    or effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

6    98.    Mr. Smith denies each and every allegation in Paragraph 98 as he no longer

7    worked at Barclays after March of 2007 and lacks sufficient information or knowledge to form a

8    belief as to the truth of the allegations in Paragraph 98.   Mr. Smith states further that he denies

9    any characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance

10    or effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

11    99.    Mr. Smith denies each and every allegation in Paragraph 99.

12    100.    Mr. Smith denies each and every allegation in Paragraph 100.

13    101.    Mr. Smith denies each and every allegation in Paragraph 101.

14    102.    Mr. Smith denies each and every allegation in Paragraph 102.  Mr. Smith states

15    further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

16    regarding the substance or effect of the OACP, and refers to and incorporates by reference

17    Paragraph 44 of this Answer.

18    103.    Mr. Smith denies each and every allegation in Paragraph 103.

19    104.    Mr. Smith denies each and every allegation in Paragraph 104.

20    105.    Mr. Smith denies the allegations in Paragraph 105 as they pertain to him, except

21    Mr. Smith admits that he, on occasion, transferred positions from his book to books of other

22    traders.  Mr. Smith lacks sufficient information or knowledge to form a belief as to the truth of

23    the remaining allegations in Paragraph 105, and, on that basis, denies them.  Mr. Smith states

24    further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

25    regarding the substance or effect of the OACP, and refers to and incorporates by reference

26    Paragraph 44 of this Answer.

27    106.    Mr. Smith denies the allegations in Paragraph 106 as they pertain to him, except

28    Mr. Smith admits that he, on occasion, transferred positions from his book to books of other

RYAN SMITH'S ANSWER TO COMPLAINT

1    traders, including Mr. Connelly, and transfers involving Mr. Connelly's book were authorized.

2    Mr. Smith lacks sufficient information or knowledge to form a belief as to the truth of the

3    remaining allegations in Paragraph 106, and, on that basis, denies them.

4           107.    Mr. Smith denies each and every allegation in Paragraph 107.

5           108.    Mr. Smith denies each and every allegation in Paragraph 108, except Mr. Smith

6    admits that Barclays' compliance materials and training discussed trading in compliance with the

7    rules of the markets in which Barclays traded, and that Mr. Smith complied therewith.

8           109.    Mr. Smith denies each and every allegation in Paragraph 109 as he lacks sufficient

9    information or knowledge to form a belief as to the truth of the allegations in Paragraph 109, and

10   Mr. Smith states that he satisfied the obligations of Barclays' compliance program and refers to

11   the quoted documents for their complete and accurate contents.

12          110.    Mr. Smith denies each and every allegation in Paragraph 110, and states that he

13   traded for legitimate business purposes.   Mr. Smith states further that he denies any

14   characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or

15   effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

16          111.    Paragraph 111 sets forth legal conclusions, not allegations of fact, to which no

17   response is required and which Plaintiff bears the burden of proving at trial.   To the extent a

18   response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 111.   Mr.

19   Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

20   to draw regarding the substance or effect of the OACP, and refers to and incorporates by

21   reference Paragraph 44 of this Answer.

22          112.    Paragraph 112 sets forth legal conclusions, not allegations of fact, to which no

23   response is required and which Plaintiff bears the burden of proving at trial.   To the extent a

24   response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 112. Mr.

25   Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

26   to draw regarding the substance or effect of the OACP, and refers to and incorporates by

27   reference Paragraph 44 of this Answer.

28          113.    Mr. Smith denies each and every allegation in Paragraph 113 as he lacks sufficient

1   information or knowledge to form a belief as to the truth of the allegations in Paragraph 113.

2       114.    Mr. Smith denies each and every allegation in Paragraph 114.

3       115.    Mr. Smith denies each and every allegation in Paragraph 115.

4       116.    Mr. Smith denies each and every allegation in Paragraph 116.  Mr. Smith states

5   further that he denies any characterizations, inferences, or conclusions Plaintiff seeks to draw

6   regarding the substance or effect of the OACP, and refers to and incorporates by reference

7   Paragraph 44 of this Answer.

8       117.    Paragraph 117 sets forth legal conclusions, not allegations of fact, to which no

9   response is required and which Plaintiff bears the burden of proving at trial.  To the extent a

10  response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 117.  Mr.

11  Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

12  to draw regarding the substance or effect of the OACP, and refers to and incorporates by

13  reference Paragraph 44 of this Answer.

14      118.    Paragraph 118 sets forth legal conclusions, not allegations of fact, to which no

15  response is required and which Plaintiff bears the burden of proving at trial.  To the extent a

16  response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 118.  Mr.

17  Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

18  to draw regarding the substance or effect of the OACP, and refers to and incorporates by

19  reference Paragraph 44 of this Answer.

20      119.    Paragraph 119 sets forth legal conclusions, not allegations of fact, to which no

21  response is required and which Plaintiff bears the burden of proving at trial.  To the extent a

22  response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 119.  Mr.

23  Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

24  to draw regarding the substance or effect of the OACP, and refers to and incorporates by

25  reference Paragraph 44 of this Answer.

26      120.    Paragraph 120 sets forth legal conclusions, not allegations of fact, to which no

27  response is required and which Plaintiff bears the burden of proving at trial.  To the extent a

28  response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 120.  Mr.

1   Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

2   to draw regarding the substance or effect of the OACP, and refers to and incorporates by

3   reference Paragraph 44 of this Answer.

4         121.   The first sentence of Paragraph 121 sets forth legal conclusions, not allegations of

5   fact, to which no response is required and which Plaintiff bears the burden of proving at trial.  To

6   the extent a response is deemed necessary, Mr. Smith denies the allegations.  Mr. Smith denies

7   each and every remaining allegation in Paragraph 121. Mr. Smith states further that he denies any

8   characterizations, inferences, or conclusions Plaintiff seeks to draw regarding the substance or

9   effect of the OACP, and refers to and incorporates by reference Paragraph 44 of this Answer.

10         122.   Paragraph 122 sets forth legal conclusions, not allegations of fact, to which no

11   response is required and which Plaintiff bears the burden of proving at trial.  To the extent a

12   response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 122.  Mr.

13   Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

14   to draw regarding the substance or effect of the OACP, and refers to and incorporates by

15   reference Paragraph 44 of this Answer.

16         123.   Paragraph 123 sets forth legal conclusions, not allegations of fact, to which no

17   response is required and which Plaintiff bears the burden of proving at trial.  To the extent a

18   response is deemed necessary, Mr. Smith denies each and every allegation in Paragraph 123.  Mr.

19   Smith states further that he denies any characterizations, inferences, or conclusions Plaintiff seeks

20   to draw regarding the substance or effect of the OACP, and refers to and incorporates by

21   reference Paragraph 44 of this Answer.

22         124.   Mr. Smith denies each and every allegation in Paragraph 124, except Mr. Smith

23   admits that Plaintiff has demanded a jury trial.

24         125.   In response to the allegations in Paragraph 125, Mr. Smith restates and

25   incorporates by reference each and every one of his responses in all preceding paragraphs as if

26   fully set forth herein.

27         126.   Mr. Smith denies each and every allegation, legal conclusion, and the basis of any

28   claim in Paragraph 126 and states that he no longer worked at Barclays after March of 2007.  Mr.

1    Smith states further that Plaintiff must prove at trial a violation under applicable law.

2        127.   Mr. Smith denies each and every allegation in Paragraph 127.

3        128.   The unnumbered paragraph following Paragraph 127, and its subparagraphs (A)

4    through (G) on page 25 of the Complaint, contain characterizations of the relief requested by

5    Plaintiff, not allegations of fact; therefore, no response is required.  To the extent a response is

6    deemed necessary, Mr. Smith denies that Plaintiff is entitled to the relief requested.  All other

7    paragraphs in the Complaint and any other allegations, whether stated explicitly or by reference,

8    to which a response is deemed necessary, but to which a response is not otherwise provided in

9    this Answer, are denied.

10                                 **DEFENSES**

11       Mr. Smith asserts the following affirmative and other defenses, reserving the right to

12   amend and supplement his defense as needed.  To the extent any of the defenses, in whole or in

13   part, serve merely to negate an element of Plaintiff's cause of action, Mr. Smith in no way seeks

14   to relieve Plaintiff of its burden of proof or persuasion on each and every element of Plaintiff's

15   claim, nor does Mr. Smith assume the burden of proof or any other burden if such burden would

16   otherwise be on Plaintiff.  To the extent applicable to Mr. Smith, Mr. Smith further incorporates

17   by reference the defenses asserted by any other Defendant.

18                              **FIRST DEFENSE**

19                          **(Failure to State a Claim)**

20       The Complaint fails to state a claim upon which relief can be granted.  Among other

21   things, Mr. Smith asserts that Plaintiff has no jurisdiction to pursue its manipulation claim.  Mr.

22   Smith asserts that the Commodity Futures Trading Commission has exclusive jurisdiction over

23   the alleged manipulative scheme because it encompassed transactions involving commodity

24   futures contracts.  Mr. Smith asserts that Plaintiff has no authority under the Federal Power Act to

25   pursue manipulation claims where a party is not alleged to have itself received or delivered

26   electricity.  Mr. Smith asserts that Plaintiff has no authority under the Federal Power Act to

27   pursue its claim against individuals.  Mr. Smith also asserts that Plaintiff alleges only open, non-

28   fraudulent conduct that did not violate any law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

Because Plaintiff has no authority to pursue its manipulation claim against Mr. Smith, this Court lacks subject matter jurisdiction over this action pursuant to FPA Section 31(d)(3), 16 U.S.C. § 823b(d)(3).

**THIRD DEFENSE**

**(Improper Venue)**

Mr. Smith asserts that venue in this district is improper under Section 317 of the FPA, 16 U.S.C. § 825, because neither Mr. Smith nor any other Defendant is an "inhabitant" of this district and none of the facts alleged establishes that "any act or transaction constituting the violation occurred" in this district.

**FOURTH DEFENSE**

**(Forum Non Conveniens)**

Plaintiff cannot pursue this action against Mr. Smith in this judicial district because there is a more appropriate forum available to the parties. The Federal District Court for the Southern District of New York is the more appropriate forum because, among other reasons, Mr. Smith resides in New York, relevant witnesses and evidence are located in New York, Barclays' headquarters for the Americas is located in New York, and the court is significantly closer to Plaintiff.

**FIFTH DEFENSE**

**(Due Process)**

To the extent Plaintiff's claims purport to deprive Mr. Smith of property without, among other things, an evidentiary hearing, they violate Mr. Smith's due process rights guaranteed by the United States Constitution. The Complaint asserts allegations that have yet to be proven in a contested evidentiary hearing before an objective trier of fact during which the Defendants are afforded due process of law. Plaintiff's legal and factual allegations solely reflect the views of Plaintiff that must be proven at trial.

**SIXTH DEFENSE**

**(Lack of Personal Jurisdiction)**

Plaintiff's claims against Mr. Smith are barred because this Court lacks personal jurisdiction over Mr. Smith.  Mr. Smith denies that he is subject to personal jurisdiction in this Court because venue is improper.

**SEVENTH DEFENSE**

**(Statute of Limitations)**

Mr. Smith asserts that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and/or repose.

**EIGHTH DEFENSE**

**(Laches)**

Mr. Smith asserts that Plaintiff's unreasonable and inexcusable delay in filing and serving the Complaint has operated to the detriment and prejudice of Mr. Smith, and as a consequence thereof, Plaintiff's claim is barred by the doctrine of laches.

**NINTH DEFENSE**

**(Estoppel)**

Mr. Smith asserts that Plaintiff is estopped by reason of its own conduct from pursuing this Complaint.

**TENTH DEFENSE**

**(Compliance)**

Mr. Smith asserts that he is not liable to Plaintiff because the claims are based on a broad amount of discrete information known to many different Barclays employees and officers working in various aspects of the business.  Mr. Smith reasonably relied on Barclays' institutional processes to ensure adequate oversight of his trading, and acted at all times within the scope of his employment and for the benefit of his employer, and he cannot be held liable for alleged failings of oversight of his trading.

**ELEVENTH DEFENSE**

**(Equitable Doctrines)**

Plaintiff's claims are barred under additional equitable doctrines insofar as they are

1    applicable in the case, including but not limited to: accord and satisfaction, arbitration and award,

2    assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality,

3    license, payment, release, res judicata, statue of frauds, and waiver.

4                                          **TWELFTH DEFENSE**

5                                        **(Legal Fault of Others)**

6           Any alleged injury or harm is not attributable to the actions of Mr. Smith, in whole or in

7    part, but instead is the result of others or other factors outside the control of Mr. Smith, and, as

8    such, reduces any percentage of responsibility attributable to Mr. Smith.

9                                         **DEFENSES RESERVED**

10          Because Mr. Smith has not had an opportunity to discover the facts or have an

11   adjudication of the issues presented here, Mr. Smith will rely on any and all further defenses that

12   become available or appear during discovery in this action and specifically reserves his right to

13   amend this Answer for purposes of asserting additional defenses.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RYAN SMITH'S PRAYER FOR RELIEF**

2

WHEREFORE, Mr. Smith prays for judgment as follows:

3

(A)     Judgment on the merits in favor of Mr. Smith and against Plaintiff on all counts;

4

(B)     An order awarding Mr. Smith fees pursuant to 28 U.S.C. § 2412(d)(1)(A); and

5

(C)     Such other relief that this Court may deem just and proper.

6

**JURY DEMAND**

7

Ryan Smith demands a trial by jury on all claims and issues in this action.

8

9

Dated:  June 17, 2015                    PAUL HASTINGS LLP

10

11

By:/s/ *Michael L. Spafford*
          Michael L. Spafford

12

13

*Counsel for Defendant Ryan Smith*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28