1  THOMAS J. NOLAN (SBN 66992)
   Thomas.Nolan@skadden.com
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
3  Los Angeles, California 90071-3144
   Telephone:    (213) 687-5000
4  Facsimile:    (213) 687-5600

5  *Please see continuation page for a complete
   list of the defendants and their counsel.*

6

7

8

9

10

11

12                    IN THE UNITED STATES DISTRICT COURT

13                    FOR THE EASTERN DISTRICT OF CALIFORNIA

14  FEDERAL ENERGY REGULATORY        )   CASE NO.: 2:13-cv-02093-TLN-DAD
    COMMISSION,                      )
15                                   )   **DEFENDANTS' NOTICE OF MOTION AND**
              Plaintiff,             )   **MOTION FOR AN ORDER CLARIFYING**
16                                   )   **AND AMENDING THE OCTOBER 2, 2015**
              v.                     )   **SCHEDULING ORDER; and**
17                                   )   **DECLARATION OF THOMAS J. NOLAN IN**
    BARCLAYS BANK PLC; DANIEL        )   **SUPPORT THEREOF (filed concurrently)**
18  BRIN; SCOTT CONNELLY; KAREN      )
    LEVINE; and RYAN SMITH,          )
19                                   )   Date:        November 19, 2015
              Defendants.            )   Time:        2:00 p.m.
20                                   )   Presiding:   Hon. Troy L. Nunley
                                     )   Courtroom:   2
21                                   )   Trial Date:  None Set
                                     )
22                                   )
                                     )

23

24

25

26

27

28

MOTION FOR CLARIFICATION AND AMENDMENT OF THE OCTOBER 2, 2015 SCHEDULING ORDER

**CONTINUATION SHEET: DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

STEVEN R. GLASER (Admitted *Pro Hac Vice*)
Steven.Glaser@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:     (212) 735-3000
Facsimile:     (212) 735-2000

PATRICK FITZGERALD (Admitted *Pro Hac Vice*)
Patrick.Fitzgerald@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone:     (312) 407-0700
Facsimile:     (312) 407-0411

JOHN N. ESTES III (Admitted *Pro Hac Vice*)
John.Estes@skadden.com
DONNA M. BYRNE (Admitted *Pro Hac Vice*)
Donna.Byrne@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:     (202) 371-7000
Facsimile:     (202) 393-5760

GREGORY A. MARKEL (Admitted *Pro Hac Vice*)
Greg.Markel@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone:     (212) 504-6000
Facsimile:     (212) 504-6666

PAUL J. PANTANO JR. (Admitted *Pro Hac Vice*)
Paul.Pantano@cwt.com
JODI L. AVERGUN (Admitted *Pro Hac Vice*)
Jodi.Avergun@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C. 20001
Telephone:     (202) 862-2410
Facsimile:     (202) 862-2400

Attorneys for BARCLAYS BANK PLC

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

SETH P. WAXMAN (Admitted *Pro Hac Vice*)
Seth.Waxman@wilmerhale.com
DAN M. BERKOVITZ (Admitted *Pro Hac Vice*)
Dan.Berkovitz@wilmerhale.com
JONATHAN G. CEDARBAUM (Admitted *Pro Hac Vice*)
Jonathan.Cedarbaum@wilmerhale.com
HEATHER M. ZACHARY (Admitted *Pro Hac Vice*)
Heather.Zachary@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

MARK C. KALPIN (Admitted *Pro Hac Vice*)
Mark.Kalpin@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:     (617) 526-6000
Facsimile:     (617) 526-5000

Attorneys for BARCLAYS BANK PLC


LESLIE M. WERLIN (SBN 67994)
lwerlin@mcguirewoods.com
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:     (310) 315-8200
Facsimile:     (310) 315-8210

TODD MULLINS (Admitted *Pro Hac Vice*)
tmullins@mcguirewoods.com
McGUIREWOODS LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:     (202) 857-1752
Facsimile:     (202) 828-3320

ALLISON D. CHARNEY (Admitted *Pro Hac Vice*)
acharney@mcguirewoods.com
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
Telephone:     (212) 548-2166
Facsimile:     (212) 715-6279

Attorneys for DANIEL BRIN
and SCOTT CONNELLY

MOTION FOR CLARIFICATION AND AMENDMENT OF THE OCTOBER 2, 2015 SCHEDULING ORDER

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

MARK E. MCKEEN (SBN 130950)
markmckeen@paulhastings.com
PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, California 94105
Telephone:     (415) 856-7000
Facsimile:      (415) 856-7100

MICHAEL L. SPAFFORD (Admitted *Pro Hac Vice*)
michaelspafford@paulhastings.com
VICTORIA L.T. EARLS (Admitted *Pro Hac Vice*)
victoriaearls@paulhastings.com
J. BUB WINDLE (Admitted *Pro Hac Vice*)
bubwindle@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 551-1700
Facsimile:      (202) 373-1705

Attorneys for KAREN LEVINE
and RYAN SMITH

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Barclays Bank PLC, Daniel Brin, Scott Connelly, Karen Levine, and Ryan Smith (together, "Defendants") hereby respectfully move the Court for an order clarifying and amending the October 2, 2015 Scheduling Order, Dkt. 106 (the "Scheduling Order") to specifically address whether:

    a) the entirety of this action is subject to the Federal Rules of Civil Procedure (including the Rules governing discovery) and a trial before a jury as to disputed issues of material fact, or instead

    b) the Federal Rules of Civil Procedure (including the Rules governing discovery) will only apply to this action, and a trial before a jury will be only conducted as to disputed issues of material fact, if and when the Court finds such procedures appropriate.

Defendants seek the requested clarification and amendment because (1) the Scheduling Order does not specify the rules and standards that will apply to this action, including whether Defendants may take discovery prior to filing, and rely upon discovered evidence in, their opposition brief, and what standard and burdens of proof the court will apply in making its determination whether penalties shall be affirmed, vacated, or modified; (2) clarification of the applicable rules and standards will profoundly affect the remaining proceedings in the case, including Defendants' ability to timely conduct discovery, properly prepare for the forthcoming proceedings that include fast approaching briefing deadlines, and clarify the issue for the Ninth Circuit in the event of appeal; and (3) the rules and standards that apply to this action under Federal Power Act section 31(d)(3), 16 U.S.C. § 823b(d)(3), is a threshold question of first impression, collateral to the merits of this action, that implicates Defendants' fundamental statutory and constitutional rights (including their rights to due process and a jury trial).

Defendants' motion is supported by the following points and authorities and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

DATED: October 13, 2015

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        By: _/s/ Thomas J. Nolan_
              Thomas J. Nolan
        Attorneys for BARCLAYS BANK PLC

DATED: October 13, 2015

        CADWALADER, WICKERSHAM & TAFT LLP

        By: /s/ _Gregory A. Markel (as authorized on 10/13/2015)_
              Gregory A. Markel
        Attorneys for BARCLAYS BANK PLC

DATED: October 13, 2015

        WILMER CUTLER PICKERING HALE AND DORR LLP

        By: _/s/ Seth Waxman  (as authorized on 10/13/2015)_
              Seth P. Waxman
        Attorneys for BARCLAYS BANK PLC

DATED: October 13, 2015

        McGUIREWOODS LLP

        By: _/s/ Todd Mullins  (as authorized on 10/13/2015)_
              Todd Mullins
        Attorneys for DANIEL BRIN and SCOTT CONNELLY

DATED: October 13, 2015

        PAUL HASTINGS LLP

        By: _/s/ Michael L. Spafford  (as authorized on 10/13/2015)_
              Michael L. Spafford
        Attorneys for KAREN LEVINE and RYAN SMITH

**POINTS AND AUTHORITIES**

The Federal Energy Regulatory Commission ("FERC") brought this civil penalty action seeking nearly $500 million from Defendants and making a jury demand. Dkt. 1. FERC held no hearing on the allegations asserted in its penalty assessment order, nor were Defendants granted opportunity for discovery during the FERC proceedings. Defendants denied FERC's allegations, asserted that they have the statutory and constitutional right to a plenary adjudication of FERC's claims and sanctions, and likewise made a jury demand. Dkts. 92-96. Defendants took these steps with the understanding that this action, like all other civil actions in federal court, would be governed by the Federal Rules of Civil Procedure (the "FRCP"). The Court's October 2, 2015 Scheduling Order, Dkt. 106 (the "Scheduling Order")—by adopting FERC's proposed schedule, which denies Defendants an opportunity to conduct discovery—suggests that they do not. Defendants respectfully request that the Scheduling Order be amended to clarify this point.

## I. BACKGROUND

The Federal Power Act (the "FPA") mandates detailed procedures that apply when FERC seeks to impose civil penalties for alleged FPA violations. FPA section 31(d), 16 U.S.C. § 823b(d). Section 31(d) provides two alternative procedural paths and expressly gives the potential subject of the proposed penalty the right to choose which procedural path will govern. One option provides for an evidentiary hearing before a FERC administrative law judge—which (among other things) would allow the potential subject of the proposed penalty the chance to present oral or documentary evidence, to submit rebuttal evidence, and to conduct cross-examination—after which FERC determines whether there has been a violation. FPA § 31(d)(2), 16 U.S.C. § 823b(d)(2); *see* 18 C.F.R. § 385.1508; *see also* 5 U.S.C. §§ 554, 556-557 (incorporated by reference into 16 U.S.C. § 823b(d)(2)(A)). The other option does not provide for a hearing before FERC; instead it requires FERC to "promptly assess" the penalty and file an "action" in federal district court if the penalty is not paid within a set number of days. FPA § 31(d)(3), 16 U.S.C. § 823b(d)(3); *see* 18 C.F.R. § 385.1509. Defendants here elected the judicial "action" path.

The parties disagree on the scope and nature of the resulting district court action when, as here, the FPA's judicial procedures apply. Given that the nature of the present judicial proceedings

under FPA section 31(d)(3) is a threshold question of first impression, the parties filed papers addressing the nature of the proceedings before the Court, including the applicable rules, the availability and timing of discovery, and the propriety of bifurcating the proceedings.[1]

While FERC has not disputed that the Court has the statutory authority to conduct a plenary adjudication, *see, e.g.*, Dkt. 97 at 9 (acknowledging the Court's authority to "proceed with a trial"), FERC has urged the Court to limit this action to a review of FERC's petition (Dkt. 1) and what FERC now calls its administrative record. *See, e.g.*, *id.* at 8-9. According to FERC, "[t]he FPA does not require this Court in conducting its review to look beyond the record submitted to the Commission in the administrative proceeding by Barclays, the Individual Traders, and Enforcement." *Id.* at 8. Defendants contended that the FPA requires just that. Defendants asserted that the plain language of FPA section 31(d)(3), 16 U.S.C. § 823b(d)(3), as well as its structure and purpose, require a plenary adjudication of FERC's claims in this action, pursuant to the FRCP and the Federal Rules of Evidence. *See, e.g.*, Dkt. 97 at 11-13. As Defendants have argued, "FERC is incorrect in contending that no disclosures under FRCP 26(a) are required in this case, no discovery is necessary, and the Court should resolve the case based on a 'motion for an order affirming the civil penalties' that, apparently, would not be governed by FRCP 56 or any other Rule." *Id.* at 12. FERC requests that the Court affirm its liability determination and penalty assessment based on its so-called "administrative record," but the term "administrative record" is a misnomer to the extent it suggests that the "record" reflects an adversary proceeding in which the defendants adduced testimony and presented other evidence before a neutral fact-finder. In fact, the "administrative record" merely is a subset of the investigative record, which inherently is one-sided and developed exclusively by FERC.

---

[1] The parties set forth positions on these matters in joint status reports filed with the Court, Dkts. 52, 97, as well as in briefs addressing bifurcation, Dkts. 101, 103, which were filed at the request of the Court, *see* Dkt. 98. Defendants also set forth a more detailed presentation of their positions on these questions in a "Memorandum of Points and Authorities On the Federal Power Act's Judicial Procedures For Civil Penalty Assessment Actions," which Defendants presented to and sought leave to file from the Court. Dkt. 102. The Court denied leave. Dkt. 106 at n.1.

The Scheduling Order followed from and acknowledged the parties' prior filings relating to the nature of this action.  *See* Dkt. 106 at 1 ("The parties have briefed the nature of the subsequent proceedings in a joint status report and in supplemental briefing." (citing Dkts. 97, 101, 103)); *id.* at n.1 (acknowledging, but denying, "Defendants' motion for leave to file a memorandum on the scope of de novo review under the Federal Power Act (ECF No. 102) …").  In the Scheduling Order, the Court ordered that it was "bifurcat[ing] its determination of disgorgement from its review of liability and the assessed civil penalties."  *Id.* at 2.  It established a schedule for (i) FERC to file with the Court "the administrative record used by FERC in assessing civil penalties" against Defendants, (ii) FERC to file a "motion for an order affirming the civil penalties assessed by FERC," and (iii) Defendants to file a brief in opposition to FERC's motion and FERC to file a reply brief.  *Id.* at 1-2.

The Court also stated in the Scheduling Order that it would "review FERC's assessment to determine whether penalties shall be affirmed, vacated, or modified" (citing 16 U.S.C. § 823b(d)(3)(B)).  *Id.* at 2.  In conducting that review, the Court stated that it will consider "whether a determination as to this assessment requires supplementation of the record submitted by FERC and/or alternative means of fact-finding."  *Id.*  This last statement, and the reference to the possibility of "alternative means of fact-finding" in particular, introduces some amount of uncertainty about whether the Court has resolved the parties' dispute over the nature of this action and what standard the Court intends to apply when reviewing the "administrative record" to determine whether further proceedings are warranted.

## II.  GOOD CAUSE EXISTS TO AMEND AND CLARIFY THE SCHEDULING ORDER

The parties have presented a fundamental, threshold question, collateral to the merits, that will determine the course of the proceedings in material respects.  The question is whether in providing for a district court "action" as one means of contesting FERC's penalty assessment, FPA section 31(d)(3), 16 U.S.C. § 823b(d)(3)(B), establishes that (a) the entirety of this action is subject to the FRCP (including the Rules governing discovery) and a trial before a jury as to disputed issues of material fact, or instead (b) determinations of when and to what extent the FRCP will apply, and whether a trial before a jury will be conducted, are subject to the Court's discretion.

3

In stating that the Court will consider whether a determination on FERC's penalty assessment requires "supplementation of the record," the Scheduling Order suggests that the discovery devices guaranteed under the FRCP do not apply here. And by including the phrase "alternative means of fact-finding" with no mention of a trial by jury, the Scheduling Order suggests that a "determination as to [FERC's] assessment" will be made without one. Instead, the Scheduling Order appears to indicate that these most fundamental of procedural guarantees are subject to the discretion of the Court and that the judicial "action" path under the FPA affords Defendants less process than the administrative adjudication path. But it does not say so expressly. Nor does it specify what standard and burdens of proof the Court will apply—for example, those established under FRCP 56, or others—in making its determination whether penalties shall be affirmed, vacated, or modified.

Clarification and amendment of the Scheduling Order to address these issues is crucial.[2] Without additional guidance, the parties may be precluded from (1) properly preparing for the forthcoming proceedings that include fast approaching briefing deadlines; (2) conducting discovery before the briefs required under the Scheduling Order are due; and (3) determining the appropriateness of seeking appellate review of the Court's determination of these issues in order to protect their rights and to avoid the inefficiency of proceeding under an erroneous procedural framework and then starting anew following post-judgment appellate review.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court clarify and amend the Scheduling Order to state whether (a) the entirety of this action is subject to the FRCP (including the Rules governing discovery) and a trial before a jury as to disputed issues of material fact, or instead (b) the determination of when and to what extent the FRCP apply to this action, and

---

[2] The electronic docket for this action adds to the uncertainty about the nature of the present proceedings. The ECF docket sheet summary for this action from PACER, attached as Exhibit 1 to the accompanying Declaration of Thomas J. Nolan, describes this action as including no jury trial demand, and as arising under the "Administrative Procedures Act/Review or Appeal of Agency Decision," notwithstanding the jury trial demanded by both parties and the FPA's statutory language to the contrary.

whether a trial before a jury will be conducted as to disputed issues of material fact, is subject to the discretion of the Court.

DATED:  October 13, 2015

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

          By:  _____/s/ Thomas J. Nolan_____
                 Thomas J. Nolan
          Attorneys for BARCLAYS BANK PLC

DATED:  October 13, 2015

          CADWALADER, WICKERSHAM & TAFT LLP

          By:  /s/ Gregory A. Markel (as authorized on 10/13/2015)
                 Gregory A. Markel
          Attorneys for BARCLAYS BANK PLC

DATED:  October 13, 2015

          WILMER CUTLER PICKERING HALE AND DORR LLP

          By:  /s/ Seth Waxman  (as authorized on 10/13/2015)
                 Seth P. Waxman
          Attorneys for BARCLAYS BANK PLC

DATED:  October 13, 2015

          McGUIREWOODS LLP

          By:  /s/ Todd Mullins  (as authorized on 10/13/2015)
                 Todd Mullins
          Attorneys for DANIEL BRIN and SCOTT CONNELLY

DATED:  October 13, 2015

          PAUL HASTINGS LLP

          By:  /s/ Michael L. Spafford  (as authorized on 10/13/2015)
                 Michael L. Spafford
          Attorneys for KAREN LEVINE and RYAN SMITH