THOMAS J. NOLAN (SBN 66992)
Thomas.Nolan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

*Please see continuation page for a complete list of the defendants and their counsel.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BARCLAYS BANK PLC; DANIEL BRIN; SCOTT CONNELLY; KAREN LEVINE; and RYAN SMITH,<br><br>　　　　Defendants. | CASE NO.: 2:13-cv-02093-TLN-EFB (TEMP)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY; and DECLARATION OF THOMAS J. NOLAN IN SUPPORT THEREOF (filed concurrently)**<br><br>Date:　　　　December 10, 2015<br>Time:　　　　2:00 p.m.<br>Presiding:　　Hon. Troy L. Nunley<br>Courtroom:　　2<br>Trial Date:　　None Set |

**CONTINUATION SHEET: DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

STEVEN R. GLASER (Admitted *Pro Hac Vice*)
Steven.Glaser@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:    (212) 735-3000
Facsimile:    (212) 735-2000

PATRICK FITZGERALD (Admitted *Pro Hac Vice*)
Patrick.Fitzgerald@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone:    (312) 407-0700
Facsimile:    (312) 407-0411

JOHN N. ESTES III (Admitted *Pro Hac Vice*)
John.Estes@skadden.com
DONNA M. BYRNE (Admitted *Pro Hac Vice*)
Donna.Byrne@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:    (202) 371-7000
Facsimile:    (202) 393-5760

GREGORY A. MARKEL (Admitted *Pro Hac Vice*)
Greg.Markel@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone:    (212) 504-6000
Facsimile:    (212) 504-6666

PAUL J. PANTANO JR. (Admitted *Pro Hac Vice*)
Paul.Pantano@cwt.com
JODI L. AVERGUN (Admitted *Pro Hac Vice*)
Jodi.Avergun@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C. 20001
Telephone:    (202) 862-2410
Facsimile:    (202) 862-2400

Attorneys for BARCLAYS BANK PLC

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

SETH P. WAXMAN (Admitted *Pro Hac Vice*)
Seth.Waxman@wilmerhale.com
DAN M. BERKOVITZ (Admitted *Pro Hac Vice*)
Dan.Berkovitz@wilmerhale.com
JONATHAN G. CEDARBAUM (Admitted *Pro Hac Vice*)
Jonathan.Cedarbaum@wilmerhale.com
HEATHER M. ZACHARY (Admitted *Pro Hac Vice*)
Heather.Zachary@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

MARK C. KALPIN (Admitted *Pro Hac Vice*)
Mark.Kalpin@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:     (617) 526-6000
Facsimile:     (617) 526-5000

Attorneys for BARCLAYS BANK PLC


LESLIE M. WERLIN (SBN 67994)
lwerlin@mcguirewoods.com
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:     (310) 315-8200
Facsimile:     (310) 315-8210

TODD MULLINS (Admitted *Pro Hac Vice*)
tmullins@mcguirewoods.com
McGUIREWOODS LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:     (202) 857-1752
Facsimile:     (202) 828-3320

ALLISON D. CHARNEY (Admitted *Pro Hac Vice*)
acharney@mcguirewoods.com
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
Telephone:     (212) 548-2166
Facsimile:     (212) 715-6279

Attorneys for DANIEL BRIN
and SCOTT CONNELLY

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

HOLLY A. HOUSE (SBN 136045)
hollyhouse@paulhastings.com
PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, California 94105
Telephone:      (415) 856-7075
Facsimile:       (415) 856-7175


MICHAEL L. SPAFFORD (Admitted *Pro Hac Vice*)
michaelspafford@paulhastings.com
VICTORIA L.T. EARLS (Admitted *Pro Hac Vice*)
victoriaearls@paulhastings.com
J. BUB WINDLE (Admitted *Pro Hac Vice*)
bubwindle@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone:      (202) 551-1700
Facsimile:       (202) 373-1705

Attorneys for KAREN LEVINE
and RYAN SMITH

---

MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Barclays Bank PLC, Daniel Brin, Scott Connelly, Karen Levine, and Ryan Smith (together, "Defendants") hereby respectfully move the Court for an order granting Defendants leave to take limited discovery, as set forth in the discovery requests attached to the Declaration of Thomas J. Nolan, filed concurrently herewith. The evidence sought by this limited discovery is essential to Defendants' ability to oppose the forthcoming motion by the Federal Energy Regulatory Commission ("FERC") to affirm its order assessing penalties against Defendants. Should the Court grant Defendants leave to take discovery, Defendants respectfully request that the Court adjourn the deadline for opposing FERC's motion by 90 days—a period reasonably calculated to secure factual responses to the limited discovery.

Defendants' motion is supported by the following points and authorities and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

DATED: November 9, 2015

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        By:   */s/ Thomas J. Nolan*
               Thomas J. Nolan
        Attorneys for BARCLAYS BANK PLC

DATED: November 9, 2015

        CADWALADER, WICKERSHAM & TAFT LLP

        By:  */s/ Gregory A. Markel (as authorized on 11/09/2015)*
               Gregory A. Markel
        Attorneys for BARCLAYS BANK PLC

DATED: November 9, 2015

        WILMER CUTLER PICKERING HALE AND DORR LLP

        By:  */s/ Seth P. Waxman (as authorized on 11/09/2015)*
               Seth P. Waxman
        Attorneys for BARCLAYS BANK PLC

DATED: November 9, 2015

        McGUIREWOODS LLP

        By: */s/ Todd Mullins (as authorized on 11/09/2015)*
            Todd Mullins
         Attorneys for DANIEL BRIN and SCOTT CONNELLY

DATED: November 9, 2015

        PAUL HASTINGS LLP

        By: */s/ Michael L. Spafford (as authorized on 11/09/2015)*
            Michael L. Spafford
         Attorneys for KAREN LEVINE and RYAN SMITH

**POINTS AND AUTHORITIES**

Defendants respectfully seek leave of this Court to take limited discovery that is essential to Defendants' ability fully and fairly to oppose the forthcoming motion by the Federal Energy Regulatory Commission ("FERC") to affirm its order assessing penalties against the Defendants on the basis of the record filed by FERC with this Court.  Defendants respectfully maintain that neither the governing statute nor constitutional protections allow FERC's order to be affirmed through such summary motion practice.  Even if FERC's motion to affirm were proper, however, Defendants must still be accorded a fair opportunity to oppose it under the Court's scheduling order (Dkt. 106).  In this case, that opportunity must include targeted discovery before Defendants must oppose FERC's motion to affirm.  Defendants were not permitted discovery in the investigation and administrative process that led to FERC's order assessing civil penalties.  The administrative record filed with the Court is only a subset of FERC's investigative record in this case, was not the result of a hearing before an independent trier of fact, is incomplete, and accordingly does not contain evidence that would enable this Court to review the basis of FERC's complaint.  Defendants therefore ask the Court to grant their request to conduct the limited discovery set forth in the requests attached to Declaration of Thomas J. Nolan ("Nolan Decl.") filed in support of this Motion.

**I.   BACKGROUND**

On October 2, 2015, this Court entered a scheduling order directing FERC to "file with the Court the administrative record used by FERC in assessing civil penalties" and to seek affirmance of its penalty assessment order based on that record.  (Dkt. 106.)  On October 13, 2015, Defendants moved this Court to clarify whether the Federal Rules of Civil Procedure would continue to apply during the motion practice governed by the Court's scheduling order.  (Dkt. 108.)  Among other things, Defendants stated that, without clarification from the Court, the scheduling order may preclude them from "conducting discovery before the briefs required under the Scheduling Order are due."  (Dkt. 108 at 4.)  In response, FERC argued that "the Court's scheduling order is clear and not in need of clarification."  (Dkt. 110 at 2.)  On October 28, 2015, this Court denied Defendants' motion for clarification.  (Dkt. 112.)  Defendants interpret the Court's rulings to mean

that Defendants are unable to seek discovery at this procedural juncture as of right and that therefore the appropriate process for taking discovery is to seek the Court's leave.

This Court's scheduling order has directed Defendants to submit their opposition to FERC's motion to affirm no later than February 1, 2016.

## II.   GOOD CAUSE EXISTS TO GRANT DEFENDANTS LEAVE TO TAKE LIMITED DISCOVERY

On November 2, 2015, FERC filed materials with this Court pursuant to the Court's order to file the administrative record used by FERC in assessing civil penalties against Defendants. These materials do not include evidence essential to Defendants' opposition to FERC's forthcoming motion to affirm its penalty assessment order.  For example, although FERC claims that Defendants engaged in manipulative trading at four trading points from November 2006 to December 2008, FERC's administrative record omits the complete, unredacted set of transaction-level data reflecting the trading engaged in by Defendants.  (*See* Dkt. 115 at 2-28 (Administrative Record Index).)

Critically, the administrative record also does not appear to contain FERC's full investigative record, including but not limited to all of the depositions FERC took of third parties in this case, or all responses to data requests or other submissions that third parties provided to FERC.  (*See, e.g.*, Dkt. 115, Administrative Record Tab F(a) (Vath Testimony Exhibits) and Tab F(e) (JPMorgan Emails and IMs) (beginning bates numbers of JPMorgan's documents in the administrative record at JPM000876 and reflecting subsequent non-continuous bates numbers of JPMorgan's documents).)  Likewise, the administrative record does not appear to contain all of the testimony that Defendants believe was obtained from third parties involved in the communications that FERC relies upon to allege scienter on the part of Defendants.  (*See* Dkt. 115, at Tab F(a) (Administrative Record, Transcripts and Exhibits).)  This Court should not consider whether to affirm FERC's order on the basis of the record filed with the Court without affording Defendants the opportunity to examine whether that record omits relevant information in FERC's possession that may be helpful to Defendants' defense.  Nor would Defendants have a full and fair opportunity to respond to FERC's motion to affirm its order on the basis of that record, unless they have the

opportunity to argue that this record presents only a subset of the evidence available to FERC's staff. These concerns are even more acute due to the unprecedented size of the civil penalty FERC seeks here.

In addition, the administrative record does not contain facts regarding physical delivery of power necessary to establish that jurisdiction is proper and that the statutory prohibition against energy market manipulation applies to the types of transactions at issue in this case. (*See id.* at Tab F.)

In order to present evidence essential to Defendants' opposition to FERC's motion to affirm, Defendants must, at a minimum, have the opportunity to take the following limited discovery:

First, Defendants must have the opportunity to obtain from Intercontinental Exchange, Inc. ("ICE") the relevant trading data and information necessary to interpret it. (*See* ICE subpoena, attached to Nolan Decl. as Exhibit 1 ("ICE Subpoena").) To show that FERC has not met its burden of proving that Defendants manipulated certain ICE Indices, Defendants need—but do not have—a complete, unredacted set of raw trading data reflecting transactions, bids, and offers by all market participants at relevant times. Those data will allow Defendants to put the allegedly manipulative trades in context and to test FERC's unproven assertion that those trades affected trading by other market participants. The data included in the record FERC filed have significant gaps and ICE has the information necessary to fill them. (*See, e.g.*, Dkt. No. 115, at Tab F(b) (ICE data without all unconsummated offers and bids and missing full counterparty information, among other missing data fields).) Also, to address FERC's claim that Defendants' trading affected ICE Index prices, Defendants must take discovery from ICE concerning its method of using trading information to calculate those prices. This evidence is indispensable to any determination of liability and penalties. (*See* ICE Subpoena.)

Defendants also seek discovery of information regarding independent investigations into their trading conduct. For example, Defendants are aware that ICE—the very entity that runs the markets at issue—conducted an independent investigation into the conduct alleged in this case and found no wrongdoing by Barclays. (*See* ICE Subpoena.) Without an opportunity to take discovery

into this issue, Defendants cannot evaluate why the entity with the greatest knowledge regarding the markets at issue found no wrongdoing by Barclays—and to use that information in aid of their defense.

Second, Defendants must also have the opportunity to obtain discovery from FERC. For example, the materials FERC deems to be its administrative record is only a subset of FERC's full investigative record. (*See, e.g.*, Dkt. 115, Administrative Record Index at Tab F(a) (Vath Testimony Exhibits) and Tab F(e) (JPMorgan Emails and IMs) (beginning bates numbers of JPMorgan's documents in the administrative record at JPM000876 and reflecting subsequent non-continuous bates numbers of JPMorgan's documents).) Defendants do not know what the full investigative record contains, but believe it includes, among other things, records of third-party depositions and interviews, as well as responses to data requests, omitted from the administrative record. Defendants should have the opportunity to review these third-party materials to determine whether they contain evidence that should have been included in the administrative record and that undermines the basis of FERC's complaint. (*See* Barclays First Request for Documents, attached to Nolan Decl. as Exhibit 2 ("FERC Request").)

While the administrative record includes a number of communications involving Barclays' traders and third parties, on which FERC relies as evidence of manipulative intent, it appears to omit third-party depositions and interviews or other submissions addressing how participating third parties interpreted those communications. Defendants must have the opportunity to discover this third-party evidence from FERC and evaluate whether the third-party depositions or interviews supported or belied FERC's conclusions, and whether additional third-party discovery is necessary. (*See* FERC Request.)

Finally, Defendants need the opportunity for discovery of the factual basis for FERC's assertions that jurisdiction is proper and that the trading at issue falls within the statutory prohibition of market manipulation. (*See* FERC Request.)

Defendants underscore that the discovery set forth above reflects only the limited, targeted discovery necessary to respond to FERC's motion to affirm, in light of the materials FERC submitted as a record to this Court. Defendants continue to maintain that they are entitled to

4

broader discovery necessary to refute FERC's allegations and support Defendants' defenses in the course of the "review de novo" provided by statute.  16 U.S.C. § 823b(d)(3)(B).

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully move the Court for an order granting Defendants leave to take the limited discovery described above.  Defendants also respectfully request that the Court adjourn the deadline for opposing FERC's motion to affirm by 90 days—a period reasonably calculated to secure factual responses to the limited discovery.

1 | DATED: November 9, 2015

2
3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for BARCLAYS BANK PLC

DATED: November 9, 2015

CADWALADER, WICKERSHAM & TAFT LLP

By: /s/ Gregory A. Markel (as authorized on 11/9/2015)
Gregory A. Markel
Attorneys for BARCLAYS BANK PLC

DATED: November 9, 2015

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Seth Waxman (as authorized on 11/09/2015)
Seth P. Waxman
Attorneys for BARCLAYS BANK PLC

DATED: November 9, 2015

McGUIREWOODS LLP

By: /s/ Todd Mullins (as authorized on 11/09/2015)
Todd Mullins
Attorneys for DANIEL BRIN and SCOTT CONNELLY

DATED: November 9, 2015

PAUL HASTINGS LLP

By: /s/ Michael L. Spafford (as authorized on 11/09/2015)
Michael L. Spafford
Attorneys for KAREN LEVINE and RYAN SMITH