UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK PLC, DANIEL BRIN, SCOTT CONNELLY, KAREN LEVINE, and RYAN SMITH,<br><br>Defendants. | No. 2:13-cv-2093-TLN-DAD<br><br>**ORDER** |

On November 9, 2015, Defendants filed a motion for leave to serve limited discovery. (ECF No. 118.) On November 25, 2015, FERC filed an opposition. (ECF No. 122.) On December 3, 2015, Defendants filed a reply.[1] (ECF No. 126.)

Defendants seek discovery from FERC including: 1) FERC's investigative file; 2) all documents and communications concerning the relevant trading activity; 3) FERC's penalty assessment and disgorgement calculations; 4) documents and communications concerning FERC's jurisdiction over the relevant trading activity; and 5) documents and communications concerning FERC's contentions that Defendants delivered electricity. (*See* ECF No. 118-1,

---

[1] Per the October 2, 2015, scheduling order, FERC filed its administrative record on November 2, 2015, and the motion to affirm penalties on December 2, 2015. Defendants' opposition is due by February 1, 2016. (ECF Nos. 106, 115 & 125.)

1

1  Nolan Decl., Ex. 2.)

2  Defendants seek discovery from Intercontinental Exchange, Inc. ("ICE") including
3  documents and communications that concern: 1) particular trading activity on ICE ECM by
4  Defendants and non-parties, during the relevant time period; 2) ICE investigations into
5  Defendants' trading activity; 3) information provided by ICE to FERC, the Commodity Futures
6  Trading Commission ("CFTC") or other agencies, relative to Defendants' trading; 4) the purpose,
7  use and function of Reserve Quantity Orders; 5) the methodology that ICE used to calculate the
8  ICE Day-Ahead Index; 6) whether and/or how it was possible for Defendants to schedule the
9  delivery of electricity; and 7) information provided by ICE to the CFTC pursuant to CFTC Rule
10 36.3.  (*See* ECF No. 118-1, Nolan Decl., Ex. 1.)

11 The Court has reviewed and considered Defendants' stated reasons for conducting
12 discovery and does not find discovery is warranted at this juncture.  The Court has not yet
13 considered whether the record already submitted, which FERC represents totals nearly 8,500
14 pages and includes Defendants' trades, communications, testimony, and data analyses, is
15 sufficient for this Court's de novo review.  (ECF No. 122 at 3.)  The Court will make that
16 determination relative to the briefs due per the scheduling order filed on October 2, 2015.
17 Defendants may reiterate their argument in their to-be-filed opposition that the submitted record
18 is insufficient.  If the Court determines additions to the record and/or discovery are required after
19 briefing has been completed per the October 2, 2015 scheduling order, an order from this Court
20 will issue in due course.  For those reasons, Defendants' motion to serve limited discovery (ECF
21 No. 118) is DENIED.

22 Dated:  December 18, 2015

25 Troy L. Nunley
United States District Judge