1  THOMAS J. NOLAN (SBN 66992)
   Thomas.Nolan@skadden.com
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
3  300 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-3144
4  Telephone:     (213) 687-5000
   Facsimile:     (213) 687-5600
5
6  *Please see continuation page for a complete
   list of the defendants and their counsel.*
7
8
9
10
11
12                IN THE UNITED STATES DISTRICT COURT
13             FOR THE EASTERN DISTRICT OF CALIFORNIA
14

15  FEDERAL ENERGY REGULATORY          )  CASE NO.: 2:13-cv-02093-TLN-EFB (TEMP)
    COMMISSION,                        )
16                                     )  **REPLY IN SUPPORT OF DEFENDANTS'**
            Plaintiff,                 )  **MOTION FOR A STAY OF DISTRICT**
17                                     )  **COURT PROCEEDINGS PENDING APPEAL**
        v.                             )
18                                     )
19  BARCLAYS BANK PLC; DANIEL          )  Date:        February 11, 2016
    BRIN; SCOTT CONNELLY; KAREN        )  Time:        2:00 p.m.
20  LEVINE; and RYAN SMITH,            )  Presiding:   Hon. Troy L. Nunley
                                       )  Courtroom:   2
21          Defendants.                )  Trial Date:  None Set
                                       )
22                                     )
                                       )
23                                     )
                                       )
24                                     )
25
26
27
28

---

REPLY SUPPORTING MOTION FOR A STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL

**CONTINUATION SHEET: DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

STEVEN R. GLASER (Admitted *Pro Hac Vice*)
Steven.Glaser@skadden.com
BORIS BERSHTEYN (Admitted *Pro Hac Vice*)
Boris.Bershteyn@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:     (212) 735-3000
Facsimile:     (212) 735-2000

PATRICK FITZGERALD (Admitted *Pro Hac Vice*)
Patrick.Fitzgerald@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone:     (312) 407-0700
Facsimile:     (312) 407-0411

JOHN N. ESTES III (Admitted *Pro Hac Vice*)
John.Estes@skadden.com
DONNA M. BYRNE (Admitted *Pro Hac Vice*)
Donna.Byrne@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:     (202) 371-7000
Facsimile:     (202) 393-5760

GREGORY A. MARKEL (Admitted *Pro Hac Vice*)
Greg.Markel@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone:     (212) 504-6000
Facsimile:     (212) 504-6666

PAUL J. PANTANO JR. (Admitted *Pro Hac Vice*)
Paul.Pantano@cwt.com
JODI L. AVERGUN (Admitted *Pro Hac Vice*)
Jodi.Avergun@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C. 20001
Telephone:     (202) 862-2410
Facsimile:     (202) 862-2400

Attorneys for BARCLAYS BANK PLC

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

SETH P. WAXMAN (Admitted *Pro Hac Vice*)
Seth.Waxman@wilmerhale.com
DAN M. BERKOVITZ (Admitted *Pro Hac Vice*)
Dan.Berkovitz@wilmerhale.com
JONATHAN G. CEDARBAUM (Admitted *Pro Hac Vice*)
Jonathan.Cedarbaum@wilmerhale.com
HEATHER M. ZACHARY (Admitted *Pro Hac Vice*)
Heather.Zachary@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:     (202) 663-6000
Facsimile:      (202) 663-6363

MARK C. KALPIN (Admitted *Pro Hac Vice*)
Mark.Kalpin@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:     (617) 526-6000
Facsimile:      (617) 526-5000

Attorneys for BARCLAYS BANK PLC

LESLIE M. WERLIN (SBN 67994)
lwerlin@mcguirewoods.com
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:     (310) 315-8200
Facsimile:      (310) 315-8210

TODD MULLINS (Admitted *Pro Hac Vice*)
tmullins@mcguirewoods.com
McGUIREWOODS LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:     (202) 857-1752
Facsimile:      (202) 828-3320

ALLISON D. CHARNEY (Admitted *Pro Hac Vice*)
acharney@mcguirewoods.com
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
Telephone:     (212) 548-2166
Facsimile:      (212) 715-6279

Attorneys for DANIEL BRIN
and SCOTT CONNELLY

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

HOLLY A. HOUSE (SBN 136045)
hollyhouse@paulhastings.com
PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, California 94105
Telephone:     (415) 856-7000
Facsimile:     (415) 856-7100

MICHAEL L. SPAFFORD (Admitted *Pro Hac Vice*)
michaelspafford@paulhastings.com
VICTORIA T. EARLS (Admitted *Pro Hac Vice*)
victoriaearls@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 551-1700
Facsimile:     (202) 373-1705

Attorneys for KAREN LEVINE
and RYAN SMITH

1

**ARGUMENT**

2       Controlling Ninth Circuit precedent demonstrates that the Ninth Circuit has jurisdiction

3  over Defendants' appeal, that Defendants will suffer irreparable constitutional, reputational, and

4  legal harm absent a stay, and that Defendants have raised a serious legal question.  In light of this

5  precedent, this Court should grant Defendants' request and allow the Ninth Circuit to rule on

6  Defendants' appeal before conducting further proceedings that may result in a penalty of almost

7  $500 million on the Defendants.  The arguments of the Federal Energy Regulatory Commission

8  ("FERC") to the contrary are directly at odds with both controlling case law and the positions

9  FERC recently has taken in similar pending district court actions.

10  **I.     The Ninth Circuit Has Jurisdiction Under The Collateral Order Doctrine And**

11         **Through Mandamus Review**

12       **A.     Collateral Order Doctrine**

13       The Scheduling Order conclusively determined that FPA subsection 31(d)(3) allows the

14  Court to summarily affirm FERC's penalty assessment without discovery, a procedural issue

15  separate from the merits and effectively unreviewable absent an immediate appeal.

16              **1.     The Court conclusively determined the procedures to be followed and**
                        **FERC has cited the Scheduling Order for that very proposition**

17

18       The dispute presented here is _not_ whether Defendants <u>might eventually</u> get discovery.

19  Instead, it is whether Defendants are entitled under FPA section 31(d) to discovery <u>before</u> the

20  Court considers whether to summarily affirm FERC's penalty assessment.   Although FERC

21  maintains (at 6) that the Scheduling Order did not conclusively determine this issue, FERC has said

22  just the opposite in at least three other proceedings in which the exact same issue has been raised.

23  In its brief "regarding review procedures mandated by the Federal Power Act," filed in _FERC v._

24  _Powhatan Energy Fund, LLC_, No. 3:15-cv-00452 (E.D. Va.), on December 31, 2015, for example,

25  FERC states that the Scheduling Order _in this case_ "address[ed] the question of procedures under

26  FPA § 31(d)(3)" and "adopted" FERC's position that Defendants are not entitled to discovery

27  before having to respond to FERC's motion for summary affirmance of its penalty assessment

28  order.  _Powhatan_ Br. 8.  FERC has characterized the Scheduling Order in the same way in two

---

REPLY SUPPORTING MOTION FOR A STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL

1 other recent submissions.[1]   As FERC's *Powhatan* brief candidly states, this Court's Scheduling

2 Order "adopted" FERC's position and conclusively determined that Defendants have no such

3 entitlement.  *See Powhatan* Br. 8.

4        Alternatively, FERC suggests that the Court has the discretion to enter the equivalent of a

5 summary judgment against Defendants without allowing any discovery.  *See* Opp'n 7.   Controlling

6 Ninth Circuit precedent, however, does not permit this procedure.   Although district courts have

7 "broad discretion to manage discovery and to control the course of litigation," *Hunt v. Cty. of*

8 *Orange*, 672 F.3d 606, 616 (9th Cir. 2012), courts must allow a "realistic opportunity to pursue

9 discovery" before considering entering judgment, *Burlington N. Santa Fe R.R. Co. v. Assiniboine*

10 *& Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).[2]   Federal Rule of

11 Civil Procedure 26 allows a district court to limit discovery only "for good cause."  Fed. R. Civ. P.

12 26(c).  And the burden is on the party opposing discovery "to 'show good cause' by demonstrating

13 harm or prejudice that will result from the discovery."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063

14 (9th Cir. 2004) (quoting Fed. R. Civ. P. 26(c)).   FERC has not attempted to meet that burden.

15        Due process requires courts to "afford the parties a full opportunity to present their

16 respective cases" before ruling on the merits.   *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395

17 (1981) (quoting *Pughsley v. 3750 Lake Shore Drive Coop. Bldg.*, 463 F.2d 1055, 1057 (7th Cir.

18 1972)).   Thus, contrary to FERC's suggestion, the discretion the Federal Rules afford the Court to

19

---

20 [1]     *See* Tr. Oral Arg. 26-29, *FERC v. Maxim Power Corp.*, No. 3:15-cv-30113 (D. Mass. Dec.

21 17, 2015) (FERC counsel describing "Barclays scheduling order" as the model to follow in response to court's observation of a "fundamental difference [between the parties] that needs to be

22 resolved"); Brief for FERC in Opposition to Motion to Dismiss, *FERC v. City Power Mktg., LLC*, No. 1:15-cv-1428 (D.D.C. Dec. 22, 2015) (arguing that "[t]he Court [s]hould [f]ollow the

23 [p]ractical, [c]ommonsense [a]pproach [e]mployed by the District Court in the Barclays [c]ase").

24 [2]     *Accord Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("[T]he

25 Supreme Court has restated [Rule 56(d)] as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to

26 its opposition'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986))); *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th

27 Cir. 2013) (en banc) (parties must "be afforded a reasonable opportunity for discovery" when motion to dismiss converted to motion for summary judgment under Rule 12(d) (quoting *Gay v.*

28 *Wall*, 761 F.2d 175, 177 (4th Cir. 1985))).

REPLY SUPPORTING MOTION FOR A STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL

1    manage discovery does not give it the authority to proscribe all (let alone reasonably essential)

2    discovery before Defendants are required to oppose, and the Court issues a ruling on, FERC's

3    Motion to Affirm.

4                    **2.      The procedures governing an action under FPA subsection 31(d) are
                              separate from the merits of FERC's claims**
5

6            FERC offers neither authority nor reasoning to support its contention (at 7) that the

7    Scheduling Order is "not 'completely separate'" from the merits of the Court's de novo review.  A

8    decision is separate from the merits if it does not "involve[] considerations that are 'enmeshed in

9    the factual and legal issues comprising the plaintiff's cause of action.'"  *Coopers & Lybrand v.*

10   *Livesay*, 437 U.S. 463, 469 (1978).[3]  Here, Defendants challenge the Court's interpretation of the

11   procedures that govern an action under FPA subsection 31(d)(3).  That determination is both

12   factually and legally unrelated to the Court's determination of whether Defendants engaged in

13   market manipulation.

14                   **3.      The Court's decision is effectively unreviewable because it inflicts
                              multiple types of irreparable injury on Defendants**
15

16           FERC does not dispute the well-established proposition that a decision is effectively

17   unreviewable on appeal when it will result in irreparable harm.[4]  Instead, FERC denies (at 9-13)

18   that the three types of irreparable harm that Defendants would suffer—constitutional, reputational,

19   and legal—warrant a stay.  But FERC is wrong.

20

21

22

23   _____

24   [3]     *Accord Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1308-09 (9th Cir.

25   1981) ("preliminary procedural determinations about how the trial … will proceed" are
     quintessentially "separate from, and collateral to, rights asserted in the action" (quoting *Cohen v.*

26   *Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949))); *see also United States v. LKAV*, 712
     F.3d 436, 439 (9th Cir. 2013); *Wharton v. Calderon*, 127 F.3d 1201, 1204 (9th Cir. 1997).

27   [4]     *See United States v. Griffin*, 440 F.3d 1138, 1142 (9th Cir. 2006); *Abernathy v. Southern*

28   *Cal. Edison*, 885 F.2d 525, 529 (9th Cir. 1989); *Bradshaw*, 662 F.2d at 1311, 1320.

1  The Supreme Court and Ninth Circuit have held that constitutional violations often result in

2  irreparable harm.[5]  The cases FERC cites are inapposite—the issue here concerns Defendants' right

3  to conduct discovery and defend themselves before a jury as required by the Constitution and the

4  FPA.  Denial of these fundamental procedural rights may lead to an ill-informed judgment against

5  Defendants; a result that cannot be adequately remedied through a postjudgment appeal.

6  The Ninth Circuit has also held that reputational harm and the attendant loss of one's

7  livelihood are indeed irreparable for the purpose of determining irreparable harms.  *See Nelson*,

8  530 F.3d at 882 ("Moreover, the loss of one's job does not carry merely monetary consequences; it

9  carries emotional damages and stress, which cannot be compensated by mere back payment of

10  wages.").  In none of the Second, Sixth, and Tenth Circuit decisions FERC cites (*see* Opp'n 11-12)

11  was a defendant deprived of his right to a trial governed by the Federal Rules resulting in

12  substantial reputational and professional harm.[6]

13  To support its argument, FERC mischaracterizes the Ninth Circuit's holding in *American*

14  *Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046 (9th Cir. 2009), and asserts (at

15  11) that "the injury in that case had nothing to do with reputational harm."  But in *American*

16  *Trucking*, the court recognized that "the loss of goodwill and reputation" can result in irreparable

17  harm.  *See id.* at 1057.  Because the appellant was threatened with "at the very least a loss of

18  customer goodwill" and possibly the loss of the whole business, *id.* at 1058, consistent with prior

19  precedent the court held that these professional and reputational injuries constituted irreparable

20

21

22  _____

23  [5]    *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992); *Nelson v. Nat'l*
*Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S.

24  134 (2011); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (3d ed.)
("When an alleged deprivation of a constitutional right is involved … most courts hold that no

25  further showing of irreparable injury is necessary.").

26  [6]    *See Linde v. Arab Bank, PLC*, 706 F.3d 92, 95 (2d Cir. 2013) (appealing sanction); *United*

27  *States v. Dickstein*, 971 F.2d 446, 451 (10th Cir. 1992) (appealing order revoking attorney's *pro*
*hac vice* status); *John Doe Corp. v. United States*, 714 F.2d 604, 606 (6th Cir. 1983) (appealing

28  decision not to dismiss criminal indictment).

REPLY SUPPORTING MOTION FOR A STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL

1   harm.[7]  A stay is necessary to prevent the Court from proceeding under an incorrect interpretation

2   of the FPA, wrongly finding Defendants liable for market manipulation, and imposing an

3   unprecedented monetary fine of almost $500 million, all of which will result in further reputational

4   harm to the individual defendants.[8]

5       Finally, FERC states that the possible preclusive effect of the Court's decision will not

6   result in irreparable harm because Defendants might succeed in overcoming preclusion.  *See* Opp'n

7   12.  But Defendants need not establish that irreparable harm is a certainty.[9]  Just as FERC has

8   relied on the Court's Scheduling Order for support in other cases, it is probable that current and

9   future civil plaintiffs will attempt to rely on a decision affirming FERC's penalty assessment.  And

10  if they were to prevail, there is little chance that Barclays would recover any such payment after

11  appealing a final judgment in this proceeding.

12      For these reasons, and those discussed in Defendants' opening brief, a stay will prevent

13  irreparable harm.

14      **B.    Mandamus Review**

15      In addition to the collateral order doctrine, the Ninth Circuit has jurisdiction to address the

16  merits of Defendants' appeal through its mandamus authority.  FERC's suggestion (at 7 n.4) that

17  Defendants are barred from mandamus relief because of a failure to follow Federal Rule of

18  Appellate Procedure 21 is contrary to abundant Ninth Circuit precedent.  The Ninth Circuit has

19  repeatedly explained that it will "treat [a] notice of appeal as a petition for a writ of mandamus."

20

21

---

22  [7]    *Accord Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597,
23  603 (9th Cir. 1991); *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 520 (9th Cir.
24  1984).

25  [8]    The individual Defendants filed declarations with the Court on February 1 that detail the
    reputational and professional harms that they have and will continue to suffer in the absence of a
26  stay.  *See* Dkts. 146-47, 150-51.

27  [9]    *See In re Deepwater Horizon*, 785 F.3d 1003, 1009 (5th Cir. 2015) (order effectively
    unreviewable because of "potential[]" distribution of funds); *see also Leiva-Perez v. Holder*, 640
28  F.3d 962, 968 (9th Cir. 2011) (requiring only *probable* irreparable harm" (emphasis added)).

1 | *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc).[10]  FERC fails to acknowledge this

2 | precedent, and instead incorrectly relies on a single 35-year-old decision, *Jones & Guerrero Co. v.*

3 | *Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (per curiam), that was abrogated by the later en

4 | banc decision in *Miller*.[11]

5 | FERC also contends that mandamus relief is unavailable because Defendants cannot

6 | demonstrate that the Court's decision was clearly erroneous.  That question is not relevant in this

7 | context, *see infra* Part II, and is one for the Ninth Circuit to decide.  Nevertheless, Defendants

8 | respectfully maintain that the Court clearly erred, as the text, structure, and history of FPA

9 | subsection 31(d)(3) all require a plenary adjudication of FERC's penalty assessment under the

10 | Federal Rules of Civil Procedure.

11 | *First*, subsection 31(d)(3) requires that FERC institute "an action" in district court that is

12 | presumptively governed by the Federal Rules of Civil Procedure.[12]

13 | *Second*, the statute expressly requires the Court to review de novo "the facts involved," 16

14 | U.S.C. § 823b(d)(3)(B), and not an administrative record as required in other statutory schemes.[13]

15 | "[W]here Congress intends review to be confined to the administrative record, it so indicates, either

16 | ─────────────────────────

17 | [10]  *Accord Stanley v. Chappell*, 764 F.3d 990, 996 (9th Cir. 2014); *Hernandez v. Tanninen*, 604

18 | F.3d 1095, 1099 (9th Cir. 2010); *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 998 (9th Cir. 2003).

19 | [11]  Even if *Jones* was not abrogated, it still would not be relevant here.  In *Jones*, the appellant

20 | attempted to rely on a doctrine that the Ninth Circuit had held could be reviewed *only* by mandamus.  *See* 650 F.2d at 1074.  Here, review of Defendants' legal arguments is not explicitly

21 | limited to mandamus.  Defendants' alternative request for mandamus review is therefore sufficient to provide the Ninth Circuit with jurisdiction.  *See, e.g.*, *Perry v. Schwarzenegger*, 591 F.3d 1147,

22 | 1154 (9th Cir. 2009) (granting writ of mandamus where appellants appealed and petitioned for writ of mandamus "in the alternative").

23 |

24 | [12]  *See SEC v. McCarthy*, 322 F.3d 650, 656-57 (9th Cir. 2003) ("Absent express statutory authorization stating otherwise, there is no question that the Federal Rules govern all 'actions'

25 | before the district courts of the United States.").

26 | [13]  *See, e.g.*, 5 U.S.C. § 552(a)(4)(A)(vii) ("the court's [de novo] review of the matter shall be limited to the record before the agency"); 16 U.S.C. § 839f(e)(2) ("The record upon review of such

27 | final actions shall be limited to the administrative record[.]"); 21 U.S.C. § 467(c) ("Judicial review of any such order shall be upon the record upon which the determination and order are based."); 38

28 | U.S.C. § 7462(f)(2) ("the court shall review the record").

REPLY SUPPORTING MOTION FOR A STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL

expressly or by use of a term like 'substantial evidence,' which has 'become a term of art to describe the basis on which an administrative record is to be judged by a reviewing court.'" *Chandler v. Roudebush*, 425 U.S. 840, 862 (1976).

*Third*, other statutes providing for "de novo" determinations require a court to look beyond an administrative record.[14]  Indeed, the Ninth Circuit has interpreted 42 U.S.C. § 5851(b)(4), which similarly provides for "de novo review in the appropriate district court," to authorize a trial de novo.  *See Tamosaitis v. URS Inc.*, 781 F.3d 468, 488 (9th Cir. 2015).

*Fourth*, the structure of subsection 31(d)(3) suggests that a plenary adjudication is required. The statute allows accused parties to choose one of two paths for review of a civil penalty order: (1) "an agency hearing pursuant to section 554 of [the Administrative Procedure Act ("APA")] before an administrative law judge," 16 U.S.C. § 823b(d)(2)(A), or (2) through "an action [brought by FERC] in the appropriate district court of the United States for an order affirming the assessment of the civil penalty," *id.* § 823b(d)(3)(B).  It is inconceivable that Congress intended for parties choosing the district court route to receive fewer rights with respect to discovery and adversarial process than if they had elected an administrative proceeding.[15]

*Fifth*, the legislative histories of companion statutes that also provide for "de novo review of the law and the facts involved" reflect Congress's understanding of that phrase as requiring a de novo trial in district court.  The Atomic Energy Act, for example, includes the same two-path approach as FPA subsection 31(d)(3).  *See* 42 U.S.C. § 2282a(c).  In characterizing the meaning of "de novo review of the law and the facts involved," the Senate report explains that penalty respondents "may elect administrative assessment of the penalty … or a trial de novo in the appropriate district court of the United States."  S. Rep. No. 100-70, at 23 (1988), *reprinted in* 1988 U.S.C.C.A.N. 1425, 1436.

---

[14]     *See, e.g.*, *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 866 (D.C. Cir. 1989) (de novo review not limited to administrative record; court to "receive evidence from both sides").

[15]     *Cf. Wilson v. Commissioner*, 705 F.3d 980, 990 (9th Cir. 2013) ("usual APA procedures do not apply" where "no formal administrative procedure for a contested case at which the taxpayer may present her case").

1    *Sixth*, FERC itself has repeatedly characterized FPA subsection 31(d) actions as ones in

2    which defendants are entitled to a "trial de novo."[16]   FERC offers no explanation why its prior

3    pronouncements on this fundamental issue are no longer true.

4            Each of these analyses leads to the same conclusion:   In a district court action under

5    subsection 31(d)(3), the Federal Rules of Civil Procedure, including the Rules on discovery and

6    jury trial, govern, and the record is not limited to the materials placed before the court by FERC.

7    In the absence of a stay pending appeal, Defendants will suffer irreparable harm as a result of being

8    required to defend themselves based solely on an under-developed record.  *See supra* Part I.A.3.

9    Thus, mandamus review is available to correct the Court's erroneous interpretation of the statute.

10   **II.      Defendants Have Raised A Serious Legal Question**

11           FERC acknowledges (at 5 n.3) that, to justify a stay, Defendants need only demonstrate that

12   "serious legal questions are raised."  *Leiva-Perez*, 640 F.3d at 968.  That standard is satisfied by an

13   undecided question of statutory interpretation.  *See Students of Cal. Sch. for the Blind v. Honig*,

14   736 F.2d 538, 544-46 (9th Cir. 1984).  Here, this Court decided an issue of first impression when it

15   ruled that it has the authority under FPA subsection 31(d) to forego discovery and enforce FERC's

16   penalty assessment order—which requires finding that Defendants manipulated the electricity

17   markets—relying solely on a purported "administrative record" provided by FERC.  As noted

18   above, the nature of the procedures mandated by subsection 31(d) is currently being contested in at

19   least three other district courts, where FERC has argued that this Court's Scheduling Order

20

21

---

22   [16]     *See Energy Transfer Partners, LP*, 121 FERC ¶ 61,282, at 62,471 (2007) (through identical

23   "review de novo" language in Natural Gas Policy Act, "Congress created an affirmative right for
     the person to receive review of [FERC's] assessment in a trial de novo in district court");

24   *Consumers Power Co.*, 68 FERC ¶ 61,077, at 61,380 (1994), *amended by* 70 FERC ¶ 62,074
     (1995) ("[FPA section 31(d)] requires … the opportunity for a hearing on the record before an

25   Administrative Law Judge or a trial de novo in federal court"); *Burt Dam Power Co.*, 49 FERC
     ¶ 61,007, at 61,025 (1989) (describing FPA's procedural options as choice between "the

26   Commission's administrative procedures" or "judicial adjudicative procedures"); Procedures for

27   the Assessment of Civil Penalties Under Section 31 of the Federal Power Act, 53 Fed. Reg. 32,035,
     32,038 (Aug. 23, 1988) (FERC's penalty assessment order "merely triggers the process leading to a

28   de novo trial").

resolved the issue in FERC's favor and paved the way for those other courts.[17]  Whether this Court did so correctly, however, is—at a minimum—an issue of statutory interpretation that the Ninth Circuit has not addressed and therefore raises a serious legal question.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and issue an order staying the proceedings pending resolution of Defendants' appeal to the United States Court of Appeals for the Ninth Circuit.

DATED:  February 4, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*/s/ Thomas J. Nolan*_____
Thomas J. Nolan
Attorneys for BARCLAYS BANK PLC

DATED:  February 4, 2016

CADWALADER, WICKERSHAM & TAFT LLP

By: */s/ Gregory A. Markel (as authorized on 02/04/2016)*
Gregory A. Markel
Attorneys for BARCLAYS BANK PLC

DATED:  February 4, 2016

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Seth P. Waxman  (as authorized on 02/04/2016)*
Seth P. Waxman
Attorneys for BARCLAYS BANK PLC

---

[17]   *See FERC v. City Power Mktg., LLC*, No. 1:15-cv-1428 (D.D.C. filed Sept. 9, 2015); *FERC v. Powhatan Energy Fund, LLC*, No. 3:15-cv-00452 (E.D. Va. filed July 31, 2015); *FERC v. Maxim Power Corp.*, No. 3:15-cv-30113 (D. Mass. filed July 1, 2015).

REPLY SUPPORTING MOTION FOR A STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL

DATED:  February 4, 2016

McGUIREWOODS LLP

By:  */s/ Todd Mullins  (as authorized on 02/04/2016)*
Todd Mullins
Attorneys for DANIEL BRIN and SCOTT CONNELLY

DATED:  February 4, 2016

PAUL HASTINGS LLP

By:  */s/ Michael L. Spafford  (as authorized on 02/04/2016)*
Michael L. Spafford
Attorneys for KAREN LEVINE and RYAN SMITH

REPLY SUPPORTING MOTION FOR A STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL