UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK PLC; DANIEL BRIN; SCOTT CONNELLY; KAREN LEVINE; and RYAN SMITH,<br><br>Defendants. | No. 2:13-cv-2093-TLN-EFB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING APPEAL** |

The matter is before the Court on Defendant Barclays Bank PLC, Daniel Brin, Scott Connelly, Karen Levine, and Ryan Smith's ("Defendants") motion for a stay of proceedings in this matter, pending their appeal to the Ninth Circuit. For the reasons discussed below, the motion is DENIED.

**I. Background**

A. Proceedings in this Court

The Federal Energy Regulatory Commission ("FERC") filed the petition instituting this action on October 9, 2013. Defendants subsequently filed a motion to dismiss, which the Court denied by written order dated May 19, 2015. (*See* Amended Order, May 21, 2015, ECF No. 88.)

1

On October 2, 2015, a scheduling order (the "scheduling order") issued from this Court. (ECF No. 106.) The scheduling order bifurcated the Court's review of FERC's assessment of a disgorgement amount from the Court's review of the assessed penalties. The order provided that FERC file the administrative record by November 2, 2015, and a motion to affirm penalties by December 2, 2015. Defendants were ordered to file an opposition by February 1, 2016. FERC was ordered to file any reply by February 22, 2016, which has since been extended to March 18, 2016. (ECF Nos. 106, 162.) The scheduling order provided: "The Court will review FERC's assessment to determine whether penalties shall be affirmed, vacated, or modified. 16 U.S.C. § 823b(d)(3)(B). The Court will also consider whether a determination as to this assessment requires supplementation of the record submitted by FERC and/or alternative means of fact-finding." (ECF No. 106 at 2.)

The Court has denied Defendants' motion for leave to file further briefing on the scope of de novo review required in this matter, and Defendants' motion for clarification and amendment of the scheduling order. (ECF Nos. 106 n. 1, 112.)

On November, 9, 2015, Defendants filed a motion for leave to serve limited discovery. (ECF No. 118.) On December 18, 2015, the Court denied that motion. (ECF No. 133.) Therein, the Court stated discovery was not warranted at the current juncture, that no consideration had yet been made regarding the sufficiency of the record submitted by FERC, and "[i]f the Court determines additions to the record and/or discovery are required after briefing has been completed per the October 2, 2015 scheduling order, an order from this Court will issue in due course." (ECF No. 133 at 2.)

Also on November 9, 2015, Defendants filed with this Court its notice of appeal in the Ninth Circuit Court of Appeals from the Court's scheduling order (ECF No. 106) and the Court's October 28, 2015 order denying Defendants' motion for clarification and amendment of the scheduling order (ECF No. 112).[1] (ECF No. 119; Ct Appeals Case No. 15-cv-17251.)

On December 29, 2015, Defendants filed the instant motion for stay pending appeal.

---

[1] For brevity, the Court will refer generally just to an appeal of the scheduling order.

(ECF No. 134.)  FERC has filed an opposition and Defendants have filed a reply.  (ECF Nos. 135, 155.)

As of entry of the instant order, FERC has filed the administrative record and motion to affirm civil penalties.  (ECF Nos. 115, 125.)  Defendants have filed oppositions.  (ECF Nos. 136–138, 140–141.)

### B. Proceedings in the Court of Appeals

On review of the docket in the Court of Appeals, the Court notes the following.[2]  On December 3, 2015, the Clerk of the Court entered an order, stating in relevant part:

> It appears that the district court's order challenged in this appeal did not have dispose [sic] of the action as to all claims and all parties. Within 21 days after the date of this order, appellants shall move for voluntary dismissal of this appeal or show cause why it should not be dismissed for lack of jurisdiction. See Fed. R. Civ. P. 54(b); Chacon v. Babcock, 640 F.2d 221 (9th Cir. 1981). If appellants elect to show cause, a response may be filed within 10 days after service of the memorandum. If appellants do not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1. Briefing is suspended pending further order of the court.

(Ct. Appeals, ECF No. 29.)  On December 24, 2015, Defendants filed a response to the foregoing order to show cause.  (Ct. Appeals, ECF No. 37.)  On January 8, 2016, FERC filed a response. (Ct. Appeals, ECF No. 39.)  It appears Defendant made two arguments in the Court of Appeals as to why that Court had jurisdiction: the collateral order doctrine and the Court of Appeals' mandamus authority.

## II. Standard of Law

> [T]he factors regulating the issuance of a stay [pending appeal] are []: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Regarding the standard for granting a stay pending appeal, the Ninth Circuit has also provided:

> [W]e employ two interrelated legal tests that represent the outer

---

[2] The Court takes judicial notice of the docket for the Ninth Circuit Court of Appeals, Case No. 15-cv-17251. Accessed via www.pacer.gov on February 16, 2016.

3

> reaches of a single continuum. At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury … At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor … These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Further, we consider where the public interest lies separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay.

*Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (internal citations, alterations, quotation marks omitted).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

**III. Analysis**[3]

A. Success on the Merits and Irreparable Harm

Defendants argue the Court's scheduling order and order denying their motion for clarification and amendment violates their constitutional and statutory rights, including the right to a jury trial, to call witnesses, offer evidence, cross-examine FERC's witnesses, and the right to discovery. Defendants argue this case presents questions of first impression in this Circuit regarding the scope of de novo review required under the Federal Power Act, 16 U.S.C. § 823b(d)(3)(B). Defendants argue that where a question of statutory interpretation is undecided or unclear – e.g. the meaning of "de novo" – a serious legal question is present. *Students of Cal. Sch. for the Blind v. Honig*, 736 F.2d 538, 544–46 (9th Cir. 1984); *Bridge Fund Capital Corp. v. FastBuck Franchise Corp*., No. 2:08-cv-00767-MCE-EFB, 2009 WL 1325823 (E.D. Cal. May 12, 2009). Defendants argue the Court of Appeals is likely to find for Defendants on these procedural objections and whether a jury trial or other means of fact-finding are required, or alternatively that Defendants have raised serious legal questions relative to these issues.

In response, FERC argues the threshold issue of whether the Court of Appeals has

---

[3] The Court refers to the arguments from the parties' briefs (ECF Nos. 134, 135, 155) in ruling on the instant motion.

4

jurisdiction to hear the appeal is not likely to be resolved in Defendant's favor. Relevant to that issue, 28 U.S.C. § 1291 provides: "[t]he courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States." "A party generally may not take an appeal under § 1291 until there has been a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988) (citing *Catlin v. United States,* 324 U.S. 229, 233 (1945)). Federal Rule of Civil Procedure 54(b) also provides: "…any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties…."

Because Defendants' ability to establish jurisdiction by the Court of Appeals is a threshold issue, this Court now analyzes whether they are likely to establish jurisdiction.[4] The Clerk of the Court in the Ninth Circuit entered the following order, on December 3, 2015: "It appears that the district court's order challenged in this appeal did not have dispose [sic] of the action as to all claims and all parties. Within 21 days after the date of this order, appellants shall move for voluntary dismissal of this appeal or show cause why it should not be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 54(b); Chacon v. Babcock, 640 F.2d 221 (9th Cir. 1981)." As the Ninth Circuit has indicated, this Court has not made a liability determination as to any of the Defendants.

It appears Defendants' primary argument on appeal regarding jurisdiction is the collateral order doctrine. Under that doctrine, "a decision is final and appealable for purposes of § 1291 if it 'finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Van Cauwenberghe*,

---

[4] FERC cites *Robinson v. De la Vega*, No. 07-0409 JAH (NLS), 2008 WL 4748171, at *4 (S.D. Cal. Oct. 24, 2008) (denying a motion for stay pending appeal for reasons including: "the Court finds Plaintiff has failed to make a strong showing that he is likely to succeed on the merits of the appeal he filed … the Court's partial summary judgment order was not a final judgment and therefore the Court of Appeals is likely to dismiss it without prejudice for lack of jurisdiction").

486 U.S. at 522 (citing *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546 (1949)). The order from which Defendants appeal "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). "The order is appealable … only if the three requirements set out in *Coopers & Lybrand* are met." *Van Cauwenberghe*, 486 U.S. at 522.

The Court's prior orders did not conclusively determine whether Defendants have the right to a jury trial or another means of fact-finding, to call witnesses, to offer evidence, to cross-examine FERC's witnesses, or have the right to discovery.[5] The Court stated in the scheduling order: "The Court will review FERC's assessment to determine whether penalties shall be affirmed, vacated, or modified … The Court will also consider whether a determination as to this assessment requires supplementation of the record submitted by FERC and/or alternative means of fact-finding." (ECF No. 106 at 2.) The Court has not made a determination as to whether discovery is warranted. In its order denying Defendant's motion to serve discovery, this Court stated it would "make that determination relative to the briefs due per the scheduling order." The Court also stated that in those briefs, Defendants could restate their argument that the submitted record was insufficient. (ECF No. 133 at 2.) Thus, if it becomes apparent upon review of the briefs, record, and other supporting documents filed per the Court's scheduling order, that the Court cannot conduct a valid de novo review without discovery, or supplementation of the record, or other fact-finding including an evidentiary hearing or trial, the Court will issue an order in due course that sets forth the next steps in this litigation.

What the scheduling order has foreclosed is the Court's issuing an order as to whether discovery and/or a jury trial are required, prior to the Court's permitting FERC to file a motion affirming penalties. Thus, the relevant issue for the collateral order doctrine is the timing of when the Court is required to reach a conclusion on these matters. Defendants state this issue as:

---

[5] Defendants submit: "Although FERC maintains [] that the Scheduling Order did not conclusively determine this issue, FERC has said just the opposite in at least three other [unrelated] proceedings in which the exact same issue has been raised." (ECF No. 155 at 5–6). It appears Defendants can argue in those proceedings that FERC is misrepresenting this Court's scheduling order.

"[T]he discretion the Federal Rules afford the Court to manage discovery does not give it the authority to proscribe all (let alone reasonably essential) discovery before Defendants are required to oppose, and the Court issues a ruling on FERC's Motion to Affirm." (ECF No. 155 at 6–7.) Defendants argue the scheduling order "conclusively determined that FPA subsection 31(d)(3) allows the Court to summarily affirm FERC's penalty assessment without discovery, a procedural issue separate from the merits and effectively unreviewable absent an immediate appeal." (ECF No. 155 at 5.)

However, Defendants do not cite authority compelling this Court to resolve what discovery and/or fact-finding procedures must take place prior to issuing the instant scheduling order.[6] Defendants reference *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") It is not clear the information Defendants seek to discover is essential to its opposition, if FERC's position is accurate that Defendants' "own trades, communications, testimony, and data analyses comprise nearly all the evidence in the administrative record." (*See* Def.'s Mot. Serve Discovery, ECF No. 118; FERC's Opp.'n, ECF No. 122 at 3.) It seems Defendants have possession of this information. Defendants' position is not supported that the discovery they seek from Intercontinental Exchange, Inc. and FERC, is "only the limited, targeted discovery necessary to respond to FERC's motion to affirm." (ECF No. 118 at 10.) For instance, Defendants seek from ICE: "All Documents and Communications Concerning bids, offers and executed contracts on ICE ECM by any Person, Including Defendants, to purchase or sell (a) ICE Day-Ahead electric energy, or (b) contracts labeled as

---

[6] There is a difference between this Court's reviewing a motion to affirm penalties prior to discovery, and this Court's requiring Defendants to oppose that motion prior to discovery, as Defendants state the issue. (ECF No. 155 at 6–7.) However, the main objection here is to the Court's reviewing penalties without discovery or a trial, irrespective of whether the Court has ordered Defendants to file an opposition to the motion to affirm.

7

swaps and based upon a notional quantity of electric energy, in each case during the Relevant Period at the Trading Locations, Including any analyses or investigation thereof or determinations made by ICE in connection with complaints regarding the same." (ECF No. 118-1 at 16.) Defendants seek from FERC: "All Documents and Communications Concerning FERC's Penalty Assessment and calculations of Market Harm and/or disgorgement as Concerns the Defendants, Including all modeling, analyses and calculations, whether conducted under FERC's Penalty Guidelines or otherwise and whether preliminary or final." (ECF No. 118-1 at 30.)

A closer look at what evidence has been submitted to this Court, and what process was afforded Defendants during the investigation phase,[7] will aid a determination as to whether discovery is required and its scope, and whether different fact-finding must take place in this Court. No order by this Court has precluded Defendants from arguing in opposition that the motion to affirm must be denied because the submitted record is deficient.

As a point of comparison, FERC can file for summary judgment prior to the commencement of any discovery. Fed. R. Civ. P. 56(b). Thus, while the standards of proof might be different were FERC's motion filed as a summary judgment motion under Rule 56, the submitted evidence before the Court in that scenario would likely be the same or less than what has been submitted now.[8] Defendants could argue in that scenario that judgment could not be granted to FERC based on the limited record submitted. The Court's initial review of Defendants' oppositions (ECF Nos. 136–138, 140–141) indicates they have raised many of those same issues raised in the instant briefs seeking a stay (and raised in prior filings). Those arguments will be considered upon review of the briefs, record, and other evidence submitted per the scheduling order.

In conclusion: Defendants' main objections concern due process issues which have not been "conclusively determine[d]," *Van Cauwenberghe*, 486 U.S. at 522; *Coppers & Lybrand*, 437

---

[7] Some process was afforded Defendants from the time FERC issued preliminary findings letters to Defendants in June, 2011, through the July, 2013, Order Assessing Civil Penalties. (ECF No. 1-1 ¶¶ 9–16.) To be clear, this is not meant to suggest this Court is ruling on the constitutionality or adequacy of such process at this time.

[8] The Court does not intend to inject into this discussion an analysis of what the standard of review should be in considering FERC's motion to affirm civil penalties. It appears FERC and Defendant Barclays have briefed the appropriate standard of review in the motion to affirm civil penalties and opposition.

U.S. at 468.  Further, for jurisdiction to be proper in the Court of Appeals under the collateral order doctrine, Defendants would also have to show the scheduling order was "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand,* 437 U.S. at 468. Defendants' arguments on this prong overlap with their arguments as to irreparable harm, discussed below in Section III(B).  Defendants argue that the scheduling order inflicts constitutional, professional, and legal harm.  However, these arguments rely on their position that the Court has foreclosed other means of fact-finding and discovery, which is not an accurate statement of the scheduling order or order denying Defendants' leave to serve discovery.  The Court does not reach whether the scheduling order resolves "an important issue completely separate from the merits of the action," *Coopers & Lybrand*, 437 U.S. at 468, because the relevant orders "are appealable … only if the three requirements set out in *Coopers & Lybrand* are met," *Van Cauwenberghe*, 486 U.S. at 522.  For the foregoing reasons, the Court finds that the requirements under 28 U.S.C. § 1291 are not likely to be met under the collateral order doctrine, and thus Defendants are not likely to succeed on the merits of their appeal.

Based on the instant briefing, Defendants also argue before the Court of Appeals that they are entitled to a writ of mandamus.  "A writ of mandamus is an extraordinary or drastic remedy, used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so …  A petitioner must therefore prove a right to issuance of the writ that is clear and indisputable." *In re Sussex,* 781 F.3d 1065, 1070 (9th Cir. 2015) (internal quotation marks and citations omitted).  Given that the Court has not foreclosed the procedural safeguards and types of fact-finding Defendants argue they are entitled to, Defendants do not show the "extraordinary or drastic remedy" of a writ will be issued by the Court of Appeals.

     B.  <u>Irreparable Harm</u>

Defendants argue they face irreparable harm from the denial of due process and their right to a jury trial, which are constitutional rights.  Defendants argue the individual Defendants have suffered injuries to their reputations and professional standing.  Defendants submit that all individual Defendants have been denied career opportunities because of the pending penalty

assessment.  (*See* Affidavits of Brin, Connelly, Levine & Smith, ECF No. 134-1, Ex. 1.) Defendants also argue a liability determination in this Court may have preclusive effect against Defendant Barclays Bank PLC in a pending class-action based on the allegations in this case, *Merced Irrigation Dist. V. Barclays Bank PLC*, No. 15-cv-04878 (S.D.N.Y., filed June 23, 2015).[9]

However, each of these arguments is derivative of Defendants' claims that they have been denied due process and the right to a jury trial.  Defendants cite *Fuentes v. Shevin*, 407 U.S. 67 (1972), which overturned state statutes permitting a private party to obtain prejudgment replevin through ex parte application to a court clerk, without a hearing or notice given to the possessor. *Fuentes* stated: "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." *Id.* at 81.  Defendants also cite *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013), which affirmed a preliminary injunction requiring bond hearings before illegal aliens were subject to prolonged detentions during removal proceedings.  *Rodriguez* held: "the government's reading of [the relevant detention statutes] raises serious constitutional concerns 'that irreparable harm is *likely*, not just possible' in the absence of preliminary injunctive relief." *Id.* at 1145 (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).   Here, the Court simply has not resolved whether or what type of discovery is required, or what type of fact-finding is required, under 16 U.S.C. § 823b(d)(3)(B).  Given this state of the proceedings, the Court does not find Defendants demonstrate irreparable injury in the absence of a stay.

C.  Balance of Hardships and Public Interest

Assuming arguendo that Defendants have raised serious legal questions underlying the Court's scheduling order, Defendants must also show that the balance of hardships tips sharply in their favor.  *Golden Gate*, 512 F.3d at 1115–16.  "[T]he traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

---

[9] FERC submits that the *Merced* plaintiffs allege violations of Sections 1 and 2 of the Sherman Act and of the California Unfair Competition statute, and state a claim for unjust enrichment.  (ECF No. 135 at 12–13.)

10

Defendants argue that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *L.A. Mem.'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Accordingly, Defendants argue a stay will subject FERC only to a temporary economic loss, which further tips the balance of hardships in Defendants' favor. Defendants argue a stay will avoid unnecessary and costly litigation. Defendants argue the public interest supports ensuring that appropriate judicial procedures are applied before enforcing steep monetary penalties on financial institutions and individuals. FERC responds that the timely resolution of this litigation is in the public interest. FERC notes that at this point, Defendants have expended those resources necessary to file their oppositions, thus obviating some of Defendants' arguments regarding unnecessary litigation.

In consideration of these arguments, and noting again that Defendants' claim to the aforementioned procedural safeguards and right to a jury trial or evidentiary hearing have not been foreclosed, the Court does not find the balance of hardships tips sharply in Defendants' favor or that the public interest favors a stay pending appeal.

**IV. Conclusion**

For the stated reasons, Defendants' motion for stay pending appeal is denied.

Dated: February 29, 2016

Troy L. Nunley
United States District Judge