JEREMY JONES (SBN 292596)
jeremy.jones@friedfrank.com
JAMES D. WAREHAM (*pro hac vice* pending)
james.wareham@friedfrank.com
MICHAEL J. ANSTETT (*pro hac vice* pending)
michael.anstett@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
801 17th Street, N.W.
Washington, D.C. 20006
(202) 639-7000
Fax: (202) 639-7003

Attorneys for (Proposed) Amici Curiae
ADMINISTRATIVE LAW PROFESSORS
JEFFREY S. LUBBERS, WILLIAM FUNK ET AL.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK PLC; DANIEL BRIN; SCOTT CONNELLY, KAREN LEVINE; and RYAN SMITH,<br><br>Defendants. | No. 2:13-cv-02093-TLN-DB<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE ADMINISTRATIVE LAW PROFESSORS JEFFREY S. LUBBERS; WILLIAM FUNK; JONATHAN H. ADLER; EMILY HAMMOND; MICHAEL HERZ; LINDA JELLUM; WILLIAM S. JORDAN, III; HAROLD J. KRENT; DON LEDUC; RONALD M. LEVIN; NATHAN A. SALES; AND LOUIS J. VIRELLI III; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    December 8, 2016<br>Time:   2:00 p.m.<br>Judge:  Hon. Troy L. Nunley |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that, on December 8, 2016 at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Troy L. Nunley, in Courtroom 2 of the above-referenced Court, located at 501 I Street, 15th Floor, Sacramento, California, proposed amici curiae administrative law professors Jeffrey S. Lubbers; William Funk; Jonathan H. Adler; Emily Hammond; Michael Herz; Linda Jellum; William S. Jordan, III; Harold J. Krent; Don LeDuc; Ronald M. Levin; Nathan A. Sales; and Louis J. Virelli III will, and hereby do, move this Court for leave to file a brief as amici curiae in connection with the Motion to Affirm Civil Penalties (ECF Dkt. No. 136) filed by plaintiff Federal Energy Regulatory Commission ("FERC").

As set forth in amici's motion, the Court should grant leave to file the proposed amici curiae brief because these twelve administrative law professors have a substantial interest in this case and will provide the Court with unique information to assist the Court in resolving the issues raised by FERC's Motion to Affirm Civil Penalties.  This Motion is based upon this Notice, the Memorandum of Points and Authorities in support thereof, the proposed amici curiae brief attached hereto as Attachment 1, and any further evidence or argument the Court may consider upon hearing the motion.

Dated:  November 7, 2016                    Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

/s/ Jeremy Jones
Jeremy Jones (SBN 292596)
James D. Wareham (*pro hac vice* pending)
Michael J. Anstett (*pro hac vice* pending)

Counsel to (Proposed) Amici Curiae

Jeffrey S. Lubbers
Professor of Practice in Administrative Law
American University, Washington College of
    Law

William Funk
Lewis & Clark Distinguished Professor of
    Law
Lewis & Clark Law School

Jonathan H. Adler
Johan Verheij Memorial Professor of Law
Director, Center for Business Law & Regulation
Case Western Reserve University School of Law

Emily Hammond
Professor of Law
The George Washington University Law School

Michael Herz
Arthur Kaplan Professor of Law
Benjamin Cardozo School of Law
Yeshiva University

Linda Jellum
Ellison C. Palmer Professor of Tax Law
Mercer University School of Law

William S. Jordan, III
C. Blake McDowell Professor of Law
The University of Akron School of Law

Harold J. Krent
Dean and Professor of Law
IIT Chicago-Kent College of Law

Don LeDuc
President, Dean and Professor
Western Michigan University Thomas M. Cooley Law School

Ronald M. Levin
William R. Orthwein Distinguished Professor of Law
Washington University School of Law

Nathan A. Sales
Associate Professor of Law
Syracuse University College of Law

Louis J. Virelli III
Professor of Law
Stetson University College of Law

(The amici's institutional affiliations are provided for identification purposes only.)

## MEMORANDUM OF POINTS AND AUTHORITIES

Administrative law professors Jeffrey S. Lubbers; William Funk; Jonathan H. Adler; Emily Hammond; Michael Herz; Linda Jellum; William S. Jordan, III; Harold J. Krent; Don LeDuc; Ronald M. Levin; Nathan A. Sales; and Louis J. Virelli III respectfully move this Court to grant them leave to file a brief as amici curiae in connection with the Motion to Affirm Civil Penalties (ECF Dkt. No. 136) filed by plaintiff Federal Energy Regulatory Commission ("FERC"). As explained in their proposed brief, amici are law professors who regularly write and teach about federal administrative law and procedure. They therefore have a keen interest in the proper development of federal administrative law and policy and are well positioned to provide the Court with an institutional perspective on the broader implications of the statutory and due process rights at stake in this civil penalty proceeding.

This Court has "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Missouri v. Harris*, No. 2:14-cv-00341-KJM-KJN, 2014 U.S. Dist. LEXIS 89716, at *7 (E.D. Cal. June 30, 2014) (same). "'Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case," and "[t]here are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court.'" *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).

Even when the parties are well represented, "an amicus may provide important assistance to the court." *Jamul Action Comm. v. Stevens*, No. 2:13-cv-01920-KJM-KJN, 2014 U.S. Dist. LEXIS 107582, at *13-15 (E.D. Cal. Aug. 5, 2014) (quotation omitted). Indeed, amicus briefs are "frequently welcome" from nonparties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation omitted); *see also California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD,

1

MEM. OF POINTS AND AUTHORITIES OF ADMIN. LAW PROFESSORS LUBBERS, FUNK ET AL.

2014 U.S. Dist. LEXIS 5439, at *3 (E.D. Cal. Jan. 14, 2014); *National Petrochemical & Refiners Ass'n v. Goldstene*, No. CV-F-10-163 LJO DLB, 2010 U.S. Dist. LEXIS 61394, at *5 (E.D. Cal. June 3, 2010).

In the end, "[t]he touchstone is whether the amicus is 'helpful,'" *U.S. Department of Labor*, 2014 U.S. Dist. LEXIS 5439, at *3 (citation omitted), and when the proposed brief meets these standards, the amicus brief "should normally be allowed," *Cmty. Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).  Amici respectfully submit that the proposed amici curiae brief readily meets these standards.[*]

As administrative law scholars, the twelve undersigned professors have a strong interest in the proper resolution of the administrative law and due process issues presented here.  As amici explain in their proposed brief, they have grave concerns about the broader implications of FERC's apparent position that the scope of a district court's "de novo review" of a civil penalty assessment under section 31(d) of the Federal Power Act, 16 U.S.C. § 823b(d), can be defined and circumscribed by the amount of "process" the agency unilaterally, and on an *ad hoc* basis, allows a defendant in assessing the civil penalty.  Amici note, too, that FERC has made similar arguments about the scope of the "de novo review" mandated by section 31(d)(3) in other cases. *See FERC v. City Power Mktg., LLC*, Civ. A. No. 15-1428 (JDB), 2016 U.S. Dist. LEXIS 105421, at *24-32 (D.D.C. Aug. 10, 2016) (describing FERC's arguments); *FERC v. Maxim Power Corp.*, Civ. No. 15-30113-MGM, 2016 U.S. Dist. LEXIS 107770, at *14-21 (D. Mass. July 21, 2016) (same); Petitioner Federal Energy Regulatory Commission's Memorandum of Points and Authorities Regarding Review Procedures Mandated by the Federal Power Act, *FERC v. Powhatan Energy Fund LLC*, Civ. A. No. 3:15-CV-452-MHL (E.D. Va. Dec. 31, 2015), ECF No. 39, at 2 (arguing that "the most appropriate procedure would be a motion to affirm the Order Assessing Penalties followed by responsive briefing").

---

[*] Additionally, no party's counsel authored the proposed amici curiae brief in whole or in part, and no party or party's counsel made a monetary contribution to fund the preparation or submission of the proposed amici curiae brief.  *Cf.* Fed. R. App. P. 29(c)(5).

Although the district courts in the *City Power* and *Maxim Power* cases have rejected FERC's arguments, amici recognize that the law in this area remains unsettled. *Compare City Power*, 2016 U.S. Dist. LEXIS 105421, at *25 (concluding that, "[n]otwithstanding the significant proceedings that occurred at the agency level, the Court will treat this as a standard civil action, governed by the Federal Rules of Civil Procedure."); *Maxim Power*, 2016 U.S. Dist. LEXIS 107770, at *39 (concluding that section 31(d)(3)'s "*de novo* review means treating this case as an ordinary civil action governed by the Federal Rules of Civil Procedure that culminates, if necessary, in a jury trial"), *with FERC v. Silkman*, Civ. A. No. 13-13054-DPW, 2016 U.S. Dist. LEXIS 48409, at *26 n.5 (D. Mass. Apr. 11, 2016) (noting that de novo review "may or may not require other trial-like proceedings"). *See also* [ECF Dkt. No. 163] (Mar. 1, 2016) at 6 (explaining that this Court has not "conclusively determine[d] whether Defendants have the right to a jury trial or another means of fact-finding, to call witnesses, to offer evidence, to cross-examine FERC's witnesses, or have the right of discovery"). As these cases illustrate, the resolution of the legal issues presented in this case regarding the nature of the "de novo review" by district courts required by the Federal Power Act undoubtedly will have ramifications for parties other than those directly involved in this case.

Leave to file the proposed amici curiae brief should be granted because the undersigned administrative law professors have significant expertise in the administrative law and policy issues implicated by civil money penalty proceedings. As experts in this area, the undersigned are well positioned to assist the Court in placing the core administrative law and due process issues raised in the instant suit in a broader context. In the view of amici, FERC's approach in this case runs counter to longstanding principles of federal administrative law, the text and history of the statute providing for "de novo review" by a court in this and other civil penalty assessment cases, and basic due process. Indeed, allowing the type of truncated, hearing-less proceeding advocated by FERC in this case would set an unfortunate precedent that would undermine the court enforcement model used in other statutes for civil administrative penalties. In particular, amici bring to the Court information regarding the historical underpinnings of administrative civil penalty assessments and the "de novo review" contemplated by Congress in enacting

3

1  section 31(d). As amici explain in their proposed brief, that history belies the reading of
2  section 31(d) that FERC has advocated in this case and in other cases.
3  For these reasons, amici respectfully submit that the Court may find additional briefing
4  from the twelve undersigned professors helpful in grappling with the significant statutory
5  interpretation and due process issues arising in this case. *See, e.g.*, *Garcia v. Google, Inc.*, 786
6  F.3d 733, 739 n.3 (9th Cir. 2015) (en banc) (acknowledging assistance of amicus briefs, including
7  from "copyright and Internet law scholars," as being "helpful to our understanding of the
8  implications of this case from various points of view"); *321 Studios v. MGM Studios, Inc.*, 307
9  F. Supp. 2d 1085, 1106-07 (N.D. Cal. 2004) (granting motion of copyright law professors to file
10 an amicus brief). Amici therefore respectfully move the Court to grant permission to submit the
11 attached brief to express their views as scholars that a de novo, trial-type hearing governed by the
12 Federal Rules of Civil Procedure is not only legally required but also sound policy.

## CONCLUSION

14 For the reasons set forth above, the Court should grant the twelve undersigned
15 administrative law professors leave to file a brief as amici curiae in this case.

16 Dated: November 7, 2016                        Respectfully submitted,

                                                 FRIED, FRANK, HARRIS, SHRIVER
                                                   & JACOBSON LLP

                                                 /s/ Jeremy Jones
                                                 Jeremy Jones (SBN 292596)
                                                 James D. Wareham (*pro hac vice* pending)
                                                 Michael J. Anstett (*pro hac vice* pending)

                                                 Counsel to (Proposed) Amici Curiae

                                                 Jeffrey S. Lubbers
                                                 Professor of Practice in Administrative Law
                                                 American University, Washington College of
                                                    Law

                                                 William Funk
                                                 Lewis & Clark Distinguished Professor of
                                                    Law
                                                 Lewis & Clark Law School

4

Jonathan H. Adler
Johan Verheij Memorial Professor of Law
Director, Center for Business Law &
    Regulation
Case Western Reserve University School of
    Law

Emily Hammond
Professor of Law
The George Washington University Law
    School

Michael Herz
Arthur Kaplan Professor of Law
Benjamin Cardozo School of Law
Yeshiva University

Linda Jellum
Ellison C. Palmer Professor of Tax Law
Mercer University School of Law

William S. Jordan, III
C. Blake McDowell Professor of Law
The University of Akron School of Law

Harold J. Krent
Dean and Professor of Law
IIT Chicago-Kent College of Law

Don LeDuc
President, Dean and Professor
Western Michigan University Thomas M.
    Cooley Law School

Ronald M. Levin
William R. Orthwein Distinguished
    Professor of Law
Washington University School of Law

Nathan A. Sales
Associate Professor of Law
Syracuse University College of Law

Louis J. Virelli III
Professor of Law
Stetson University College of Law

(The amici's institutional affiliations are provided for identification purposes only.)

5

MEM. OF POINTS AND AUTHORITIES OF ADMIN. LAW PROFESSORS LUBBERS, FUNK ET AL.