JACK DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

*Please see continuation page for a complete list of counsel.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BARCLAYS BANK PLC; DANIEL BRIN; SCOTT CONNELLY; KAREN LEVINE; and RYAN SMITH,<br><br>    Defendants. | CASE NO.: 2:13-cv-02093-TLN-DB<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR OPPOSITIONS TO PLAINTIFF'S MOTION TO AFFIRM CIVIL PENALTIES**<br><br>Hearing Date:   February 9, 2017<br>Time:           1:30 p.m.<br>Presiding:      Hon. Troy L. Nunley<br>Courtroom:      2<br>Trial Date:     None Set |

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

STEVEN R. GLASER (Admitted *Pro Hac Vice*)
Steven.Glaser@skadden.com
BORIS BERSHTEYN (Admitted *Pro Hac Vice*)
Boris.Bershteyn@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:     (212) 735-3000
Facsimile:      (212) 735-2000

PATRICK FITZGERALD (Admitted *Pro Hac Vice*)
Patrick.Fitzgerald@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone:     (312) 407-0700
Facsimile:      (312) 407-0411

JOHN N. ESTES III (Admitted *Pro Hac Vice*)
John.Estes@skadden.com
DONNA M. BYRNE (Admitted *Pro Hac Vice*)
Donna.Byrne@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:     (202) 371-7000
Facsimile:      (202) 393-5760

JASON M. HALPER (Admitted *Pro Hac Vice*)
Jason.Halper@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, New York 10281
Telephone:     (212) 504-6000
Facsimile:      (212) 504-6666

JODI L. AVERGUN (Admitted *Pro Hac Vice*)
Jodi.Avergun@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C. 20001
Telephone:     (202) 862-2410
Facsimile:      (202) 862-2400

Attorneys for BARCLAYS BANK PLC

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

SETH P. WAXMAN (Admitted *Pro Hac Vice*)
Seth.Waxman@wilmerhale.com
DAN M. BERKOVITZ (Admitted *Pro Hac Vice*)
Dan.Berkovitz@wilmerhale.com
JONATHAN G. CEDARBAUM (Admitted *Pro Hac Vice*)
Jonathan.Cedarbaum@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:      (202) 663-6000
Facsimile:       (202) 663-6363

MARK C. KALPIN (Admitted *Pro Hac Vice*)
Mark.Kalpin@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:      (617) 526-6000
Facsimile:       (617) 526-5000

Attorneys for BARCLAYS BANK PLC

LESLIE M. WERLIN (SBN 67994)
lwerlin@mcguirewoods.com
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:      (310) 315-8222
Facsimile:       (310) 315-8210

TODD MULLINS (Admitted *Pro Hac Vice*)
tmullins@mcguirewoods.com
McGUIREWOODS LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:      (202) 857-1752
Facsimile:       (202) 828-3320

Attorneys for DANIEL BRIN and SCOTT CONNELLY

**CONTINUATION SHEET:  DEFENDANTS AND THEIR RESPECTIVE COUNSEL**

HOLLY A. HOUSE (SB# 136045)
hollyhouse@paulhastings.com
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone:     (415) 856-7000
Facsimile:      (415) 856-7100

MICHAEL L. SPAFFORD (Admitted *Pro Hac Vice*)
michaelspafford@paulhastings.com
VICTORIA T. EARLS (Admitted *Pro Hac Vice*)
victoriaearls@paulhastings.com
DAREN F. STANAWAY (Admitted *Pro Hac Vice*)
darenstanaway@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 551-1700
Facsimile:      (202) 551-1705

Attorneys for KAREN LEVINE and RYAN SMITH

Defendants Barclays Bank PLC, Daniel Brin, Scott Connelly, Karen Levine, and Ryan Smith respectfully submit this notice of supplemental authority concerning the recent order by the Honorable Stanley A. Bastian for the United States District Court for the Eastern District of California in *FERC v. ETRACOM LLC*, No. 2:16-cv-01945-SB (E.D. Cal. Mar. 8, 2017) (ECF No. 25), which addresses issues relevant to the questions in the Court's November 17, 2016 Order (ECF No. 186). A copy of the *ETRACOM* Order is attached hereto as **Exhibit A**.

DATED: March 9, 2017

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    By:     */s/ Jack DiCanio*
        Jack DiCanio
        Attorneys for BARCLAYS BANK PLC

DATED: March 9, 2017

    CADWALADER, WICKERSHAM & TAFT LLP

    By: /s/ *Jason M. Halper (as authorized on March 9, 2017)*
        Jason M. Halper
        Attorneys for BARCLAYS BANK PLC

DATED: March 9, 2017

    WILMER CUTLER PICKERING HALE AND DORR LLP

    By: */s/ Seth Waxman (as authorized on March 9, 2017)*
        Seth P. Waxman
        Attorneys for BARCLAYS BANK PLC

DATED: March 9, 2017

    McGUIREWOODS LLP

    By: */s/ Todd Mullins (as authorized on March 9, 2017)*
        Todd Mullins
        Attorneys for DANIEL BRIN and SCOTT CONNELLY

DATED: March 9, 2017

    PAUL HASTINGS LLP

    By: */s/ Michael L. Spafford (as authorized on March 9, 2017)*
        Michael L. Spafford
        Attorneys for KAREN LEVINE and RYAN SMITH

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ETRACOM LLC, and MICHAEL ROSENBERG,<br><br>Defendant. | No. 2:16-cv-01945-SB<br><br>**ORDER REGARDING SCOPE OF REVIEW** |

The parties dispute the scope of review and the applicable procedural rules in this matter. The Court ordered simultaneous briefing regarding the scope of the Court's de novo review pursuant to the Federal Power Act. ECF No. 19. For the reasons discussed herein, the Court holds that the Federal Rules of Civil Procedure (FRCP) apply to this action brought pursuant to Federal Power Act § 31(d)(3), 16 U.S.C. § 823b(d)(3).

**Background**

A preliminary statement of the facts is as follows. ETRACOM LLC (ETRACOM) is a financial trading firm founded and principally owned by Michael Rosenberg (Rosenberg), which trades financial products in the wholesale energy market operated by the California independent System Operator Corporation (CAISO). The Federal Energy Regulatory Commission (FERC or "the

**ORDER REGARDING SCOPE OF REVIEW** + 1

Commission") began an investigation in to an allegedly fraudulent scheme perpetrated by Respondents in 2011. During the investigation FERC's Office of Enforcement (Enforcement) obtained and reviewed thousands of pages of documents, analyzed hundreds of thousands of electricity trades, and took sworn testimony of Rosenberg and an ETRACOM contractor. Ultimately, Enforcement determined that Respondents engaged in an unlawful scheme to manipulate the CAISO market. On December 16, 2015, FERC issued an Order to Show Cause, thus initiating an administrative proceeding. Five days later, Enforcement filed with FERC the documents produced by ETRACOM and third parties during the investigation, as well as non-public CAISO market data and Enforcement's analyses of ETRACOM's trades.

Pursuant to the Commission's Order to Show Cause, Respondents were given two options for contesting Enforcement's findings: Option 1, a formal public hearing on the record before an ALJ, and Option 2, a streamlined proceeding under which if FERC concludes that a penalty is appropriate, the Commission must consider the seriousness of the violation and the efforts of Respondents to remedy the violation in a timely manner. Respondents elected for Option 2. Subsequently, Respondents requested discovery and asked FERC to require CAISO to disclose information regarding relevant market design flaws and software pricing/modeling errors. The Commission denied the motion because Respondents rejected the opportunity for a formal ALJ proceeding under Option 1.

Based on the administrative record and the parties' submissions, FERC issued an 82-page Order Assessing Civil Penalties against Respondents on June 17, 2016. Accordingly, FERC assessed civil penalties of $2.4 million against ETRACOM and of $100,000 against Rosenberg. ETRACOM was also ordered to disgorge unjust profits of $315,072 plus applicable interest. Because Respondents have yet to pay the civil penalties assessed, FERC instituted this action in the District Court for the Eastern District of California on August 17, 2016. ECF

**ORDER REGARDING SCOPE OF REVIEW** + 2

No. 1. Respondents answered the Complaint on October 17, 2016. ECF No. 16. FERC then filed a Motion to Affirm Civil Penalties Assessed by FERC on December 1, 2016. ECF No. 17. The parties, however, disputed this Court's scope of review. ECF No. 15. The Court ordered briefing regarding the scope of review and applicable procedural rules. ECF No. 19. FERC contends that this Court's review is limited to the administrative record, and the Court must review the administrative record "de novo," i.e., as standing in the shoes of the Commission. Respondents contend that the FRCP apply to this action, that they are entitled to discovery, and that this Court reviews the entire record non-deferentially.

## Analysis

The FPA governs this action. FPA § 31(d) provides two pathways by which a civil penalty may be imposed. The default Option 1 provides that once FERC provides notice of its proposed penalty,

> the Commission shall assess the penalty, by order, after a determination of violation has been made on the record after an opportunity for an agency hearing pursuant to [5 U.S.C. § 554] before an administrative law judge . . . . Such assessment order shall include the administrative law judge's findings and the basis for such assessment . . . . Any person against whom a penalty is assessed under this paragraph may . . . institute an action in the United States court of appeals for the appropriate judicial circuit for judicial review of such order in accordance with chapter 7 of title 5. The court shall have jurisdiction to enter a judgment affirming, modifying, or setting aside in whole or in [p]art, the order of the Commission, or the court may remand the proceeding to the Commission for such further action as the court may direct.

16 U.S.C. § 823b(d)(1). Option 1 "describes a traditional form of judicial review of agency action, based on the record developed in an agency proceeding, which is familiar to administrative law." *FERC v. City Power Marketing, LLC*, No. 15-1428(JDB), 2016 WL 4250233 (Aug. 10, 2016 D.D.C.). Alternatively, Option 2 provides an expedited process for assessing civil penalties:

**ORDER REGARDING SCOPE OF REVIEW** + 3

> (A) In the case of any civil penalty with respect to which the procedures of this paragraph have been elected, the Commission shall promptly assess such penalty, by order, after the date of the receipt of the notice . . . of the proposed penalty.
>
> (B) If the civil penalty has not been paid within 60 calendar day . . . , the Commission shall institute an action in the appropriate district court of the United States for an order affirming the assessment of the civil penalty. The court shall have authority to review de novo the law and the facts involved, and shall have jurisdiction to enter a judgment enforcing, modifying, and enforcing as so modified, or setting aside in whole or in [p]art such assessment.

16 U.S.C. § 823b(d)(3). "FERC has consistently interpreted Option 2 as not requiring any procedural protections prior to the penalty assessment, but it exercises its discretion to provide certain protections to avoid the perception of unfairness." *FERC v. Maxim Power Corp.*, No. 15-30113-MGM, 2016 WL 4126378 (D. Mass. July 21, 2016). Respondents contend that they are entitled to discovery pursuant to the FRCP under Option 2.

### *Federal Rule of Civil Procedure 1*

The Court begins its analysis with Fed. R. Civ. P. 1, which provides that the FRCP "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." It is undisputed that Rule 81 is inapplicable to this case. Because Congress authorized the promulgation of the FRCP, they "apply by their own force to all litigants before the court," and apply with "full force" to the United States Government. *Mattingly v. United States*, 939 F.2d 816, 818 (9th Cir. 1991). The Court can only decline to apply the FRCP "if the Rule in question transgresses the terms of the Rules Enabling Act or the Constitution." *United States v. Orr Water Ditch Co.*, 391 F.3d 1077, 1082 (9th Cir. 2004). The only exception to the universal application of the FRCP is where Congress has allowed for summary proceedings "expressly authorized by statute." *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003). For this exception to apply,

**ORDER REGARDING SCOPE OF REVIEW** + 4

there must be a "clear expression of congressional intent to exempt actions" from the FRCP. *Califano v. Yamasaki*, 442 U.S., 682, 700 (1979).

The FPA does not explicitly make the FRCP inapplicable to a proceeding in a United States district court under FPA § 31(d)(3). Rather, FPA § 31(d)(3) provides that where, as here, Respondent does not pay the assessed civil penalty within 60 days of assessment, the Commission shall institute a civil *action* in the appropriate district court. As the Ninth Circuit has noted, "[t]he word 'action' in its usual legal sense means 'a suit brought in a court; a formal complaint within the jurisdiction of a court of law,' and 'includes all the formal proceedings in a court of justice attendant upon the demand of a right . . . in such court." *Cann v. Carpenters' Pension Trust Fund for N. Cal.*, 989 F.2d 313, 316 (9th Cir. 1993) (quoting Black's Law Dictionary 26 (5th ed. 1983)). The Court finds no clear expression of congressional intent to exempt actions pursuant to FPA § 31(d)(3), Option 2, from the application of the FRCP. Accordingly, the FRCP apply by their own force to this matter.

### *Legislative History Demonstrates FRCP Apply to Option 2 Proceedings*

Moreover, the legislative history of similar federal statutes demonstrates congressional intent that the FRCP would apply to Option 2 proceedings under the FPA. The Court is directed to "interpret similar language in the same way." *Shirk v. United States ex rel. Dept. of Interior*, 773 F.3d 999, 1004 (9th Cir. 2014). Similar language in federal statutes is indicative of congressional intent for that statutory language to share a common meaning. *See Northcross v. Bd. Of Ed. of Memphis City Sch.*, 412 U.S. 427, 428 (1973).

Congress has enacted two-path adjudicatory options, such as at issue here, in other contexts. For example, in 1978, Congress enacted the National Energy Conservation Policy Act, Pub. L. No. 95-619, 92 Stat. 3206 (1978) (NECPA), and provided for the assessment of civil penalties under a two-path track. NECPA § 423 (codified at 42 U.S.C. § 6303). The Option 2 language of the NECPA is

**ORDER REGARDING SCOPE OF REVIEW** + 5

Case 3:16-cv-00193-SB Document 250 Filed 03/08/17 Page 12 of 13

identical to that contained in FPA § 31(d)(3). NECPA § 432(d)(3). In so doing, Congress recognized that, in assessing civil penalties under Option 2 of the NECPA, the "Administrator would issue a penalty order on the basis of the evidence before him but without a hearing and file a petition in district court seeking a judgment assessing the civil penalty." ECF No. 21-11. After penalty assessment, "[t]he court will consider the violation and the amount of the assessment as a de novo proceeding applying all the normal Federal Rules of Procedure and Evidence." *Id.*

Congress enacted the Powerplant and Industrial Fuel Use Act, Pub. L. No. 95-620, title VII, § 723, Nov. 9, 1978, 92 Stat. 3289, 3333 (codified at 42 U.S.C. § 8433(d)) (PIFUA), in the same year that it enacted NECPA, with identical two-path language for civil penalty assessment. The legislative history likewise demonstrates that an Option 2 proceeding under the PIFUA involves a de novo proceeding in which "all normal federal rules of procedure and evidence" apply. ECF No. 21-12. The legislative history of the NECPA and PIFUA clearly demonstrate that the FRCP are intended to apply to Option 2 proceedings under those statutes. Because this Court must interpret similar language in a similar way, the Court interprets FPA § 31(d)(3) to provide the procedural protections contemplated by Congress when it enacted Option 2 of the NECPA and PIFUA. Accordingly, the FRCP apply to this action under Option 2 of FPA § 31(d).

***Federal District Courts Consistently Apply FRCP to Option 2 Proceedings***

Other federal district courts to decide the issue have likewise held that there is no clear expression of congressional intent in the FPA to depart from the FRCP under Option 2 penalty assessment proceedings. *See Maxim Power Corp.*, 2016 WL 4126378; *City Power Marketing, LLC*, 2016 WL 4250233; *FERC v. Silkman*, No. 1:16-cv-00205-JAW, 2017 WL 374697 (Jan. 26, 2017 D. Me.). Each of these courts rejected the very arguments proffered by FERC in this case to hold that the FRCP apply to an action brought pursuant to FPA § 31(d)(3). Those cases

**ORDER REGARDING SCOPE OF REVIEW** + 6

proceeded as standard civil actions. While not binding authority, the reasoning set forth by the *Maxim Power Corp.*, *City Power Marketing*, and *Silkman* courts is highly persuasive. For these reasons, the Court concludes that the FRCP apply to this action.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Federal Rules of Civil Procedure shall govern this action.

2. Pursuant to 16 U.S.C. § 823b(d)(3), the Court shall review the penalty order issued by the FERC de novo both as to the facts and the law.

3. The parties are encouraged to either stipulate to a discovery schedule or request a discovery conference with the Court.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 7th day of March, 2017.

_____
Stanley A. Bastian
United States District Judge

**ORDER REGARDING SCOPE OF REVIEW** + 7