FEDERAL ENERGY REGULATORY COMMISSION
WESLEY J. HEATH
Wesley.Heath@ferc.gov
MARIA CRISTINA MELENDEZ
Cristina.Melendez@ferc.gov
MARK KOEHN
Mark.Koehn@ferc.gov
Office of Enforcement
888 1st Street, N.E.
Washington, DC 20426
Telephone:   (202) 502-8100

Attorneys for FEDERAL ENERGY
REGULATORY COMMISSION

*Please see continuation pages for a complete list of the parties and their respective counsel.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>          Plaintiff,<br><br>   v.<br><br>BARCLAYS BANK PLC; DANIEL BRIN; SCOTT CONNELLY; KAREN LEVINE; and RYAN SMITH,<br><br>          Defendants. | CASE NO.: 2:13-cv-02093-TLN-DB<br><br>**SECOND AMENDED JOINT REPORT IN COMPLIANCE WITH FED. R. CIV. P. 26(f) AND COURT'S ORDER REQUIRING JOINT STATUS REPORT**<br><br>Presiding:   Hon. Troy L. Nunley<br>Courtroom:  2<br>Trial Date:   None Set |

SECOND AMENDED JOINT STATUS REPORT

**CONTINUATION SHEET:  PARTIES AND THEIR RESPECTIVE COUNSEL**

JACK DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:      (650) 470-4570

STEVEN R. GLASER (Admitted *Pro Hac Vice*)
Steven.Glaser@skadden.com
BORIS BERSHTEYN (Admitted *Pro Hac Vice*)
Boris.Bershteyn@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:     (212) 735-3000
Facsimile:      (212) 735-2000

PATRICK FITZGERALD (Admitted *Pro Hac Vice*)
Patrick.Fitzgerald@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone:     (312) 407-0700
Facsimile:      (312) 407-0411

JOHN N. ESTES III (Admitted *Pro Hac Vice*)
John.Estes@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:     (202) 371-7000
Facsimile:      (202) 393-5760

Attorneys for BARCLAYS BANK PLC

**CONTINUATION SHEET:  PARTIES AND THEIR RESPECTIVE COUNSEL**

SETH P. WAXMAN (Admitted *Pro Hac Vice*)
Seth.Waxman@wilmerhale.com
DAN M. BERKOVITZ (Admitted *Pro Hac Vice*)
Dan.Berkovitz@wilmerhale.com
JONATHAN G. CEDARBAUM (Admitted *Pro Hac Vice*)
Jonathan.Cedarbaum@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:     (202) 663-6000
Facsimile:      (202) 663-6363

MARK C. KALPIN (Admitted *Pro Hac Vice*)
Mark.Kalpin@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:     (617) 526-6000
Facsimile:      (617) 526-5000

Attorneys for BARCLAYS BANK PLC


LESLIE M. WERLIN (SBN 67994)
lwerlin@mcguirewoods.com
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:     (310) 315-8222
Facsimile:      (310) 315-8210

TODD MULLINS (Admitted *Pro Hac Vice*)
tmullins@mcguirewoods.com
McGUIREWOODS LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:     (202) 857-1752
Facsimile:      (202) 828-3320

Attorneys for DANIEL BRIN
and SCOTT CONNELLY

SECOND AMENDED JOINT STATUS REPORT

**CONTINUATION SHEET:  PARTIES AND THEIR RESPECTIVE COUNSEL**

HOLLY A. HOUSE (SBN 136045)
hollyhouse@paulhastings.com
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, California 94111
Telephone:    (415) 856-7000
Facsimile:    (415) 856-7100

MICHAEL L. SPAFFORD (Admitted *Pro Hac Vice*)
michaelspafford@paulhastings.com
VICTORIA T. EARLS (Admitted *Pro Hac Vice*)
victoriaearls@paulhastings.com
DAREN F. STANAWAY (Admitted *Pro Hac Vice*)
darenstanaway@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone:    (202) 551-1700
Facsimile:    (202) 373-1705

Attorneys for KAREN LEVINE
and RYAN SMITH

SECOND AMENDED JOINT STATUS REPORT

On March 30, 2017, this Court ordered the Parties to file a joint status report that addresses the matters set forth in this Court's October 10, 2013 Order and includes the Federal Rules of Civil Procedure ("FRCP") 26(f) discovery plan (the "March 30, 2017 Order," ECF No. 203). In compliance with the March 30, 2017 Order, the Parties submit the following Second Amended Joint Status Report ("Second Amended Report"). This Second Amended Report is the result of a conference between counsel for all Parties which took place on May 23, 2017, and exchanges of draft reports between the Parties.[1]

I. **Summary of the Claims**

    A. **FERC's Summary of the Claims**

This matter involves judicial review of civil penalties assessed and disgorgement ordered by the Commission against Barclays and its Individual Traders for engaging in a fraudulent scheme to manipulate electricity prices in and around California during the 2006-2008 time period. On July 16, 2013, the Commission issued an order finding that Barclays and its Individual Traders engaged in a fraudulent scheme to trade physical electricity uneconomically to benefit related financial positions, in violation of the FPA's prohibition of energy market manipulation, 16 U.S.C. § 824v(a) (2012), and the corresponding prohibition in the Commission's regulations, 18 C.F.R. § 1c.2 (2016) (the "Anti-Manipulation Rule"). (*See* Commission's July 16, 2013 Order Assessing Civil Penalties ("Penalty Assessment Order"), ECF No. 1-1.) The Commission found that the scheme constituted "a fraudulent device, scheme, or artifice, or . . . was a course of business that operated as a fraud." (*Id.*, ECF No. 1-1 ¶ 26.) Defendants' manipulative scheme is more fully described in the Commission's October 9, 2013 Petition (and the documents attached) (ECF Nos.

---

[1] Previously on December 16, 2013, pursuant to Rule 26(f) and this Court's October 10, 2013 Order Requiring Joint Status Report ( the "October 10, 2013 Order," ECF No. 2), the Federal Energy Regulatory Commission ("FERC" or "Commission"), Barclays Bank PLC ("Barclays") and the former individual traders named herein, Daniel Brin, Scott Connelly, Karen Levine, and Ryan Smith (the "Individual Traders," and collectively with Barclays and FERC, "Parties"), filed a Joint Report In Compliance With FRCP 26(f) And Court's Order Requiring Joint Status Report with this Court (the "Joint Status Report," ECF No. 52). On July 2, 2015, in compliance with this Court's June 2, 2015 Order (ECF No. 91), the Parties filed an Amended Joint Status Report (ECF No. 97) with this Court to address the Parties' positions on the scope of the proceedings pursuant to Section 31(d)(3)(B) of the Federal Power Act ("FPA").

SECOND AMENDED JOINT STATUS REPORT

1.0-1.2.) The Commission assessed the following penalties: a $435 million civil penalty to Barclays, a $1 million civil penalty to Brin, a $15 million civil penalty to Connelly, a $1 million civil penalty to Levine, and a $1 million civil penalty to Smith. (*See* Penalty Assessment Order, ECF No. 1-1 ¶¶ 8, 132, 137, 140, 143, 146, Ordering Paragraphs (A)-(E).) The Commission also ordered Barclays to disgorge $34.9 million of unjust profits. (*Id.* ECF No. 1-1 ¶¶ 8, 151, Ordering Paragraph (F).) Defendants failed to pay the assessed civil penalties or disgorge the unjust profits. Pursuant to Section 31(d)(3)(B) of the FPA, 16 U.S.C. § 823b(d)(3)(B), the Commission seeks an order from this Court affirming the assessed civil penalties and requiring disgorgement.

   B.   **Defendants' Summary of the Claims**

The Complaint arises out of trading activity by Barclays and the Individual Traders (collectively, "Defendants"). Specifically, the Complaint's allegations relate to Defendants' electricity trading at four different trading hubs in Washington, Arizona, and California from November 2006 to December 2008. FERC alleges that certain trades executed by Defendants during this time period manipulated prices at these trading hubs in violation of Section 222 of the FPA and Rule 1c.2 promulgated thereunder, 18 C.F.R. § 1c.2. FERC does not and cannot allege, however, that any of the transactions at issue constituted anything other than *bona fide* trades with willing counterparties that accepted the risk of entering into trading contracts opposite Barclays.[2] Moreover, FERC does not and cannot allege that any of the trades involved fraudulent or deceptive devices that are inherently misleading, such as wash trades.

Instead, FERC's allegations involve what it calls a "related positions" claim, in which Defendants allegedly entered into electric energy trades in one market to benefit related positions in another market, through a three-part scheme. Specifically, FERC alleges that Defendants first entered into swaps contracts ("Swaps" or "Swap Contracts") that do not impose an obligation to

---

[2]   In FERC's July 16, 2013 penalty assessment order, *Barclays Bank PLC, et al.*, 144 FERC ¶ 61,041 (2013) ("Penalty Assessment Order"), FERC conceded that "[s]imply buying jurisdictional day-ahead power at the same location where swap positions would be benefitted from higher prices will not in and of itself violate the Anti-Manipulation Rule." (Penalty Assessment Order, at P 45.)

SECOND AMENDED JOINT STATUS REPORT        2

deliver or receive electricity, but which instead are financially settled by reference to an index price published by the Intercontinental Exchange ("ICE"), an electronic trading platform used by market participants to trade electric energy.[3] FERC alleges that Defendants then entered into other open market transactions to purchase or sell electricity at the same trading hubs as their financial Swaps positions and, in the final step, entered into offsetting open market transactions, known as "flattening" transactions, on ICE ECM. According to FERC, the end result was that Defendants completely offset all alleged purchases and sales transactions, and thereby avoided any obligation to deliver or receive any electricity, but that the flattening transactions impacted the ICE ECM index price against which the Swap Contracts settled in a way that benefitted those financial Swap positions.

Under FERC's theory, it can impose liability based on transactions that are otherwise legal and appropriate simply because of a market participant's alleged intent. This cannot be and is not the law. Defendants deny FERC's allegations regarding their purported intent and have done so throughout FERC's investigation, including under oath during the Individual Traders' investigative depositions and in declarations submitted to this Court. Finally, even accepting *arguendo* FERC's theory of manipulation, FERC is relying on cherry-picked transactional data and a handful of informal emails and IMs, which are unconnected to any actual trading and are inconsistent with the trading data upon which FERC's allegations rely. These communications do not alter the legitimacy of the open market trading at issue, nor do they fill the holes in FERC's evidence and analysis.

The filing of the Complaint in this action was preceded by a nonpublic investigation that FERC commenced in 2007. During that multi-year investigation, FERC exercised substantial investigative authority to obtain discovery from Defendants and third parties. Defendants, however, have not yet had the opportunity to conduct any formal discovery of third parties or

---

[3]   The specific exchange that is the subject of FERC's allegations is operated by ICE US OTC Commodity Markets, LLC ("ICE ECM"). Electric energy transactions traded on ICE ECM could not, without additional contracts and arrangements, result in the physical transmission, receipt, or delivery of electric energy.

SECOND AMENDED JOINT STATUS REPORT           3

access FERC's investigative record. On October 31, 2012, FERC issued an Order to Show Cause to Defendants, attaching and relying solely on the Staff Report. (Compl. Ex. 2, Appendix A.) Under Section 31(d) of the FPA, 16 U.S.C. § 823b(d), Defendants elected to defend against FERC's allegations in an action to be filed by FERC in federal district court. 16 U.S.C. § 823b(d)(3)(B). Pursuant to Defendants' election, on July 16, 2013, FERC issued a Penalty Assessment Order and subsequently filed this action, with a jury demand.

On December 2, 2015, FERC filed a Motion to Affirm Civil Penalties Assessed by the Federal Energy Regulatory Commission ("Motion to Affirm"). In the March 30, 2017 Order, this Court denied, without prejudice, FERC's motion, and held that the Parties were entitled to conduct discovery pursuant to the Federal Rules of Civil Procedure.

## II.   Status of Service of Process

Pursuant to a stipulation filed with the Court on October 24, 2013 (and so ordered by the Court on October 30, 2013), Barclays and the Individual Traders have all been "deemed to have accepted service of the Petition For An Order Affirming The Federal Energy Regulatory Commission's July 16, 2013 Order Assessing Civil Penalties Against Barclays Bank PLC, Daniel Brin, Scott Connelly, Karen Levine, And Ryan Smith (the "Petition") through their attorneys as of October 15, 2013," and have waived any and all defenses as to the method, manner, or effectiveness of service of process. (Joint Stipulation and Order Re: Acceptance of Service, ECF No. 35.)

## III.   Possible Joinder of Additional Parties

None of the Parties anticipates the joinder of additional parties.

## IV.   Contemplated Amendments to the Pleadings

The Parties do not anticipate amendments to pleadings at this time.

### V. The Statutory Basis for Jurisdiction and Venue

#### A. Jurisdiction

##### 1. FERC's Position

This Court has subject matter jurisdiction over this action pursuant to FPA Section 31(d)(3)(B), 16 U.S.C. § 823b(d)(3)(B) ("If the civil penalty has not been paid within 60 calendar days after the assessment order has been made . . ., the Commission shall institute an action in the appropriate district court of the United States for an order affirming the assessment of the civil penalty.").

In its May 20, 2015 Order (the "May 20, 2015 Order," ECF No. 87) denying Defendants' Motion to Dismiss or, in the Alternative, to Transfer the Commission's October 9, 2013 Petition, this Court found that FERC had adequately established its jurisdiction over the conduct and transactions at issue under FPA §§ 201 and 222. (*See* May 20, 2015 Order at 26.) The Court also found that "entity" as used in FPA § 222 encompasses claims against the Individual Traders. (*See id.* at 32.)

##### 2. Defendants' Position

Defendants acknowledge the Court's May 20, 2015 Order, but respectfully submit that FERC does not have statutory jurisdiction over the challenged conduct and therefore it has no statutory authority to bring this action. (*See generally* Motion to Dismiss at 22-33.) By addressing jurisdiction in this Second Amended Report, Defendants do not waive the arguments raised in the Motion to Dismiss, oppositions to Plaintiff's Motion to Affirm, the pleadings and records on file in this case, or at oral argument, and Defendants expressly reserve the right to raise those arguments either in this action or on appeal.

#### B. Venue

##### 1. FERC's Position

In its May 20, 2015 Order, this Court found that FERC met its burden of establishing that an "act or transaction constituting the violation" occurred within the Eastern District of California pursuant to Section 317 of the FPA, 16 U.S.C. § 825p. (*See* May 20, 2015 Order at 18.)

### 2. Defendants' Position

Defendants acknowledge the Court's May 20, 2015 Order, but respectfully submit that venue does not lie in this District. (*See generally* Motion to Dismiss at 11-22.) By addressing venue in this Second Amended Report, Defendants do not waive the arguments raised in the Motion to Dismiss, oppositions to Plaintiff's Motion to Affirm, the pleadings and records on file in this case, or at oral argument, and Defendants expressly reserve the right to raise those arguments either in this action or on appeal.

## VI. The Parties' General Discovery Positions

### A. FERC's Statement on Discovery and Proposed Briefing Schedule

The Commission believes that all discovery in this case, including expert discovery, can be completed by July 20, 2018. As discussed above, the Commission's Penalty Assessment Order relied upon information already in Defendants' possession, including trade data, documents, and the communications and testimony of Defendants themselves, information which Defendants have analyzed extensively.[4] Given the procedural history of this matter and the process which has already occurred, the Commission believes discovery should proceed expeditiously.

### 1. Discovery Topics

The Commission expects that it may need to take discovery that includes, but is not limited to, the following general areas: (1) documents and testimony related to witnesses that Defendants disclose under FRCP 26(a)(1); (2) documents and testimony related to expert witnesses Defendants may call at trial; (3) third-party discovery related to Defendants' manipulation and the relevant markets; (4) testimony from Barclays' current and former employees, including the Individual Traders; and (5) documents and testimony regarding Barclays' compliance and risk management policies. The Commission additionally notes that much of the material that Barclays and the Individual Traders seek discovery on is not the proper subject of discovery for a number of

---

[4] For example, Defendants at various times during the investigation presented Enforcement and the Commission with analysis conducted by outside economic consultants in attempts to dissuade Enforcement from continuing the investigation and subsequently to dissuade the Commission from assessing a penalty.

SECOND AMENDED JOINT STATUS REPORT        6

reasons, including that Defendants appear to seek material that is legally privileged or otherwise protected from discovery, and material only relevant to Defendants' jurisdiction and venue based defenses that are no longer viable based on the Court's May 20, 2015 Order.

### 2. Discovery Deadlines

As indicated in subsection 3, the Commission proposes fact discovery for both parties commence once the Parties have made the required FRCP 26(a)(1) disclosures and extend until March 16, 2018. Additionally, the Commission proposes that all expert discovery be completed by July 20, 2018. Defendants propose a period of overlapping factual and expert discovery. The Commission believes that its proposal of separate factual and expert discovery is more efficient and would lead to a more expeditious resolution of this matter.

### 3. Discovery Limitations

The Commission proposes the Parties conduct discovery pursuant to the default provisions of the Federal Rules of Civil Procedure, with the exception of depositions under FRCP 30 and interrogatories under FRCP 33. Like Defendants, the Commission proposes that each side (*i.e.* the Commission, and Defendants, collectively) be entitled to 25 depositions. Unlike Defendants, the Commission proposes that each side be entitled to 50 interrogatories. Defendants propose the default provisions of FRCP 33 that allow each party to serve any other party with up to 25 interrogatories. In this case, Defendants' proposal would result in the Commission, and Defendants, collectively, each serving up to 125 interrogatories on the other side. The Commission believes 125 interrogatories per side is excessive and unnecessary, particularly given that this case involves a joint scheme, Defendants have consistently coordinated their defense in this matter, and some discovery has already been conducted.

4. Schedule

| Event | Date |
|---|---|
| Disclosures required by FRCP 26(a)(1) | June 30, 2017 |
| Start of fact discovery | June 30, 2017 |
| Completion of fact discovery | March 16, 2018 |
| Expert disclosures under FRCP 26(a)(2) | March 30, 2018 |
| Rebuttal expert disclosures and reports | June 1, 2018 |
| Completion of expert discovery | July 20, 2018 |
| Dispositive motions due | August 31, 2018 |
| Responses to any dispositive motions due | October 12, 2018 |
| Replies in support of any dispositive motions due | November 9, 2018 |
| Non-discovery motions deadline | December 21, 2018 |
| Final pre-trial conference | February 22, 2019 |
| Trial | March 25, 2019 |

5. Length of Trial

The Commission has requested a trial by jury which it expects to last four to six weeks.[5]

**B.     Defendants' Statement on Discovery and Proposed Briefing Schedule**

Defendants expect that this case will proceed expeditiously and that fact discovery can be completed by June 22, 2018 and expert discovery by August 24, 2018. As of the filing of this Second Amended Status Report, Defendants have had no opportunity to conduct formal discovery in this proceeding or the antecedent agency process; by contrast, FERC has already conducted substantial discovery of Defendants and third parties during a multi-year investigation. Specifically, during the course of its investigation and enforcement proceeding, FERC Staff took

---

[5]     Although the Commission out of an abundance of caution included a demand for a jury trial in its Petition, it reserves the right to argue at an appropriate time that a jury trial is inappropriate in this case based on which issues, if any, remain ripe for trial.

SECOND AMENDED JOINT STATUS REPORT            8

25 days of deposition testimony of Defendants and third parties, and propounded at least 17 sets of written data requests on Defendants, including a set of subpoena requests. These contained a total of at least 76 individual requests, some with additional distinct subparts. FERC Staff also sought and obtained documents from various third parties. In light of the discovery FERC has already obtained, any limitations on discovery going forward—especially those more restrictive than the FRCP limitations—would have a disproportionally adverse effect on Defendants.

1. <u>Discovery Topics and Phases</u>

*(a)    Discovery Topics*

Defendants expect that they will need to take discovery that includes, but is not limited to, the following topics: (1) each of FERC's allegations, including its manipulation allegations; (2) delivery, if any, of electricity by Barclays in transactions alleged to violate FERC's anti-manipulation rule; (3) intent; (4) recklessness and the appropriate standard of care; (5) the effects, if any, on pricing or market outcomes; (6) harm, if any, allegedly caused by Defendants to market participants; and (7) the basis, if any, of FERC's contention that civil penalties and disgorgement, including the amounts thereof, are warranted.

On these topics, Defendants expect they may need discovery from: (1) ICE over-the-counter brokers, and other market participants; (2) the California Independent System Operator and other sources of scheduling data; (3) counterparties to trades executed by Defendants; (4) individuals who were parties to contemporaneous electronic communications with Defendants; (5) former and current Barclays employees; (6) persons with information about then-current market conditions and trends, such as weather services, services that collect and report on significant electric facility outages, and other price benchmarking entities who assessed and reported on market prices independently of data contained in the ICE index; and (7) FERC.

To expedite discovery, Defendants submit that FERC should immediately provide Defendants its complete investigative file, which is distinct from the much more limited partial record filed by FERC with this Court on November 2, 2015, and which should include, at a minimum, all the materials described by the Court on page 16 of its March 30, 2017 Order.

SECOND AMENDED JOINT STATUS REPORT            9

### 2. Party Discovery Limitations

Defendants propose that the discovery limitations contained in the Federal Rules of Civil Procedure apply to this case unless otherwise stated below.

*Depositions*: Defendants propose that each side be entitled to take 25 depositions of fact witnesses.

*Interrogatories*: Defendants submit that the default limit on the number of interrogatories contained in FRCP 33 should apply. Conversely, Plaintiff believes that this default limit, "is excessive and unnecessary, particularly given that this case involves a[n] [alleged] joint scheme." With respect, the fact that FERC has alleged (but has not proven) a joint scheme does not justify deviation from the Federal Rules of Civil Procedure, particularly given the substantial discovery that FERC has already obtained.

### 3. Schedule

| Event | Defendants' Proposed Date |
|---|---|
| FRCP 26(a)(1) disclosures | June 30, 2017 |
| Start of fact discovery | June 30, 2017 |
| Simultaneous exchange of FRCP 26(a)(2) expert disclosures and expert report(s) | May 25, 2018 |
| Completion of all fact discovery | June 22, 2018 |
| Completion of initial expert depositions | June 29, 2018 |
| FRCP 26(a)(2) rebuttal expert disclosures and rebuttal expert report(s) due | July 27, 2018 |
| Completion of all expert discovery, including depositions of rebuttal experts | August 24, 2018 |
| Dispositive motions due | September 14, 2018 |
| Responses to any dispositive motions due | November 9, 2018 |
| Replies in support of any dispositive motions due | December 10, 2018 |

| Event | Defendants' Proposed Date |
|---|---|
| Non-discovery motion cut-off | February 25, 2019<br>However, if there is not a decision on all dispositive motions by January 25, 2019, then non-discovery motions will be due 30 days after a decision on all dispositive motions. |
| Final pretrial conference | April 1, 2019<br>However, if the deadline for filing non-discovery motions is later than February 25, 2019, then the pre-trial conference will occur 5 weeks after that later date. |
| Trial | June 3, 2019<br>However, if the pre-trial conference occurs later than April 1, 2019, then the trial will start 2 months after the pre-trial conference occurs. |

If additional fact discovery is needed to analyze or respond to issues raised in an expert report, such discovery may be conducted before the deadline for completion of all expert discovery.

        4.     Length of Trial

Plaintiff and Defendants estimate that the trial will last four to six weeks.

**VII.**    **Discovery Protocols and Procedures**

The Parties agree on certain discovery protocols and procedures. First, the Parties have agreed to accept, when feasible, service of discovery requests, interrogatories and requests for admission and responses thereto via email. Second, the Parties have agreed that documents and electronically stored information ("ESI") be produced electronically (*e.g.*, on compact discs or hard-drives) in single-page Bates-numbered TIFF format (in an IMAGES folder), with a metadata (.dat) file and an Opticon (.opt) load file (in a DATA folder), and OCR which will be produced as document-level *.TXT file named after Bates start values. Third, the Parties have agreed that Excel files will also be produced in native format. The Parties reserve the right to request that other specifically identified ESI be produced in native format as well.

## VIII. Special Procedures/Special Master

The Parties do not believe that any special procedures, such as reference to a special master or agreement to try the matter before a magistrate judge, are appropriate.

## IX. Modification of Standard Pretrial Procedures

The Parties do not believe any modifications of standard pretrial procedures are warranted at this juncture.

## X. Related Cases

The Parties are not aware of any currently pending related case.

## XI. Settlement/Alternative Dispute Resolution (ADR)

The Parties are open to attending a settlement conference at this juncture.

## XII. Other Issues

The Parties will waive any disqualification and stipulate to the trial judge acting as a settlement judge.

DATED:  May 26, 2017            FEDERAL ENERGY REGULATORY COMMISSION

By: /s/ M. Cristina Melendez (as authorized on 5/26/17)
Maria Cristina Melendez
Attorneys for FEDERAL ENERGY REGULATORY COMMISSION

DATED:  May 26, 2017            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Jack DiCanio
Jack DiCanio
Attorneys for BARCLAYS BANK PLC

DATED:  May 26, 2017            WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Seth Waxman (as authorized on 5/26/17)
Seth P. Waxman
Attorneys for BARCLAYS BANK PLC

DATED:  May 26, 2017            McGUIREWOODS LLP

By: /s/ Todd Mullins (as authorized on 5/26/17)
Todd Mullins
Attorneys for DANIEL BRIN and SCOTT CONNELLY

| | | |
|---|---|---|
| 1 | DATED: May 26, 2017 | PAUL HASTINGS LLP |
| 2 | | By: */s/ Michael L. Spafford  (as authorized on 5/26/17)* |
| 3 | | Michael L. Spafford<br>Attorneys for KAREN LEVINE |
| 4 | | and RYAN SMITH |