1  JACK DICANIO (SBN 138782)
   jack.dicanio@skadden.com
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
3  Palo Alto, California 94301
   Telephone:     (650) 470-4500
4  Facsimile:      (650) 470-4570

5  *Please see continuation pages for a complete*
   *list of the parties and their respective counsel.*

6

7

8

9

10

11

12                 IN THE UNITED STATES DISTRICT COURT

13              FOR THE EASTERN DISTRICT OF CALIFORNIA

14  FEDERAL ENERGY REGULATORY          )   CASE NO.: 2:13-cv-02093-TLN-DB
    COMMISSION,                        )
15                                     )   **STIPULATION AND [PROPOSED] ORDER**
                                       )   **FOR THE PROTECTION AND EXCHANGE**
16           Plaintiff,                )   **OF CONFIDENTIAL INFORMATION**
                                       )
17        v.                           )   Presiding:      Hon. Troy L. Nunley
                                       )   Courtroom:      2
18  BARCLAYS BANK PLC; DANIEL          )   Trial Date:     None Set
    BRIN; SCOTT CONNELLY; KAREN        )
19  LEVINE; and RYAN SMITH,            )
                                       )
20           Defendants.               )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23                                     )
                                       )
24                                     )
                                       )
25                                     )

26

27

28

---

STIPULATION AND [PROPOSED] ORDER FOR
THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

**CONTINUATION SHEET: PARTIES AND THEIR RESPECTIVE COUNSEL**

STEVEN R. GLASER (Admitted *Pro Hac Vice*)
Steven.Glaser@skadden.com
BORIS BERSHTEYN (Admitted *Pro Hac Vice*)
Boris.Bershteyn@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:     (212) 735-3000
Facsimile:     (212) 735-2000

PATRICK FITZGERALD (Admitted *Pro Hac Vice*)
Patrick.Fitzgerald@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone:     (312) 407-0700
Facsimile:     (312) 407-0411

JOHN N. ESTES III (Admitted *Pro Hac Vice*)
John.Estes@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:     (202) 371-7000
Facsimile:     (202) 393-5760

SETH P. WAXMAN (Admitted *Pro Hac Vice*)
Seth.Waxman@wilmerhale.com
DAN M. BERKOVITZ (Admitted *Pro Hac Vice*)
Dan.Berkovitz@wilmerhale.com
JONATHAN G. CEDARBAUM (Admitted *Pro Hac Vice*)
Jonathan.Cedarbaum@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

Attorneys for BARCLAYS BANK PLC

1  **CONTINUATION SHEET:  PARTIES AND THEIR RESPECTIVE COUNSEL**

2  LESLIE M. WERLIN (SBN 67994)
   lwerlin@mcguirewoods.com
3  McGUIREWOODS LLP
   1800 Century Park East, 8th Floor
4  Los Angeles, California 90067
   Telephone:     (310) 315-8222
5  Facsimile:     (310) 315-8210

6  TODD MULLINS (Admitted *Pro Hac Vice*)
   tmullins@mcguirewoods.com
7  McGUIREWOODS LLP
   2001 K Street, N.W.
8  Washington, D.C. 20006-1040
   Telephone:     (202) 857-1752
9  Facsimile:     (202) 828-3320

10  Attorneys for DANIEL BRIN and SCOTT CONNELLY

11

    HOLLY A. HOUSE (SBN 136045)
12  hollyhouse@paulhastings.com
    PAUL HASTINGS LLP
13  101 California Street
    Forty-Eighth Floor
14  San Francisco, California 94111
    Telephone:     (415) 856-7000
15  Facsimile:     (415) 856-7100

16  MICHAEL L. SPAFFORD (Admitted *Pro Hac Vice*)
    michaelspafford@paulhastings.com
17  DAREN F. STANAWAY (Admitted *Pro Hac Vice*)
    darenstanaway@paulhastings.com
18  PAUL HASTINGS LLP
    875 15th Street, N.W.
19  Washington, D.C. 20005
    Telephone:     (202) 551-1700
20  Facsimile:     (202) 551-1705

21  Attorneys for KAREN LEVINE and RYAN SMITH

22

23

24

25

26

27

28

**CONTINUATION SHEET:  PARTIES AND THEIR RESPECTIVE COUNSEL**

WESLEY J. HEATH
Wesley.Heath@ferc.gov
MARIA CRISTINA MELENDEZ
Cristina.Melendez@ferc.gov
MARK KOEHN
Mark.Koehn@ferc.gov
TODD HETTENBACH
Todd.Hettenbach@ferc.gov
DANIELLE MECHLING
Danielle.Mechling@ferc.gov
LAURA SWETT
Laura.Swett@ferc.gov
Office of Enforcement
888 1st Street, N.E.
Washington, DC 20426
Telephone:      (202) 502-8100

Attorneys for FEDERAL ENERGY
REGULATORY COMMISSION

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulation and Order for the Protection and Exchange of Confidential Information ("Protective Order").  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery requests, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 11.4, below, that this Protective Order does not entitle them to file confidential information under seal; Eastern District of California Local Rules and relevant case law set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  The parties further acknowledge, as set forth in Section 13, below, that this Protective Order is subject to the Parties' reservations of rights that may be material to the extent of any protections provided herein, including relative to Non-Parties.

## 2.   DEFINITIONS

2.1   Challenging Party:  a Party that challenges the designation of information or items under this Protective Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that the Producing Party has determined, in good faith, contain or reflect confidential, non-public, proprietary, commercially sensitive, and/or private information of a Party or Non-Party that is not readily ascertainable through lawful means by the public or the Receiving Party or is subject to privacy protection under federal, state, or local law (including, but not limited to, social security numbers, financial information, birth dates, home addresses, and medical information).  Materials previously submitted in connection with any

related investigation, for which a Party has requested confidential treatment, including pursuant to

18 C.F.R. §§ 1b.19, 1b.20, or 388.112, may be designated as CONFIDENTIAL if they meet the

definition of CONFIDENTIAL Information or Items set forth above.  Such designations will be

subject to the procedures set forth in Section 5 of this Protective Order.  The Parties may also

designate transcripts of testimony already taken as CONFIDENTIAL if they meet the definition of

CONFIDENTIAL Information or Items set forth above.  Such designations also will be subject to

the procedures set forth in Section 5 of this Protective Order.

      2.3    <u>Counsel</u>:  attorneys employed or retained by a Party to perform legal functions,

and their support staff.

      2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or tangible

things that it produces in disclosures or in responses to discovery requests as "CONFIDENTIAL."

      2.5    <u>Disclosure or Discovery Material</u>:  all documents and electronically stored

information, the information contained therein, and all other information or tangible things

produced or disclosed during discovery, regardless of the medium or manner in which it is

generated, stored, or maintained (including, among other things, testimony, transcripts, discovery

responses, and tangible things), that are produced or contained in disclosures or responses to

discovery requests in this matter.

      2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

the litigation, including his or her employees and support personnel (including firms and their

employees whose normal business includes the provision of support services to expert witnesses),

who has been retained by a Party or its counsel to serve as an expert witness, a non-testifying

expert, or as a consultant in this action, including, but not limited to, professional jury or trial

consultants.

      2.7    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal

entity not named as a Party.

      2.8    <u>Party</u>:  any party to this action, including its officers, directors, and employees.

2

1      2.9      <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

2 Material in this action.

3      2.10     <u>Professional Vendors</u>:  persons or entities that provide litigation support services

4 (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

5 storing, or retrieving, and reviewing data in any form or medium) and their employees and

6 subcontractors.

7      2.11     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

8 "CONFIDENTIAL."

9      2.12     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

10 Producing Party.

11 **3.     <u>SCOPE</u>**

12      The protections conferred by this Protective Order cover not only Protected Material (as

13 defined above), but also:

14      (a)     any information copied or extracted from Protected Material;

15      (b)     all copies, excerpts, summaries, or compilations of Protected Material; and

16      (c)     any testimony, conversations, or presentations by Parties or their Counsel, but only

17 to the extent that such materials reveal Protected Material.  However, the protections conferred by

18 this Protective Order do not cover the following information: (i) any information that is in the

19 public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

20 after its disclosure to a Receiving Party as a result of publication not involving a violation of this

21 Protective Order, including becoming part of the public record through trial or otherwise; and

22 (ii) any information known to the Receiving Party prior to the disclosure or obtained by the

23 Receiving Party after the disclosure from a source who obtained the information lawfully and

24 under no obligation of confidentiality to the Designating Party; and (iii) any information that

25 lawfully has been made public as a result of FERC's administrative or court proceedings against

26 Barclays.  Any use of Protected Material at trial shall be governed by a separate agreement or

27 order.

28

3

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.     DESIGNATING PROTECTED MATERIAL**

4.1     Designating Bulk Disclosure or Discovery Material for Protection.  In order to expedite production of Disclosure or Discovery Material, a Designating Party may, at its sole option, but is not required to, produce Disclosure or Discovery Material without a detailed determination that all such material qualifies as CONFIDENTIAL Information or Items.  In doing so, the Designating Party may designate the entire collection of such Disclosure or Discovery Material—including, but not limited to, documents, reproductions, e-mails, or other electronically stored information—as "CONFIDENTIAL," notwithstanding that some of the Disclosure or Discovery Material within the collection may not qualify for such designation.  The Receiving Party may at any time, when it has a good faith basis for believing that one or more particular documents or other material do not qualify as CONFIDENTIAL Information or Items, challenge the designation of those documents or material on the grounds that it or they does not or do not qualify for protection.  If the Designating Party agrees, it must promptly notify the Receiving Party that it is withdrawing or changing the designation.  Absent agreement, the parties may seek relief from the Court as provided herein.

4.2     Manner and Timing of Designations.  Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of Section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

4

1    (a)    for information in documentary form (*e.g.*, paper or electronic documents, but

2  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party:

3  (1) affix a legend indicating the material is "CONFIDENTIAL" to each document that contains

4  Protected Material; (2) affix a stamp with "CONFIDENTIAL" on the medium on which the

5  electronic data is stored when copies are delivered to a Receiving Party; or (3) designate the

6  production as "CONFIDENTIAL" in the transmittal cover letter.

7    A Party or Non-Party that makes original documents or materials available for inspection

8  need not designate them for protection until after the inspecting Party has indicated which material

9  it would like copied and produced.  During the inspection and before the designation, all of the

10  material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting

11  Party has identified the documents it wants copied and produced, the Producing Party must

12  determine which documents qualify for protection under this Protective Order.  Then, before

13  producing the specified documents, the Producing Party must affix to each document that contains

14  Protected Material the legend "CONFIDENTIAL."

15    (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the

16  Designating Party identify, within 30 days following receipt of the final written transcript of the

17  deposition, hearing, or other proceeding, the specific portions of the testimony as to which

18  protection is sought.  Only those portions of the testimony that are appropriately designated for

19  protection within the 30 days following receipt of the final written transcript shall be covered by

20  the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the

21  deposition or up to 30 days following receipt of the final written transcript, that the entire transcript

22  shall be treated as "CONFIDENTIAL," provided there is a good faith basis for doing so.

23    Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or

24  other proceeding to include Protected Material so that the other parties can ensure that only

25  authorized individuals, as described in Section 6.2, are present at those proceedings.  The use of a

26  document as an exhibit at a deposition shall not in any way affect its designation as

27  "CONFIDENTIAL."

28

Transcripts containing Protected Material shall have an obvious legend on the title page indicating that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary, for any other tangible items, and for reproductions of previously produced material, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored, or on an appropriate transmittal cover letter accompanying the information, the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3     Inadvertent Failures to Designate.  If a Producing Party discovers that it produced material that should have been, but was not, designated as Protected Material, the Producing Party must promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation.  Thereafter, the material so designated shall be treated as Protected Material in conformity with the new designation.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Producing Party's right to secure protection under this Protective Order for such material.  If material is designated "CONFIDENTIAL" after the material was initially produced, each

6

Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**5.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1      <u>Meet and Confer</u>.  If a Party elects to challenge a Designating Party's designation of material as "CONFIDENTIAL," it must do so in good faith and must initiate the dispute resolution process by providing written notice of its challenge and identifying the challenged material with as much specificity as reasonably practicable, including, for example, by production number, and by basis for the challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the Designating Party's receipt of the notice, unless otherwise agreed.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to consult with Non-Parties in the case of confidential information of Non-Parties, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a reasonably timely manner.

5.2      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge during the meet and confer process set forth in Section 5.1, above, the Challenging Party may seek relief from the Court in accordance with its rules and procedures.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties)

7

1 may expose the Challenging Party to sanctions.  Failure by the Challenging Party to make such a

2 timely motion including the required declaration shall automatically waive its right to challenge the

3 confidentiality designation.

4        Until the Court rules on the dispute, all parties shall continue to afford the material in

5 question the protection to which it is entitled under the Designating Party's designation.  In the

6 event that the final ruling is that the challenged material's designation should be changed, the

7 Designating Party shall reproduce copies of all materials with their designations removed or

8 changed in accordance with the ruling within 15 business days of the ruling.

9 **6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

10       6.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed

11 or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

12 defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

13 the categories of persons and under the conditions described in this Protective Order.  When the

14 litigation has been terminated, a Receiving Party must comply with the provisions of Section 12

15 below.

16       Protected Material must be stored and maintained by a Receiving Party at a location and in

17 a secure manner that ensures that access is limited to the persons authorized under this Protective

18 Order.  For purposes of this Protective Order, a secure website, or other internet-based document

19 depository with adequate security, shall be deemed a secure location.

20       6.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

21 ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

22 disclose any information or item designated "CONFIDENTIAL" only to:

23       (a)      Parties;[1]

24 _____

25 [1]      For purposes of disclosure of Protected Material produced by market participants other than
Barclays Bank PLC ("Barclays"), Barclays' outside counsel shall provide notice to, and obtain the
26 written consent of, FERC or FERC Staff with respect to any Barclays employee to whom such
material will be disclosed in whole, part, or summary form.  Such consent, however, shall not be
27 withheld by FERC or FERC staff without good cause.  Notwithstanding the foregoing, Barclays'

*(cont'd)*

28

8

1    (b)    Counsel, as well as employees of Counsel to whom it is reasonably necessary to

2 disclose the information for prosecuting, defending, or attempting to settle this litigation;

3    (c)    Experts (as defined in this Protective Order) to whom disclosure is reasonably

4 necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

5 Bound" (Exhibit A); and provided further that any part of a report created by such Expert

6 incorporating Protected Material in whole or in part shall be designated appropriately by the Party

7 responsible for its creation; and provided further that Experts may not use Protected Material for

8 any purpose that does not relate to this action;

9    (d)    the Court and its personnel;

10    (e)    court reporters and/or videographers, their staffs, and Professional Vendors to whom

11 disclosure is reasonably necessary for this litigation;

12    (f)    the author or recipient of a document containing the information or a custodian or

13 other person who otherwise possessed or knew the information, was involved in matters described

14 therein, or is or was employed by the party that produced the information or document; provided,

15 however, that the disclosure is made for the purpose of advancing the disclosing party's claims or

16 defenses, and for no other purpose;

17    (g)    a witness who has been subpoenaed or noticed for deposition, trial testimony, or

18 other non-trial court proceeding in this action not otherwise authorized to view the Protected

19 Material in question, during that witness's testimony at such proceedings, or, if counsel has a good

20 faith belief that such witness has relevant information regarding the Protected Material, in

21 preparation for the same; provided that (i) the disclosure is made for the purpose of advancing the

22 disclosing party's claims or defenses, and for no other purpose; (ii) the witness is not permitted to

23 retain copies of the Protected Material after the witness is examined regarding the Protected

24 Material; and (iii) the witness is explicitly informed by Counsel for the Party seeking to use the

25 _____
*(cont'd from previous page)*

26 outside counsel may provide to attorneys employed by Barclays with responsibilities for this action
such summaries of information derived in whole or in part from Protected Material as necessary to

27 discharge those responsibilities.

28

STIPULATION AND [PROPOSED] ORDER FOR
THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order; and (iv) the witness signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A) or agrees on the record to be bound by the terms of this Protective Order, unless the Designating Party agrees to waive the requirement or the Court otherwise directs;

(h)      relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)      special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)      any other person agreed to by the Designating Party in writing; and

(k)      any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

## 7.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party who has Protected Material is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)      promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order, to the extent permitted by law;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

10

(c)     cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected, to afford the Designating Party the opportunity to challenge the subpoena or court order or to otherwise resolve disputes concerning the disclosure of such Protected Material, to afford the Designating Party the opportunity to challenge the subpoena or court order or to otherwise resolve disputes concerning the disclosure of such Protected Material.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or if such production is otherwise required by law. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.  Non-Parties are admonished to review this entire Protective Order, including Plaintiff's reservation of rights set forth in Section 13.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

11

this Protective Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    PROTECTION AND CLAWBACK OF PRIVILEGED, PRIVATE, OR OTHERWISE PROTECTED MATERIAL**

10.1    <u>Waiver</u>.  Pursuant to Federal Rule of Evidence 502(d), with respect to any documents produced in this action, the disclosure of documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, whether inadvertent or otherwise, is not a waiver of privilege or of protection from discovery in this case or in any other federal or state proceeding.

10.2    <u>Claiming Privilege or Protection</u>.  If a Producing Party inadvertently produces information or documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, it must notify any Receiving Party of the claim and the basis for it.  After being notified, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.  The Producing Party must preserve the information until the claim is resolved.

If a Receiving Party receives a document from a Producing Party which the Receiving Party has reason to believe contains information subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to have the document redacted, returned, or destroyed pursuant to this Protective Order, in which case, the procedures set forth in the prior paragraph shall apply.

STIPULATION AND [PROPOSED] ORDER FOR
THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

**11.   MISCELLANEOUS**

11.1   <u>Right to Advise Client</u>.  Nothing in this Protective Order shall prevent any Counsel from advising his or her client concerning this litigation and, in the course of providing such advice, from utilizing Protected Material, so long as he or she does not disclose its contents in a manner not otherwise authorized by this Protective Order.

11.2   <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.3   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.4   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Eastern District of California Local Rules.  Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Eastern District of California Local Rules is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

11.5   <u>Shipping Protected Material</u>.  When any Receiving Party ships any Protected Material to others designated in this Protective Order as authorized to receive Protected Material, the Receiving Party will encrypt any electronic data (if the Protected Material is in that format) and supply the password in separate correspondence to the recipient.  If the Protected Material is in hard copy/paper form, the Receiving Party will send the Protected Material using secure packaging tape via Federal Express, UPS, or by courier and retain a tracking number for the materials.  If the

13

Receiving Party learns at any time that Protected Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Protected Material.

## 12.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit written confirmation to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3.

## 13.    RESERVATION OF RIGHTS

Plaintiff does not intend, and nothing in this Protective Order shall be construed, to affect the Commission's rights or obligations under the Freedom of Information Act, the Federal Records Act, or other laws or regulations regarding  disclosure or retention of information. Nor does Plaintiff intend, and nothing in this Protective Order shall be construed, to extend any protections over information lawfully disclosed, previously or in the future, by FERC or OE staff, including pursuant to 18 C.F.R. §§ 1b.9, 1b.20, and 388.112 and *Barclays Bank PLC*, 141 FERC ¶ 61,084

14

1   (2012) (Order to Show Cause) at ¶ 4 ("The Commission authorizes OE staff to disclose

2   information obtained during the course of the investigation as necessary to advance this matter.").

3        Defendants reserve the right to dispute the application or controlling force of Plaintiff's

4   claimed rights, obligations, or authorities, if any, described in the previous paragraph.  Nothing

5   stated in or omitted from this Protective Order is intended, and nothing shall be construed, to waive

6   or limit any rights Defendants' have to object on any grounds to the exercise of these claimed

7   rights, obligations, or authorities.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER FOR
THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

IT IS SO STIPULATED, through Counsel of Record.

Submitted by:

DATED:  July 24, 2017

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:        */s/ Jack DiCanio*
      Jack DiCanio
      Attorneys for BARCLAYS BANK PLC

DATED:  July 24, 2017

WILMER CUTLER PICKERING HALE AND DORR LLP

By:     */s/ Seth Waxman (as authorized on July 24, 2017)*
      Seth P. Waxman
      Attorneys for BARCLAYS BANK PLC

DATED:  July 24, 2017

McGUIREWOODS LLP

By:     */s/ Todd Mullins (as authorized on July 24, 2017)*
      Todd Mullins
      Attorneys for DANIEL BRIN and SCOTT CONNELLY

DATED:  July 24, 2017

PAUL HASTINGS LLP

By:     */s/ Michael Spafford (as authorized on July 24, 2017)*
      Michael Spafford
      Attorneys for KAREN LEVINE and RYAN   SMITH

DATED:  July 24, 2017

FEDERAL ENERGY REGULATORY COMMISSION

By:     */s/ Mark Koehn (as authorized on July 24, 2017)*
      Mark Koehn
      Attorneys for FEDERAL ENERGY REGULATORY COMMISSION

16

SO ORDERED.

DATED: _____          _____
             Sacramento, California                    THE HONORABLE TROY L. NUNLEY
                                                       UNITED STATES DISTRICT JUDGE

17

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have received and read in its

entirety a copy of the attached Protective Order that was issued by the United States District Court

for the Eastern District of California on _____ in the case of *FERC v.*

*Barclays Bank PLC*, 2:13-cv-02093-TLN-DB (E.D. Cal.).  I agree to comply with and to be bound

by all the terms of this Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any Non-Party except in strict compliance with the provisions of this Protective

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Protective Order, even

if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____